UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SHELBY and GLENDA M. SHELBY,<br><br>                    Plaintiffs,<br><br>          v.<br><br>OCWEN LOAN SERVICING, LLC, a limited liability company, et al.,<br><br>                    Defendant. | No. 2:14-cv-02844-TLN-DAD<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR TRO** |

   This matter is before the Court on Plaintiffs Michael J. Shelby and Glenda M. Shelby's ("Plaintiffs") Application for Temporary Restraining Order (ECF No. 5). The Court has carefully considered Plaintiffs' briefing as well as the submitted declarations. For the reasons set forth below, Plaintiff's application is hereby GRANTED.

   **I.     FACTUAL BACKGROUND**

   Plaintiffs have been residing at their home together since 1991. (Compl, ECF No. 1 at ¶ 12.) Plaintiffs allege that they originally mortgaged the property in 1991 for $154,000.00. (Compl, ECF No. 1 at ¶ 12.) Plaintiffs further state that they have made mortgage payments and that Defendants have not credited those mortgage payments towards their loan. (Michael Shelby Decl., ECF No. 7 at ¶ 5; Glenda Shelby Decl., ECF No. 8 at ¶ 5.) Specifically, Plaintiffs state that

1  despite the fact they have been paying on their mortgage for 23 years, Defendants allege Plaintiffs
2  owe $163,453.17, which is more than the original amount of $154,000.00.  (Michael Shelby
3  Decl., ECF No. 7 at ¶ 5; Glenda Shelby Decl., ECF No. 8 at ¶ 5.)  Plaintiffs contend that they
4  have requested an accounting of their payments, and that Defendants never provided an accurate
5  accounting.  (Michael Shelby Decl., ECF No. 7 at ¶ 6; Glenda Shelby Decl., ECF No. 8 at ¶ 5.)
6  On or about February 19, 2002, Plaintiffs retained Certified Public Accountant John Cline to
7  assist them in determining the amount owed on the property.  (Michael Shelby Decl., ECF No. 7
8  at ¶ 6; Glenda Shelby Decl., ECF No. 8 at ¶ 6.)   Plaintiffs aver that Mr. Cline reported to them
9  that Defendants had provided inadequate and incomplete records of the activity on their mortgage
10 account and that Defendant's allegations of nonpayment on the Note could not be supported.
11 (Michael Shelby Decl., ECF No. 7 at ¶ 6; Glenda Shelby Decl., ECF No. 8 at ¶ 6.)

12         A trustee's sale was scheduled on the property for December 1, 2014.  Plaintiffs contend
13 that none of the default notices required by California Civ. Code § 2923.55 were ever provided by
14 Defendants prior to scheduling this sale.  (Michael Shelby Decl., ECF No. 7 at ¶¶ 5–9; Glenda
15 Shelby Decl., ECF No. 8 at ¶ 4.)  Plaintiffs filed a complaint in the Superior Court for San
16 Joaquin County on November 26, 2014.  (Compl, ECF No. 1 at 10.)  On November 27, 2014,
17 Plaintiffs applied for a TRO which was granted by the Honorable Roger Ross on December 1,
18 2014.  On December 5, 2014, Defendants removed this action to federal court.  (*See* ECF No. 1.)
19 Thus, the superior court hearing to determine whether Plaintiffs' application for preliminary
20 injunction was vacated due to the removal.  Plaintiffs filed an application for temporary
21 restraining order on December 18, 2014, requesting that this Court enjoin the sale scheduled for
22 December 22, 2014.  (ECF No. 5.)

23      **II.     LEGAL STANDARD**

24         Plaintiff seeks a temporary restraining order.  A temporary restraining order is an
25 extraordinary and temporary "fix" that the court may issue without notice to the adverse party if,
26 in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable
27 injury, loss, or damage will result to the movant before the adverse party can be heard in
28 opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose of a temporary restraining order is to

preserve the status quo pending a fuller hearing. *See* Fed. R. Civ. P. 65.  It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction.  Local Rule 231(a); *see also Aiello v. One West Bank*, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

Therefore, the party requesting injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).  Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), they are not immune from the Federal Rules of Civil Procedure.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  *Caribbean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after *Winter*).

**III.    ANALYSIS**

Plaintiffs have provided sworn statements alleging that Defendants have not credited them for payments made on their mortgage and that that none of the default notices required by California Civ. Code § 2923.55 were provided to them.  (Michael Shelby Decl., ECF No. 7 at ¶¶ 5–9; Glenda Shelby Decl., ECF No. 8 at ¶ 4.)

Here, the Court looks to the law at issue, California's Homeowners' Bill of Rights

("HBOR"), to determine whether the Plaintiff is likely to succeed on the merits.  HBOR provides that:

> (a) A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent may not record a notice of default pursuant to Section 2924 until all of the following:
>
> (1) The mortgage servicer has satisfied the requirements of paragraph (1) of subdivision (b).
>
> (2) Either 30 days after initial contact is made as required by paragraph (2) of subdivision (b) or 30 days after satisfying the due diligence requirements as described in subdivision (f).
>
> (3) The mortgage servicer complies with subdivision (c) of Section 2923.6, if the borrower has provided a complete application as defined in subdivision (h) of Section 2923.6.
>
> (b)(1) As specified in subdivision (a), a mortgage servicer shall send the following information in writing to the borrower:
>
> (A) A statement that if the borrower is a servicemember or a dependent of a servicemember, he or she may be entitled to certain protections under the federal Servicemembers Civil Relief Act (50 U.S.C. Appen. Sec. 501 et seq.) regarding the servicemember's interest rate and the risk of foreclosure, and counseling for covered servicemembers that is available at agencies such as Military OneSource and Armed Forces Legal Assistance.
>
> (B) A statement that the borrower may request the following:
>
> (i) A copy of the borrower's promissory note or other evidence of indebtedness.
>
> (ii) A copy of the borrower's deed of trust or mortgage.
>
> (iii) A copy of any assignment, if applicable, of the borrower's mortgage or deed of trust required to demonstrate the right of the mortgage servicer to foreclose.
>
> (iv) A copy of the borrower's payment history since the borrower was last less than 60 days past due.
>
> (2) A mortgage servicer shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgage servicer shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgage servicer shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of

> Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically. Under these facts, and as set forth in the California law quoted above, the Defendant banks' actions are clearly violative of the California Homeowners' Bill of Rights.

Cal. Civ. Code § 2923.55 (2014). Plaintiffs declare that Defendants have not complied with these requirements. Accepting these allegations as true, and pursuant to the California law quoted above, the Defendants actions are clearly violative of HBOR. Thus, Plaintiffs have shown a likelihood of success on the merits. As to the second prong, Plaintiffs are likely to suffer irreparable harm in the absence of preliminary relief, because they will be evicted from their home. Additionally, the third factor—the balance of equities—tips in Plaintiffs' favor should they be able to substantiate their claims. Finally the fourth factor, that the injunction is in the public interest, weighs in favor of granting Plaintiff's application because it is in the public's interest to ensure that U.S. citizens are not wrongfully foreclosed upon when they have satisfied their mortgage obligations.

**IV.   CONCLUSION**

For the above reasons, Plaintiffs' Application for Temporary Restraining Order (ECF No. 5) is GRANTED. Defendants are hereby restrained and enjoined from engaging in any purchase, sale, transfer, or other encroachments in the title property located at 1760 New Horizons Drive, Manteca California, 95336, County of San Joaquin, State of California. This order specifically applies to the trustee's sale scheduled for December 22, 2014. The temporary restraining order shall stay in effect until a determination is made as to whether a preliminary injunctive relief is appropriate. Accordingly, Plaintiff is hereby ordered to file any motions concerning preliminary injunctive relief within the next 30 days. Should Plaintiff fail to file a motion for injunctive relief within 30 days, the temporary restraining order will be lifted.

IT IS SO ORDERED.

Dated:  December 19, 2014

Troy L. Nunley
United States District Judge

5