WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq. (SBN 167280)
Lukasz I. Wozniak, Esq. (SBN 246329)
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 477-9200
Email: lwozniak@wrightlegal.net

Attorneys for Defendants,
OCWEN LOAN SERVICING, LLC and WESTERN PROGRESSIVE, LLC

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

MICHAEL J. SHELBY, GLENDA M. SHELBY,

Plaintiffs,

vs.

OCWEN LOAN SERVICING, LLC, a limited liability company, WESTERN PROGRESSIVE, LLC, a limited liability company, GREAT WESTERN BANK, a corporation, and all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the Properties adverse to Plaintiff's title to the Properties; and Does 1 through 100, inclusive

Defendants.

Case No.: 2:14-cv-02844-TLN-DAD

Assigned to: Hon. Troy L. Nunley

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Date: February 26, 2015
Time: 2:00 p.m.
Ctrm: 2 – 15th Floor

Complaint filed on: 11/26/14
Trial date: None

**TO THE COURT, TO ALL PARTIES, AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Defendant OCWEN LOAN SERVICING, LLC (**"Defendant"**) requests that the Court take judicial notice of the following documents in connection with its

Opposition to Plaintiffs' Motion for Preliminary Injunction filed concurrently herewith:

1. Voluntary Chapter 13 Bankruptcy Petition, U.S. Bankruptcy Court for the Northern District of California, Case No. 08-31440 filed on August 4, 2008. True and correct copy of the petition is attached hereto as **Exhibit "A."**

2. Schedules to the Chapter 13 Bankruptcy Petition filed in the U.S. Bankruptcy Court, Case No. 08-31440 on January 30, 2009. True and correct copy of which is attached hereto as **Exhibit "B."**

3. U.S. Bankruptcy Court, Northern District of California Docket printed on February 2, 2015. True and correct copy of the court docket is attached hereto as **Exhibit "C."**

4. Voluntary Chapter 13 Bankruptcy Petition filed in the U.S. Bankruptcy Court, Case No. 10-34264 on October 27, 2010. True and correct copy of which is attached hereto as **Exhibit "D."**

5. Proof of Claim filed on April 13, 2011 in the U.S. Bankruptcy Court, Northern District of California, Case No. 10-34264. True and correct copy of proof of claim is attached hereto as **Exhibit "E."**

6. Fourth Amended Chapter 13 Plan filed in the U.S. Bankruptcy Court, Northern District of California on November 30, 2011; Case No. 10-34264. True and correct copy of the plan is attached hereto as **Exhibit "F."**

7. Order Confirming Chapter 13 Plan and Order Approving Attorney Fees and Notice filed in the U.S. Bankruptcy Court, Northern District of California on February 23, 2012; Case No. 10-34264. True and correct copy of which is attached hereto as **Exhibit "G."**

8. Motion for Relief from the Automatic Stay filed in the U.S. Bankruptcy Court, Northern District of California on June 18, 2012; Case No. 10-34264. True and correct copy of the motion is attached hereto as **Exhibit "H."**

9.  Order Vacating Automatic Stay granted and filed in the U.S. Bankruptcy Court, Northern District of California on January 15, 2013; Case No. 10-34264. True and correct copy of the Order is attached hereto as **Exhibit "I."**

10.  Order Dismissing Chapter 13 Case and Notice filed in the U.S. Bankruptcy Court, Northern District of California on March 25, 2013; Case No.10-34264.  True and correct copy of the Order is attached hereto as **Exhibit "J."**

11.  U.S. Bankruptcy Court, Northern District of California Docket printed on January 21, 2015.  True and correct copy of the court docket is attached hereto as **Exhibit "K."**

12.  Assignment of Deed of Trust recorded in the Official Records of the San Joaquin County on February 29, 2012 as instrument number 2012-024466, a true and correct copy of which is attached hereto as **Exhibit "L."**

13.  Substitution of Trustee recorded in the Official Records of the San Joaquin County on November 6, 2013 as instrument number 2013-139098, a true and correct copy of which is attached hereto as **Exhibit "M."**

14.  Notice of Default and Election to Sell Under Deed of Trust recorded in the Official Records of the San Joaquin County on December 2, 2103 as instrument number 2013-147980, a true and correct copy of which is attached hereto as **Exhibit "N."**

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: February 11, 2015          By:    /s/ Lukasz I. Wozniak
                                         T. Robert Finlay, Esq.,
                                         Lukasz I. Wozniak, Esq.,
                                         Attorneys for Defendants,
                                         OCWEN LOAN SERVICING, LLC
                                         and WESTERN PROGRESSIVE,
                                         LLC

# EXHIBIT "A"

B1 (Official Form 1) (1/08)

# United States Bankruptcy Court
# Northern District of California

## Voluntary Petition

| Debtor | Joint Debtor (Spouse) |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle): **Shelby, Michael J** | Name of Joint Debtor (Spouse) (Last, First, Middle): **Shelby, Michael J** |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **8837** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code): **1029 Laguna Ave. Burlingame, CA** ZIPCODE **94010** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): ZIPCODE |
| County of Residence or of the Principal Place of Business: **San Mateo** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address) ZIPCODE | Mailing Address of Joint Debtor (if different from street address): ZIPCODE |

Location of Principal Assets of Business Debtor (if different from street address above):

ZIPCODE

**Type of Debtor**
(Form of Organization)
(Check **one** box.)

- [x] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check **one** box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)

- [ ] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [x] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- [x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [ ] Debts are primarily business debts.

**Filing Fee** (Check one box)

- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

**Check one box:**

- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**

- [ ] Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2,190,000.

**Check all applicable boxes:**

- [ ] A plan is being filed with this petition
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Shelby, Michael J** | |
|---|---|---|
| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
| Location<br>Where Filed: **None** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.

X ***/s/ Gary R Brenner*** **8/01/08**

Signature of Attorney for Debtor(s) Date

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

**Information Regarding the Debtor - Venue**

(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**

(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

(Name of landlord or lessor that obtained judgment)

(Address of landlord or lessor)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**Voluntary Petition**
*(This page must be completed and filed in every case)*

Name of Debtor(s):
**Shelby, Michael J**

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X */s/ Michael J Shelby*
Signature of Debtor **Michael J Shelby**

X ______________________
Signature of Joint Debtor

______________________
Telephone Number (If not represented by attorney)

**August 1, 2008**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.
(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X ______________________
Signature of Foreign Representative

______________________
Printed Name of Foreign Representative

______________________
Date

### Signature of Attorney*

X */s/ Gary R Brenner*
Signature of Attorney for Debtor(s)

**Gary R Brenner 79446**
Printed Name of Attorney for Debtor(s)

**Gary R. Brenner**
Firm Name

**630 North San Mateo Drive**
Address

**San Mateo, CA 94401**

**(650) 348-2044**
Telephone Number

**August 1, 2008**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

______________________
Printed Name and title, if any, of Bankruptcy Petition Preparer

______________________
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

______________________
Address

______________________

X ______________________
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

______________________
Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ______________________
Signature of Authorized Individual

______________________
Printed Name of Authorized Individual

______________________
Title of Authorized Individual

______________________
Date

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Official Form 1, Exhibit D (10/06)

**United States Bankruptcy Court**
**Northern District of California**

**IN RE:** Case No. ______

**Shelby, Michael J** Chapter **13**

Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☐ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]*

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

- ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
- ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
- ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

I certify under penalty of perjury that the information provided above is true and correct.

Signature of Debtor: ***/s/ Michael J Shelby***

Date: **August 1, 2008**

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6 Summary (Form 6 - Summary) (12/07)

**United States Bankruptcy Court**
**Northern District of California**

**IN RE:** Case No. ____________

**Shelby, Michael J** Chapter **13**

Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 2,195,000.00 | | |
| B - Personal Property | Yes | 3 | $ 19,450.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $ 1,173,560.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $ 0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 12,641.60 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | $ 8,134.00 |
| | TOTAL | 14 | $ 2,214,450.00 | $ 1,173,560.00 | |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Form 6 - Statistical Summary (12/07)

**United States Bankruptcy Court**
**Northern District of California**

**IN RE:** Case No. ______

Shelby, Michael J Chapter 13
Debtor(s)

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| **Type of Liability** | **Amount** |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| **TOTAL** | $ 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 12,641.60 |
| Average Expenses (from Schedule J, Line 18) | $ 8,134.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ 7,954.65 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4. Total from Schedule F | | $ 0.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 0.00 |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6A (Official Form 6A) (12/07)

IN RE Shelby, Michael J Debtor(s) Case No. (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Land located at 222 the Alameda, Manteca, CA | | | 145,000.00 | 101,400.00 |
| Rental Real Porperty located at 170 New Horizon Dr, Manteca, CA | | | 550,000.00 | 287,850.00 |
| Residential Real Property located at 1029 Laguna Avenue, Burlingame, CA 94010 | | | 1,500,000.00 | 784,310.00 |
| | | TOTAL | 2,195,000.00 | |

(Report also on Summary of Schedules)

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07)

IN RE Shelby, Michael J Case No. ______________
Debtor(s) (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | cash on hand | | 350.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking account with United Health CU | H | 3,400.00 |
| | | checking account with United Health CU | W | 1,500.00 |
| | | Savings with United Health CU | W | 400.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | Household goods | | 2,500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Books, Art, Music | | 1,500.00 |
| 6. Wearing apparel. | | clothing | | 500.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

IN RE Shelby, Michael J Case No. ______
Debtor(s) (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Judgment against EMC** | | **3,400.00** |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1997 Toyota Tacoma** | | **4,500.00** |
| | | **2003 Ford Focus** | | **1,400.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

IN RE Shelby, Michael J Case No. ______________
Debtor(s) (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | TOTAL | 19,450.00 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

0 continuation sheets attached

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6C (Official Form 6C) (12/07)

IN RE **Shelby, Michael J** Debtor(s) Case No. (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under: (Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $136,875.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE A - REAL PROPERTY** | | | |
| **Residential Real Property located at 1029 Laguna Avenue, Burlingame, CA 94010** | **CCCP § 704.730(a)(2)** | **75,000.00** | **1,500,000.00** |
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **Household goods** | **CCCP § 704.020** | **2,500.00** | **2,500.00** |
| **Books, Art, Music** | **CCCP § 704.020** | **1,500.00** | **1,500.00** |
| **clothing** | **CCCP § 704.020** | **500.00** | **500.00** |
| **Judgment against EMC** | **CCCP §§ 704.140(a), 704.150(a)** | **3,400.00** | **3,400.00** |
| **1997 Toyota Tacoma** | **CCCP § 704.010** | **2,550.00** | **4,500.00** |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6D (Official Form 6D) (12/07)

IN RE **Shelby, Michael J** Case No. ____________
Debtor(s) (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H– Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **071901H**<br>**California Home Loans**<br>**1680 The Alameda**<br>**San Jose, CA 95126** | | | **Second Mortgage on residential real property located at 1029 Laguna Ave, Burlingame, CA**<br>VALUE $ **1,500,000.00** | | | | **277,850.00** | |
| ACCOUNT NO. **207-067**<br>**Diversifed Loan**<br>**257 E. Campbell #3**<br>**Campbell, CA 95008** | | | **land in San Joaquin county**<br>VALUE $ **145,000.00** | | | | **101,400.00** | |
| ACCOUNT NO. **0009966177**<br>**EMC Mortgage**<br>**P.O. Box 293150**<br>**Louisville, TX 75029-3150** | | | **residential real estate first mortgage**<br>VALUE $ **1,500,000.00** | | | | **506,460.00** | |
| ACCOUNT NO. **2678050**<br>**Ocwen Loan Servicing**<br>**P.O. Box 785057**<br>**Orlando, FL 32878** | | | **first Mortgage on rreal property located at 1760 New Horizon Drive, Manteca, CA**<br>VALUE $ **550,000.00** | | | | **107,850.00** | |
| **1** continuation sheets attached | | | | | | Subtotal (Total of this page) | $ **993,560.00** | $ |
| | | | | | | Total (Use only on last page) | $ | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6D (Official Form 6D) (12/07) - Cont.

IN RE **Shelby, Michael J** Case No. ______________
Debtor(s) (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **051906**<br>**Pramod Parekh, Chandra Parekh, Sharad Shah, J B Shah, J J Shah**<br>**123 Sunset**<br>**Sunnyvale, CA 94086** | | | **2nd loan rental property located at 1760 New Horizon Drive, Manteca, CA**<br>VALUE $ **550,000.00** | | | | **180,000.00** | |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| Sheet no. **1** of **1** continuation sheets attached to Schedule of Creditors Holding Secured Claims | | | Subtotal (Total of this page) | | | | $ **180,000.00** | $ |
| | | | Total (Use only on last page) | | | | $ **1,173,560.00** | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (12/07)

IN RE Shelby, Michael J Debtor(s) Case No. (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

0 continuation sheets attached

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07)

IN RE Shelby, Michael J Case No. ____________
Debtor(s) (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

0 continuation sheets attached

| | |
|---|---|
| Subtotal (Total of this page) | $ |
| Total (Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6G (Official Form 6G) (12/07)

IN RE Shelby, Michael J Debtor(s) Case No. (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| | |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6H (Official Form 6H) (12/07)

IN RE Shelby, Michael J Case No. (If known)

Debtor(s)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Shelby, Michael J** | **(nondebtor spouse)** |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6I (Official Form 6I) (12/07)

IN RE **Shelby, Michael J** Debtor(s) Case No. ______ (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |
| **Single** | | |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Carpenter** | **Medical Clerk** |
| Name of Employer | **Self Employed** | **Mills-Peninsula Hospital** |
| How long employed | | **34 Years** |
| Address of Employer | **1029 Laguna Ave,<br>Burlingame, CA 94010** | **1720 El Camino Real<br>Burlingame, CA 94010** |

| **INCOME:** (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ **500.00** | $ **8,333.61** |
| 2. Estimated monthly overtime | $ | $ |
| **3. SUBTOTAL** | $ **500.00** | $ **8,333.61** |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and Social Security | $ | $ **1,009.58** |
| b. Insurance | $ | $ **182.43** |
| c. Union dues | $ | $ |
| d. Other (specify) | $ | $ |
| | $ | $ |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $ **0.00** | $ **1,192.01** |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $ **500.00** | $ **7,141.60** |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | $ |
| 8. Income from real property | $ | $ |
| 9. Interest and dividends | $ | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | $ |
| 11. Social Security or other government assistance (Specify) | $ | $ |
| | $ | $ |
| 12. Pension or retirement income | $ | $ |
| 13. Other monthly income (Specify) **Rental Income** | $ **5,000.00** | $ |
| | $ | $ |
| | $ | $ |
| **14. SUBTOTAL OF LINES 7 THROUGH 13** | $ **5,000.00** | $ |
| **15. AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | $ **5,500.00** | $ **7,141.60** |

**16. COMBINED AVERAGE MONTHLY INCOME:** (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) $ **12,641.60**

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6J (Official Form 6J) (12/07)

IN RE **Shelby, Michael J** Debtor(s) Case No. ____ (If known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| Item | Amount |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ **3,047.00** |
| a. Are real estate taxes included? Yes ____ No ✓ | |
| b. Is property insurance included? Yes ____ No ✓ | |
| 2. Utilities: | |
| a. Electricity and heating fuel | $ **100.00** |
| b. Water and sewer | $ **30.00** |
| c. Telephone | $ **75.00** |
| d. Other **Cable** | $ **49.00** |
| | $ |
| 3. Home maintenance (repairs and upkeep) | $ |
| 4. Food | $ **400.00** |
| 5. Clothing | $ **80.00** |
| 6. Laundry and dry cleaning | $ **40.00** |
| 7. Medical and dental expenses | $ **50.00** |
| 8. Transportation (not including car payments) | $ **460.00** |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ **100.00** |
| 10. Charitable contributions | $ **75.00** |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
| a. Homeowner's or renter's | $ **137.00** |
| b. Life | $ **40.00** |
| c. Health | $ |
| d. Auto | $ **102.00** |
| e. Other | $ |
| | $ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) **Proerty Tax Accrual** | $ **368.00** |
| | $ |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | |
| a. Auto | $ |
| b. Other | $ |
| | $ |
| 14. Alimony, maintenance, and support paid to others | $ |
| 15. Payments for support of additional dependents not living at your home | $ |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ |
| 17. Other **Incidentals, Haircuts/Hygiene** | $ **100.00** |
| **Mortgage And Upkeep For Manteca Rental Property** | $ **2,681.00** |
| **Tobacco** | $ **200.00** |
| **18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data. | $ **8,134.00** |

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**

| Item | Amount |
|---|---|
| a. Average monthly income from Line 15 of Schedule I | $ **12,641.60** |
| b. Average monthly expenses from Line 18 above | $ **8,134.00** |
| c. Monthly net income (a. minus b.) | $ **4,507.60** |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Shelby, Michael J Case No.
Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

**Continuation Sheet - Page 1 of 1**

| | |
|---|---|
| 1048.00 | first mortgage |
| 1350.00 | second mortgage |
| 175.00 | property tax |
| 108.00 | insurance |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6 Declaration (Official Form 6 - Declaration) (12/07)

IN RE **Shelby, Michael J** Case No. ______________
Debtor(s) (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **16** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: **August 1, 2008** Signature: ***/s/ Michael J Shelby***
**Michael J Shelby** Debtor

Date: ______________ Signature: ______________
(Joint Debtor, if any)
[If joint case, both spouses must sign.]

---

## DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

Address

Signature of Bankruptcy Petition Preparer Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the ______________ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the ______________ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ______ sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: ______________ Signature: ______________

(Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**
**Northern District of California**

**IN RE:** Case No. ____________________

**Shelby, Michael J** Chapter **13**

Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**1. Income from employment or operation of business**

None ☐ State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **41,840.00** | **spouse income from employment 2006** |
| **0.00** | **spouse income from employment 2007 - unknown** |
| **17,527.00** | **spouse income from employment 2008 year to date** |
| **0.00** | **Debtor income from part time work 2006** |
| **0.00** | **Debtor income from part time work 2007** |
| **0.00** | **Debtor income from parttime work 2008 year to date** |

**2. Income other than from employment or operation of business**

None ☐ State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **8,500.00** | **Debtor income from rental property 2006** |
| **15,000.00** | **Debtor income from rental property 2007** |
| **35,000.00** | **income from rental property 2008 year to date** |
| **0.00** | **disability income spouse 2006** |
| **0.00** | **Disability income spouse 2007** |

**8,161.00 disability income spouse 2008 year to date**

**3. Payments to creditors**

***Complete a. or b., as appropriate, and c.***

None ☑ *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☑ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**5. Repossessions, foreclosures and returns**

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**6. Assignments and receiverships**

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**8. Losses**

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Gary R. Brenner**<br>**630 North San Mateo Drive**<br>**San Mateo, CA 94401** | **7/29/08** | **1,000.00** |

**10. Other transfers**

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**16. Spouses and Former Spouses**

None ☐ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME
**Current spouse - Glenda M. Shelby**

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None ☑ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: **August 1, 2008** Signature of Debtor ***/s/ Michael J Shelby***
**Michael J Shelby**

Date: ______ Signature of Joint Debtor (if any) ______

**0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 152 and 3571.*

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**
**Northern District of California**

IN RE: Case No. ______

**Shelby, Michael J** Chapter **13**

Debtor(s)

## CREDITOR MATRIX COVER SHEET

I declare that the attached Creditor Mailing Matrix, consisting of **1** sheets, contains the correct, complete and current names and addresses of all priority, secured and unsecured creditors listed in debtor's filing and that this matrix conforms with the Clerk's promulgated requirements.

DATED: **August 1, 2008**

***/s/ Gary R Brenner***
Signature of Debtor's Attorney or Pro Per Debtor

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

California Home Loans
1680 The Alameda
San Jose, CA  95126


Diversifed Loan
257 E. Campbell #3
Campbell, CA  95008


EMC Mortgage
P.O. Box 293150
Louisville, TX  75029-3150


Ocwen Loan Servicing
P.O. Box 785057
Orlando, FL  32878


Pramod Parekh, Chandra Parekh,
Sharad Shah, J B Shah, J J Shah
123 Sunset
Sunnyvale, CA  94086

**United States Bankruptcy Court**
**Northern District of California**

**IN RE:** Case No. ______

**Shelby, Michael J** Chapter **13**

Debtor(s)

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept . . . . . $ **4,650.00**

Prior to the filing of this statement I have received . . . . . $ **1,000.00**

Balance Due . . . . . $ **3,650.00**

2. The source of the compensation paid to me was: ☑ Debtor ☐ Other (specify):

3. The source of compensation to be paid to me is: ☑ Debtor ☐ Other (specify):

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters~~;
   e. [Other provisions as needed]

6. By agreement with the debtor(s), the above disclosed fee does not include the following services:

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**August 1, 2008** — Date

***/s/ Gary R Brenner*** — Signature of Attorney

**Gary R. Brenner** — Name of Law Firm

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**UNITED STATES BANKRUPTCY COURT**

**NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b) OF THE BANKRUPTCY CODE**

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

**1. Services Available from Credit Counseling Agencies**

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in instalments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them,

using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

**Certificate of [Non-Attorney] Bankruptcy Petition Preparer**

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

Printed Name and title, if any, of Bankruptcy Petition Preparer
Address:

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

X

Signature of Bankruptcy Petition Preparer of officer, principal, responsible person, or partner whose Social Security number is provided above.

**Certificate of the Debtor**

I (We), the debtor(s), affirm that I (we) have received and read this notice.

**Shelby, Michael J**
Printed Name(s) of Debtor(s)

X ***/s/ Michael J Shelby*** **8/01/2008**
Signature of Debtor Date

Case No. (if known)

X
Signature of Joint Debtor (if any) Date

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# EXHIBIT "B"

B6A (Official Form 6A) (12/07)

In re **Michael Jarriett Shelby**, Debtor

Case No. **08-31440**

# SCHEDULE A - REAL PROPERTY - AMENDED

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **single family residence located at 1029 Laguna Ave., Burlingame, CA** | **fee** | **J** | **750,000.00** | **784,310.00** |
| **triplex located at 1760 New Horizon Dr., Manteca, CA** | **fee** | **J** | **275,000.00** | **287,850.00** |
| **land located at 222 The Alameda. Manteca, CA** | **fee** | **J** | **145,000.00** | **101,400.00** |

Sub-Total > **1,170,000.00** (Total of this page)

Total > **1,170,000.00**

(Report also on Summary of Schedules)

**0** continuation sheets attached to the Schedule of Real Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re **Michael Jarriett Shelby**, Debtor    Case No. **08-31440**

# SCHEDULE B - PERSONAL PROPERTY - AMENDED

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **cash on hand** | **C** | **350.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **checking account, joint with spouse, Glenda Shelby at United Health CU** | **C** | **3,400.00** |
| | | **checking acount at United Health CU** | **C** | **1,500.00** |
| | | **savings account at United Health CU** | **C** | **400.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | **X** | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **household goods** | **C** | **2,500.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **books, art, music** | **C** | **1,500.00** |
| 6. Wearing apparel. | | **clothing** | **C** | **500.00** |
| 7. Furs and jewelry. | **X** | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | **X** | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | **X** | | | |
| 10. Annuities. Itemize and name each issuer. | **X** | | | |

Sub-Total > **10,150.00**
(Total of this page)

**2** continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re **Michael Jarriett Shelby**, Debtor     Case No. **08-31440**

# SCHEDULE B - PERSONAL PROPERTY - AMENDED

(Continuation Sheet)

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total > **0.00**
(Total of this page)

Sheet **1** of **2** continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re **Michael Jarriett Shelby**, Debtor    Case No. **08-31440**

# SCHEDULE B - PERSONAL PROPERTY - AMENDED

(Continuation Sheet)

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1997 Toyota Tacoma** | **C** | **1,400.00** |
| | | **2003 Ford Focus** | **C** | **4,500.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total > **5,900.00**
(Total of this page)

Total > **16,050.00**

(Report also on Summary of Schedules)

Sheet **2** of **2** continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

B6C (Official Form 6C) (12/07)

In re **Michael Jarriett Shelby**, Debtor Case No. **08-31440**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

■ Check if debtor claims a homestead exemption that exceeds $136,875.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property**<br>**single family residence located at 1029 Laguna Ave., Burlingame, CA** | **C.C.P. § 704.730** | **150,000.00** | **1,500,000.00** |
| **Household Goods and Furnishings**<br>**household goods** | **C.C.P. § 704.020** | **2,500.00** | **2,500.00** |
| **Books, Pictures and Other Art Objects; Collectibles**<br>**books, art, music** | **C.C.P. § 704.040** | **1,500.00** | **1,500.00** |
| **Wearing Apparel**<br>**clothing** | **C.C.P. § 704.020** | **500.00** | **500.00** |
| **Automobiles, Trucks, Trailers, and Other Vehicles**<br>**2003 Ford Focus** | **C.C.P. § 704.010** | **2,550.00** | **4,500.00** |
| | Total: | **157,050.00** | **1,509,000.00** |

**0** continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re **Michael Jarriett Shelby**, Debtor

Case No. **08-31440**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS - AMENDED

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H W J C) | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xx1901H**<br>**California Home Loans**<br>**1680 The Alameda**<br>**San Jose, CA 95126** | X | J | **second deed of trust**<br>**single family residence located at 1029 Laguna Ave., Burlingame, CA**<br>Value $ **1,500,000.00** | | | | **277,850.00** | **0.00** |
| Account No. **xx7-067**<br>**Diversified Loan Service**<br>**257 E. Campbell Ave. #3**<br>**Campbell, CA 95008** | X | J | **deed of trust**<br>**land located at 222 The Alameda. Manteca, CA**<br>Value $ **145,000.00** | | | | **101,400.00** | **0.00** |
| Account No. **xxxxxx6177**<br>**EMC Mortgage**<br>**POB 293150**<br>**Lewisville, TX 75029** | X | J | **first deed of trust**<br>**single family residence located at 1029 Laguna Ave., Burlingame, CA**<br>Value $ **1,500,000.00** | | | | **506,460.00** | **0.00** |
| Account No.<br>**Ocwen Loan Servicing**<br>**POB 785057**<br>**Orlando, FL 32878** | X | J | **triplex located at 1760 New Horizon Dr., Manteca, CA**<br>Value $ **550,000.00** | | | | **107,850.00** | **0.00** |
| | | | Subtotal (Total of this page) | | | | **993,560.00** | **0.00** |

**1** continuation sheets attached

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

B6D (Official Form 6D) (12/07) - Cont.

In re **Michael Jarriett Shelby**, Debtor

Case No. **08-31440**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS - AMENDED

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xx1906**<br>**Pramod Parekh, Chandra Parekh, Sharad Shah, J B Shah, J J Shah**<br>**123 Sunset**<br>**Sunnyvale, CA 94086** | **X** | **J** | **second deed of trust**<br>**triplex located at 1760 New Horizon Dr., Manteca, CA**<br>Value $ **550,000.00** | | | | **180,000.00** | **0.00** |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |

Sheet **1** of **1** continuation sheets attached to Schedule of Creditors Holding Secured Claims

| | Amount of claim | Unsecured portion |
|---|---|---|
| Subtotal (Total of this page) | **180,000.00** | **0.00** |
| Total (Report on Summary of Schedules) | **1,173,560.00** | **0.00** |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

In re **Michael Jarriett Shelby**, Debtor

Case No. **08-31440**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES - AMENDED

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Christine Barnes**<br>**1760 New Horizons Dr. #C**<br>**Manteca, CA** | **residential lease** |
| **Rose and John Talton**<br>**1760 New Horizons Dr. #B**<br>**Manteca, CA** | **residential lease** |

**0** continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re **Michael Jarriett Shelby**, Debtor

Case No. **08-31440**

# SCHEDULE H - CODEBTORS - AMENDED

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Glenda Shelby**<br>**1029 Laguna Ave.**<br>**Burlingame, CA 94010** | **EMC Mortgage**<br>**POB 293150**<br>**Lewisville, TX 75029** |
| **Glenda Shelby** | **California Home Loans**<br>**1680 The Alameda**<br>**San Jose, CA 95126** |
| **Glenda Shelby** | **Ocwen Loan Servicing**<br>**POB 785057**<br>**Orlando, FL 32878** |
| **Glenda Shelby** | **Pramod Parekh, Chandra Parekh, Sharad Shah, J B Shah, J J Shah**<br>**123 Sunset**<br>**Sunnyvale, CA 94086** |
| **Glenda Shelby** | **Diversified Loan Service**<br>**257 E. Campbell Ave. #3**<br>**Campbell, CA 95008** |

**0** continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re **Michael Jarriett Shelby** Case No. **08-31440**
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |
| **Married** | **None.** | |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | **self** | |
| How long employed | | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ **0.00** | $ **N/A** |
| 2. Estimate monthly overtime | $ **0.00** | $ **N/A** |
| 3. SUBTOTAL | $ **0.00** | $ **N/A** |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ **0.00** | $ **N/A** |
| b. Insurance | $ **0.00** | $ **N/A** |
| c. Union dues | $ **0.00** | $ **N/A** |
| d. Other (Specify): | $ **0.00** | $ **N/A** |
| | $ **0.00** | $ **N/A** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **0.00** | $ **N/A** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **0.00** | $ **N/A** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ **N/A** |
| 8. Income from real property | $ **5,000.00** | $ **N/A** |
| 9. Interest and dividends | $ **0.00** | $ **N/A** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **N/A** |
| 11. Social security or government assistance (Specify): | $ **0.00** | $ **N/A** |
| | $ **0.00** | $ **N/A** |
| 12. Pension or retirement income | $ **0.00** | $ **N/A** |
| 13. Other monthly income (Specify): **spouse's net income** | $ **3,024.00** | $ **N/A** |
| | $ **0.00** | $ **N/A** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **8,024.00** | $ **N/A** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **8,024.00** | $ **N/A** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **8,024.00** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

# EXHIBIT "C"

**CONVERTED, DISMISSED, CLOSED**

**U.S. Bankruptcy Court**
**Northern District of California (San Francisco)**
**Bankruptcy Petition #: 08-31440**

*Assigned to:* Judge Thomas E. Carlson
Chapter 11
Previous chapter 13
Voluntary
Asset

*Date filed:* 08/04/2008
*Date converted:* 12/02/2008
*Date terminated:* 02/25/2011
*Debtor dismissed:* 02/11/2011
*341 meeting:* 01/13/2009
*Deadline for objecting to discharge:* 03/16/2009

*Debtor disposition:* Dismissed for Other Reason

***Debtor***
**Michael Jarriett Shelby**
1029 Laguna Ave.
Burlingame, CA 94010
SAN MATEO-CA
SSN / ITIN: xxx-xx-8837

represented by **James F. Beiden**
Law Offices of James F. Beiden
840 Hinckley Rd. #245
Burlingame, CA 94010
(650) 697-6100
Email: attyjfb@yahoo.com

**Gary R. Brenner**
Gary Brenner
630 N San Mateo Dr.
San Mateo, CA 94401
(650) 348-2044
Email: mortolabrenner@fastmail.fm
*TERMINATED: 10/08/2008*

***Trustee***
**David Burchard**
1065 E Hillsdale Blvd. #200
Foster City, CA 94404
(650) 345-7801
*TERMINATED: 12/02/2008*

***U.S. Trustee***
**Office of the U.S. Trustee / SF**
Office of the U.S. Trustee
235 Pine St
Suite 700
San Francisco, CA 94104
(415) 705-3333

represented by **Minnie Loo**
Office of the U.S. Trustee
235 Pine St. 7th Fl
San Francisco, CA 94104-3484
415-705-3333
Email: minnie.loo@usdoj.gov

| Filing Date | # | Docket Text |
| --- | --- | --- |

| | | |
|---|---|---|
| 08/04/2008 | 1 (30 pgs) | Chapter 13 Voluntary Petition. Fee Amount $ 274 filed by Gary R. Brenner on behalf of Michael J Shelby. (Brenner, Gary) (Entered: 08/04/2008) |
| 08/04/2008 | 2 (1 pg) | Certificate of Credit Counseling (Brenner, Gary) (Entered: 08/04/2008) |
| 08/04/2008 | 3 | Statement of Social Security Number. (Brenner, Gary) (Entered: 08/04/2008) |
| 08/04/2008 | 4 (9 pgs) | Chapter 13 Statement of Current Monthly and Disposable Income (Form 22C) Filed by Debtor Michael J Shelby (Brenner, Gary) (Entered: 08/04/2008) |
| 08/04/2008 | 5 (4 pgs) | Chapter 13 Plan Filed by Debtor Michael J Shelby. (Brenner, Gary) (Entered: 08/04/2008) |
| 08/04/2008 | 6 (4 pgs) | Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys Filed by Debtor Michael J Shelby (Brenner, Gary) (Entered: 08/04/2008) |
| 08/04/2008 | 7 (1 pg) | Application for Compensation for Gary R. Brenner, Debtor's Attorney, Fee: $4650., Expenses: $. Filed by Attorney Gary R. Brenner (Brenner, Gary) (Entered: 08/04/2008) |
| 08/06/2008 | | Receipt of filing fee for Chapter 13 Voluntary Petition - Case Upload(08-31440) [caseupld,1305u] ( 274.00). Receipt number 5828422, amount $ 274.00 (U.S. Treasury) (Entered: 08/06/2008) |
| 08/07/2008 | 8 (6 pgs; 2 docs) | Meeting of Creditors with Certificate of Service. 341 (a) meeting to be held on 9/4/2008 at 10:00 AM San Francisco U.S. Trustee Office Objection to Dischargeability due by 11/3/2008 Proofs of Claims due by 12/3/2008 Last day to object to confirmation is 9/4/2008 Confirmation hearing to be held on 10/8/2008 at 10:00 AM San Francisco Courtroom 23 - Carlson (Burchard, David (rg)) (Entered: 08/07/2008) |
| 08/10/2008 | 9 (5 pgs) | BNC Certificate of Mailing - Meeting of Creditors. (RE: related document(s)8 Meeting of Creditors Chapter 13, ). Service Date 08/10/2008. (Admin.) (Entered: 08/10/2008) |
| 08/10/2008 | | |

| | | |
|---|---|---|
| | 10 (5 pgs) | BNC Certificate of Mailing - Chapter 13 Plan. (RE: related document(s)8 Meeting of Creditors Chapter 13, ). Service Date 08/10/2008. (Admin.) (Entered: 08/10/2008) |
| 08/21/2008 | 11 (2 pgs) | Request for Notice *and for Inclusion in Mailing Grid* Filed by Creditor Diversified Loan Services, Inc. (McEvoy, Laurence) (Entered: 08/21/2008) |
| 08/25/2008 | 12 (2 pgs) | Request for Notice Filed by Creditor Ocwen Loan Servicing, LLC (Sadoughianzadeh, Parisa) (Entered: 08/25/2008) |
| 08/25/2008 | 13 (2 pgs) | Certificate of Service (RE: related document(s)12 Request for Notice). (Sadoughianzadeh, Parisa) (Entered: 08/25/2008) |
| 08/27/2008 | 14 (3 pgs) | Objection to Confirmation of Chapter 13 Plan *With Motion to Dismiss, Notice and Certificate of Mailing (em)*. (Myrtle, Edward) (Entered: 08/27/2008) |
| 08/29/2008 | 15 (13 pgs; 4 docs) | Objection to Confirmation of Plan *with Exhibits and Proof of Service* Filed by Creditor Ocwen Loan Servicing, LLC, as Servicing Agent for Great Western Bank (Attachments: 1 Exhibit A2 Exhibit B3 Certificate of Service) (Sadoughianzadeh, Parisa) (Entered: 08/29/2008) |
| 09/02/2008 | 16 (3 pgs) | First Amended Objection to Confirmation of Chapter 13 Plan *With Motion to Dismiss, Notice and Certificate of Mailing (em)*. (Myrtle, Edward) (Entered: 09/02/2008) |
| 09/03/2008 | 17 (1 pg) | Request for Notice Filed by Creditors Chandra Parekh, Pramod Parekh (Novack, Charles) (Entered: 09/03/2008) |
| 09/03/2008 | 18 (11 pgs; 2 docs) | Objection to Confirmation of Plan Filed by Creditors Chandra Parekh, Pramod Parekh (Attachments: 1 Exhibit A) (Novack, Charles) (Entered: 09/03/2008) |
| 09/03/2008 | 19 (2 pgs) | Certificate of Service (RE: related document(s)17 Request for Notice, 18 Objection to Confirmation of the Plan). (Novack, Charles) (Entered: 09/03/2008) |
| 09/05/2008 | | 341 Meeting of Creditors Held Section 341 Meeting of Creditors held on 9/4/2008. Tape Number: |

| | | |
|---|---|---|
| | | 1/39:35. Notes: (rg) (Burchard, David) (Entered: 09/05/2008) |
| 09/17/2008 | 20 (3 pgs) | Second Amended Objection to Confirmation of Chapter 13 Plan *With Motion to Dismiss, Notice and Certificate of Mailing (em)*. (Myrtle, Edward) (Entered: 09/17/2008) |
| 09/25/2008 | 21 (1 pg) | Request for Notice Filed by Creditor EMC Mortgage Corporation. (Robertus, Corey) (Entered: 09/25/2008) |
| 10/08/2008 | 22 (1 pg) | Substitution of Attorney . Attorney Gary R. Brenner terminated. James F. Beiden added to the case. Filed by Debtor Michael J Shelby (Beiden, James) (Entered: 10/08/2008) |
| 10/08/2008 | 23 (3 pgs) | Order: (1) Requiring Debtor To Convert Case To Chapter 11 Or Case Will Be Dismissed; And (2) Setting Tentative Hearing On Motion To Covert And Chapter 11 Status Conference. (RE: related document(s)20 Trustee's Objection to Confirmation of Plan (batch)). **Hearing scheduled for 11/3/2008 at 09:30 AM at San Francisco Courtroom 23 - Carlson.** (mw, ) (Entered: 10/08/2008) |
| 10/08/2008 | | Courtroom Hearing Held (RE: Meeting of Creditors Chapter 13 - related document(s) 8 ) (Court to issue order)(jg, ) (Entered: 10/15/2008) |
| 10/10/2008 | 24 (4 pgs) | BNC Certificate of Mailing (RE: related document (s)23 Order To Set Hearing, ). Service Date 10/10/2008. (Admin.) (Entered: 10/10/2008) |
| 10/14/2008 | 25 (2 pgs) | Motion to Convert Case to Chapter 11 , Fee Amount $765 Filed by Debtor Michael J Shelby (Beiden, James) (Entered: 10/14/2008) |
| 10/14/2008 | | Receipt of filing fee for Motion to Convert Case to Chapter 11 (08-31440) [motion,mcnv11] ( 765.00). Receipt number 6133478, amount $ 765.00 (U.S. Treasury) (Entered: 10/14/2008) |
| 10/14/2008 | 26 (4 pgs; 2 docs) | Notice of Hearing (RE: related document(s)25 Motion to Convert Case to Chapter 11 , Fee Amount $765 Filed by Debtor Michael J Shelby (Beiden, James)). **Hearing scheduled for 11/3/2008 at 09:30 AM at San Francisco Courtroom 23 - Carlson.** |

| | | |
|---|---|---|
| | | Filed by Debtor Michael J Shelby (Attachments: 1 Declaration service list) (Beiden, James) (Entered: 10/14/2008) |
| 10/16/2008 | 27 (2 pgs) | Application to Employ James F. Beiden as counsel for debtor Filed by Debtor Michael J Shelby (Beiden, James) (Entered: 10/16/2008) |
| 10/16/2008 | 28 (3 pgs; 2 docs) | Declaration of James F. Beiden in support of application to employ counsel of (RE: related document(s)27 Application to Employ). Filed by Debtor Michael J Shelby (Attachments: 1 Exhibit retainer agreement) (Beiden, James) (Entered: 10/16/2008) |
| 10/16/2008 | 29 (2 pgs) | Order Granting Application to Employ Attorney James F. Beiden for Michael J Shelby Added to the Case (Related Doc # 27) (mw, ) (Entered: 10/17/2008) |
| 10/27/2008 | 30 (20 pgs; 3 docs) | Motion for Relief from Stay *and for Leave to Exercise Lien Enforcement Rights and for Attorney's Fees* RS #LJM-017, Fee Amount $150, Filed by Creditor Trust Company of America C/F Arno E. Lauterbach # 29260 (Attachments: 1 RS Cover Sheet Relief from Stay Cover Sheet2 Declaration of Joe Soares in Support of Motion) (McEvoy, Laurence) (Entered: 10/27/2008) |
| 10/27/2008 | | Receipt of filing fee for Motion for Relief From Stay (08-31440) [motion,mrlfsty] ( 150.00). Receipt number 6191353, amount $ 150.00 (U.S. Treasury) (Entered: 10/27/2008) |
| 10/27/2008 | 31 (3 pgs; 2 docs) | Notice of Hearing *of Motion for Relief from Stay and For Leave To Exercise Lien Enforcement Rights and for Attorney's Fees; Proof of Service* (RE: related document(s)30 Motion for Relief from Stay *and for Leave to Exercise Lien Enforcement Rights and for Attorney's Fees* RS #LJM-017, Fee Amount $150, Filed by Creditor Trust Company of America C/F Arno E. Lauterbach # 29260 (Attachments: 1 RS Cover Sheet Relief from Stay Cover Sheet# 2 Declaration of Joe Soares in Support of Motion) (McEvoy, Laurence)). **Hearing scheduled for 12/1/2008 at 01:00 PM at San Francisco Courtroom 23 - Carlson.** Filed by Creditor Trust Company of America C/F Arno E. Lauterbach # |

| | | |
|---|---|---|
| | | 29260 (Attachments: 1 Certificate of Service re Motion and Notice of Hearing, etc.) (McEvoy, Laurence) (Entered: 10/27/2008) |
| 10/27/2008 | 32 (3 pgs) | Status Conference Statement (RE: related document (s)23 Order To Set Hearing, ). Filed by Debtor Michael J Shelby (Beiden, James) (Entered: 10/27/2008) |
| 10/27/2008 | 33 (2 pgs) | Exhibit *service list* (RE: related document(s)32 Status Conference Statement). Filed by Debtor Michael J Shelby (Beiden, James) (Entered: 10/27/2008) |
| 10/29/2008 | | ****ERROR**** Document Does Not Reflect "Exhibit".(RE: related document(s)33 Exhibit). (mw, ) (Entered: 10/29/2008) |
| 10/29/2008 | 34 (10 pgs; 3 docs) | Notice Regarding *Security Interest in Rents & Profits* Filed by Creditors Shenal Shah Arimilli, Trustee of the Shah Living Trust, Jyotsna Shah, Trustee of the Shah Living Trust, Chandra Parekh, Pramod Parekh (Attachments: 1 Exhibit A2 Certificate of Service) (Novack, Charles) (Entered: 10/29/2008) |
| 11/03/2008 | | Courtroom Hearing Continued (RE: Trustee's Objection to Confirmation of Plan (batch) - related document(s) 20 ) (Continued to 12/1/2008 01:00 PM at San Francisco Courtroom 23 - Carlson) (gh, ) (Entered: 11/03/2008) |
| 11/03/2008 | 35 (4 pgs; 2 docs) | Request for Notice *and Notice of Appearance* Filed by Creditor California Home Loans (Attachments: 1 Certificate of Service) (Chao, Jade) (Entered: 11/03/2008) |
| 11/20/2008 | 36 (5 pgs) | Order Re: (1) Debtor's Motion To Convert; And (2) Cash Collateral. (RE: related document(s)25 Motion to Convert Case to Chapter 11 filed by Debtor Michael J Shelby). **Hearing scheduled for 12/1/2008 at 01:00 PM at San Francisco Courtroom 23 - Carlson.** (mw, ) (Entered: 11/20/2008) |
| 11/22/2008 | 37 (6 pgs) | BNC Certificate of Mailing (RE: related document (s)36 Order To Set Hearing, ). Service Date 11/22/2008. (Admin.) (Entered: 11/22/2008) |

| | | |
|---|---|---|
| 12/01/2008 | | Courtroom Hearing Continued (RE: Motion to Convert Case to Chapter 11 - related document(s) 25 ) (Continued to 1/26/2009 09:30 AM at San Francisco Courtroom 23 - Carlson) (gh, ) (Entered: 12/01/2008) |
| 12/01/2008 | | Courtroom Hearing Held (RE: Motion for Relief From Stay - related document(s) 30 ) (Motion is granted, order to be uploaded.)(gh, ) (Entered: 12/01/2008) |
| 12/02/2008 | 38 (1 pg) | Order Granting Motion To Convert Case to Chapter 11 (Related Doc # 25) Order Meeting of Creditors due by 12/17/2008. Chapter 11 Plan due by 4/1/2009. Disclosure Statement due by 4/1/2009.Incomplete Filings due by 12/17/2008. (mw, ) (Entered: 12/03/2008) |
| 12/03/2008 | | Meeting of Creditors 341(a) meeting to be held on 1/13/2009 at 10:00 AM San Francisco U.S. Trustee Office Last day to oppose discharge or dischargeability is 3/16/2009 Proofs of Claims due by 4/13/2009 (mw, ) (Entered: 12/03/2008) |
| 12/03/2008 | 39 (5 pgs) | Certificate of Service *re Proposed Order Modifying Automatic Stay* (RE: related document(s)30 Motion for Relief From Stay, ). (McEvoy, Laurence) (Entered: 12/03/2008) |
| 12/04/2008 | 40 (2 pgs) | Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, and Deadlines (Generated) (mw, ) (Entered: 12/04/2008) |
| 12/05/2008 | 42 (3 pgs) | Order Re Chapter 11 Status Conference . **Status Conference to be held on 1/26/2009 at 09:30 AM at San Francisco Courtroom 23 - Carlson.** (mw, ) (Entered: 12/08/2008) |
| 12/06/2008 | 41 (5 pgs) | BNC Certificate of Mailing - Meeting of Creditors. (RE: related document(s)40 Generate 341 Notices). Service Date 12/06/2008. (Admin.) (Entered: 12/06/2008) |
| 12/08/2008 | 43 (3 pgs) | Order Modifying Stay (RE: related document(s)30 Motion for Relief From Stay filed by Creditor Trust Company of America C/F Arno E. Lauterbach # 29260). (mw, ) (Entered: 12/09/2008) |

| | | |
|---|---|---|
| 12/10/2008 | 44 (4 pgs) | BNC Certificate of Mailing (RE: related document (s)42 Order for Status Conference). Service Date 12/10/2008. (Admin.) (Entered: 12/10/2008) |
| 12/11/2008 | 45 (4 pgs) | BNC Certificate of Mailing (RE: related document (s)43 Order). Service Date 12/11/2008. (Admin.) (Entered: 12/11/2008) |
| 01/13/2009 | 46 (19 pgs; 5 docs) | Motion for Relief from Stay RS #JMW-013, Fee Amount $150, Filed by Creditor California Home Loans (Attachments: 1 Declaration of K.C. Knapp in Support of Motion2 Exhibit A&B to Declaration of K.C. Knapp3 RS Cover Sheet 4 Certificate of Service) (Wei, Julia) (Entered: 01/13/2009) |
| 01/13/2009 | 47 (2 pgs) | Notice of Hearing *on Motion for Relief from Stay* (RE: related document(s)46 Motion for Relief from Stay RS #JMW-013, Fee Amount $150, Filed by Creditor California Home Loans (Attachments: # 1 Declaration of K.C. Knapp in Support of Motion# 2 Exhibit A&B to Declaration of K.C. Knapp# 3 RS Cover Sheet # 4 Certificate of Service) (Wei, Julia)). **Hearing scheduled for 2/2/2009 at 01:00 PM at San Francisco Courtroom 23 - Carlson.** Filed by Creditor California Home Loans (Wei, Julia) (Entered: 01/13/2009) |
| 01/13/2009 | | Meeting of Creditors Held *James Beiden, Esq., Charles Novak, Esq. for cr Pramod & Chandra Parekh examined D, D to by 31 Jan 09: CONSULT w/D's tx accountant to determine if separate EIN required in this case; PROVIDE UST ev D closed pre-pet acct; bk stmts, cancelled cks, ck reg for D's acct fr Jun 08 to closing; ev of auto ins for 2 vehicles; W-2s for 2007 tx return; and FILE complete & correct amended pet, s&s, incl. Pet (middle name, clarify joint D, prior bk); Sch A (correct address of prop; nature of int in prop; H,W, J or C); Sch B (D's savings acct; H,W,J or C); Sch D (H,W,J or C; date claim incurred) Sch G; Sch H; Sch I (non-filing spouse's income); Sch J (exps re Manteca rental prop); SFA 1 & 4; Dec MOR* ((RE: related document(s) Meeting of Creditors Chapter 11). (Loo, Minnie) (Entered: 01/13/2009) |
| 01/14/2009 | | Receipt of filing fee for Motion for Relief From Stay (08-31440) [motion,mrlfsty] ( 150.00). Receipt |

| | | |
|---|---|---|
| | | number 6542068, amount $ 150.00 (U.S. Treasury) (Entered: 01/14/2009) |
| 01/15/2009 | 48 (2 pgs) | Amended Certificate of Service (RE: related document(s)46 Motion for Relief From Stay, ). (Wei, Julia) (Entered: 01/15/2009) |
| 01/16/2009 | 49 (22 pgs; 7 docs) | Motion for Relief from Stay RS #MAW-1469, Fee Amount $150, Filed by Creditor Ocwen Loan Servicing, LLC, as Servicing Agent for Great Western Bank (Attachments: 1 Declaration 2 Exhibit A3 Exhibit B14 Exhibit B25 Certificate of Service 6 RS Cover Sheet) (Whitson, Melodie) (Entered: 01/16/2009) |
| 01/16/2009 | 50 (2 pgs) | Notice of Hearing (RE: related document(s)49 Motion for Relief from Stay RS #MAW-1469, Fee Amount $150, Filed by Creditor Ocwen Loan Servicing, LLC, as Servicing Agent for Great Western Bank (Attachments: # 1 Declaration # 2 Exhibit A# 3 Exhibit B1# 4 Exhibit B2# 5 Certificate of Service # 6 RS Cover Sheet) (Whitson, Melodie)). **Hearing scheduled for 2/2/2009 at 01:00 PM at San Francisco Courtroom 23 - Carlson.** Filed by Creditor Ocwen Loan Servicing, LLC, as Servicing Agent for Great Western Bank (Whitson, Melodie) (Entered: 01/16/2009) |
| 01/16/2009 | | Receipt of filing fee for Motion for Relief From Stay (08-31440) [motion,mrlfsty] ( 150.00). Receipt number 6556621, amount $ 150.00 (U.S. Treasury) (Entered: 01/16/2009) |
| 01/19/2009 | 51 (5 pgs; 2 docs) | Status Conference Statement (RE: related document (s)42 Order for Status Conference). Filed by Debtor Michael J Shelby (Attachments: 1 Exhibit service list) (Beiden, James) (Entered: 01/19/2009) |
| 01/20/2009 | 52 (2 pgs) | Chapter 13 Trustee Final Report and Account *Converted Prior to Confirmation,w/certificate of service*. (Burchard, David (cm)) (Entered: 01/20/2009) |
| 01/22/2009 | 53 (8 pgs; 3 docs) | Motion for Relief from Stay RS #CDN 011, Fee Amount $150, Filed by Creditors Pramod and Chandra Parekh, Shenal Shah Arimilli, Trustee of the Shah Living Trust, Jyotsna Shah, Trustee of the Shah Living Trust (Attachments: 1 RS Cover Sheet 2 |

| | | |
|---|---|---|
| | | Certificate of Service) (Novack, Charles) . (Entered: 01/22/2009) |
| 01/22/2009 | | Receipt of filing fee for Motion for Relief From Stay (08-31440) [motion,mrlfsty] ( 150.00). Receipt number 6578154, amount $ 150.00 (U.S. Treasury) (Entered: 01/22/2009) |
| 01/22/2009 | 54 (15 pgs; 2 docs) | Declaration of Pramod Parekh in Support of *Motion for Relief From Stay* (RE: related document(s)53 Motion for Relief From Stay, ). Filed by Creditors Pramod and Chandra Parekh, Shenal Shah Arimilli, Trustee of the Shah Living Trust, Jyotsna Shah, Trustee of the Shah Living Trust (Attachments: 1 Exhibit A - E) (Novack, Charles) (Entered: 01/22/2009) |
| 01/22/2009 | 55 (2 pgs) | Declaration of Charles Novack in Support of *Motion for Relief From Stay* (RE: related document(s)53 Motion for Relief From Stay, ). Filed by Creditors Pramod and Chandra Parekh, Shenal Shah Arimilli, Trustee of the Shah Living Trust, Jyotsna Shah, Trustee of the Shah Living Trust (Novack, Charles) (Entered: 01/22/2009) |
| 01/22/2009 | 56 (3 pgs; 2 docs) | Request To Take Judicial Notice *in Support of Motion for Relief From the Automatic Stay* (RE: related document(s)53 Motion for Relief From Stay, ). Filed by Creditors Pramod and Chandra Parekh, Shenal Shah Arimilli, Trustee of the Shah Living Trust, Jyotsna Shah, Trustee of the Shah Living Trust (Attachments: 1 Exhibit A) (Novack, Charles) (Entered: 01/22/2009) |
| 01/22/2009 | 57 (2 pgs) | Notice of Hearing (RE: related document(s)53 Motion for Relief from Stay RS #CDN 011, Fee Amount $150, Filed by Creditors Pramod and Chandra Parekh, Shenal Shah Arimilli, Trustee of the Shah Living Trust, Jyotsna Shah, Trustee of the Shah Living Trust (Attachments: # 1 RS Cover Sheet # 2 Certificate of Service) (Novack, Charles)). **Hearing scheduled for 2/9/2009 at 01:00 PM at San Francisco Courtroom 23 - Carlson.** Filed by Creditors Shenal Shah Arimilli, Trustee of the Shah Living Trust, Jyotsna Shah, Trustee of the Shah Living Trust (Novack, Charles) (Entered: 01/22/2009) |

| | | |
|---|---|---|
| 01/26/2009 | 58<br>(3 pgs; 2 docs) | Withdrawal of Documents *for Objection to Vonfirmation of Chapter 13 Plan with Proof of Service* (RE: related document(s)15 Objection to Confirmation of the Plan, ). Filed by Creditor Ocwen Loan Servicing, LLC, as Servicing Agent for Great Western Bank (Attachments: 1 Certificate of Service) (Whitson, Melodie) (Entered: 01/26/2009) |
| 01/26/2009 | | Courtroom Hearing Continued (RE: Order for Status Conference - related document(s) 42 ) (Continued to 3/23/2009 09:30 AM at San Francisco Courtroom 23 - Carlson) (lp, ) (Entered: 01/27/2009) |
| 01/30/2009 | 59<br>(10 pgs) | Amended Schedule A, Schedule B, Schedule C, Schedule G, Schedule H, Schedule I,. , Amended Schedule D . Fee Amount $26. Filed by Debtor Michael J Shelby (Beiden, James) (Entered: 01/30/2009) |
| 01/30/2009 | | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)(08-31440) [misc,amdsch] ( 26.00). Receipt number 6622365, amount $ 26.00 (U.S. Treasury) (Entered: 01/30/2009) |
| 01/30/2009 | 60<br>(3 pgs) | Amended Voluntary Petition. Filed by Debtor Michael J Shelby (Beiden, James) (Entered: 01/30/2009) |
| 02/02/2009 | | Courtroom Hearing Held (RE: Motion for Relief From Stay - related document(s) 46 ) (Regarding Burlingame residence, Regular monthly payment to 1st and pay $2500.00 monthly to movant on 2nd deed or there is relief from stay. Due 1st, late on the 15th. 10 day letters goes out and if not cured there is relief from stay.Creditor can reset if debtor does not pay property tax or if there is no plan file by 8/1/09.) (gh, ) (Entered: 02/03/2009) |
| 02/02/2009 | | Courtroom Hearing Held (RE: Motion for Relief From Stay - related document(s) 49 ) (No appearances.)(gh, ) (Entered: 02/03/2009) |
| 02/09/2009 | | Courtroom Hearing Held (RE: Motion for Relief From Stay - related document(s) 53 ) (Creditor can file notice of default now. Starting in February 2009, Debtor is to start making payments to 1st and 2nd deef of trust. 10 day letter to cure goes out after the 15th, if there is no cure there is relief from stay. If |

| | | |
|---|---|---|
| | | the 1st get relief from stay, then the second get relief from stay.)(gh, ) (Entered: 02/09/2009) |
| 02/11/2009 | 61 (2 pgs) | Certificate of Service - *[Proposed] Order Grnating Adequate Protection and Limited Relief from Stay* (Novack, Charles) (Entered: 02/11/2009) |
| 02/16/2009 | 62 (3 pgs) | Order Granting Adequate Protection And Limited Relief From Stay. (RE: related document(s)53 Motion for Relief From Stay filed by Creditor Pramod and Chandra Parekh, Creditor Jyotsna Shah, Trustee of the Shah Living Trust, Creditor Shenal Shah Arimilli, Trustee of the Shah Living Trust). (mw, ) (Entered: 02/17/2009) |
| 02/19/2009 | 63 (4 pgs) | BNC Certificate of Mailing (RE: related document (s)62 Order Granting Related Motion/Application, ). Service Date 02/19/2009. (Admin.) (Entered: 02/19/2009) |
| 02/25/2009 | 64 (4 pgs) | Operating Report for Filing Period January 2009 Filed by Debtor Michael Jarriett Shelby (Beiden, James) (Entered: 02/25/2009) |
| 02/26/2009 | | ****ERROR**** Filing Period Date Does Not Match PDF.(RE: related document(s)64 Operating Report). (mw, ) (Entered: 02/26/2009) |
| 02/26/2009 | 65 (2 pgs) | Order Discharging Chapter 13 Trustee and Final Decree. (mw, ) (Entered: 02/26/2009) |
| 02/28/2009 | 66 (3 pgs) | BNC Certificate of Mailing - Electronic Order (RE: related document(s)65 Order Discharging Chapter 13 Trustee and Final Decree). Service Date 02/28/2009. (Admin.) (Entered: 02/28/2009) |
| 03/02/2009 | 67 (4 pgs; 2 docs) | Amended Notice of Hearing *with Proof of Service* (RE: related document(s)49 Motion for Relief from Stay RS #MAW-1469, Fee Amount $150, Filed by Creditor Ocwen Loan Servicing, LLC, as Servicing Agent for Great Western Bank (Attachments: 1 Declaration # 2 Exhibit A# 3 Exhibit B1# 4 Exhibit B2# 5 Certificate of Service # 6 RS Cover Sheet) (Whitson, Melodie)). **Hearing scheduled for 3/23/2009 at 01:00 PM at San Francisco Courtroom 23 - Carlson.** Filed by Creditor Ocwen Loan Servicing, LLC, as Servicing Agent for Great |

| | | |
|---|---|---|
| | | Western Bank (Attachments: 1 Certificate of Service) (Whitson, Melodie) (Entered: 03/02/2009) |
| 03/03/2009 | 68 (3 pgs) | Order For Adequate Protection. (RE: related document(s)46 Motion for Relief From Stay filed by Creditor California Home Loans). (mw, ) (Entered: 03/04/2009) |
| 03/06/2009 | 69 (4 pgs) | BNC Certificate of Mailing (RE: related document (s)68 Order). Service Date 03/06/2009. (Admin.) (Entered: 03/09/2009) |
| 03/18/2009 | 70 (2 pgs) | Third Status Conference Statement (RE: related document(s)Hearing Continued/Rescheduled Courtroom). Filed by Debtor Michael Jarriett Shelby (Beiden, James)(PDF Does Not Reflect "Third" Status Conference Statement. Modified on 3/20/2009 (mw). (Entered: 03/18/2009) |
| 03/23/2009 | | Courtroom Hearing Continued (Debtor to file plan and disclosure by 7/1/09. Hearing on disclosure and status conference set for 7/27/09 at 9:30 AM, objections due on 7/20/09. Court to do order.)(gh) (Entered: 03/23/2009) |
| 03/23/2009 | | Courtroom Hearing Held (RE: Motion for Relief From Stay - related document(s) 49 ) (Regular payments of $1279.00 starting April and thereafter. Due on 1st, late on the 15th. 10 day letter goes out and if not cured there is relief from stay. Movant to upload order.)(gh) (Entered: 03/23/2009) |
| 03/25/2009 | 71 (9 pgs) | Operating Report for Filing Period February 2009 Filed by Debtor Michael Jarriett Shelby (Beiden, James) (Entered: 03/25/2009) |
| 03/27/2009 | | ****ERROR**** Incorrect Operating Report Filing Period Date On PDF.(RE: related document(s)71 Operating Report). (mw) (Entered: 03/27/2009) |
| 03/27/2009 | 72 (4 pgs; 2 docs) | Order Setting: (1) Deadline To File Plan And Disclosure Statement; And (2) Hearing On Disclosure Stmt And Cont'd Status Conference.(RE: related document(s)42 Order for Status Conference). **Hearing scheduled for 7/27/2009 at 09:30 AM at San Francisco Courtroom 23 - Carlson.** (mw) (Entered: 03/30/2009) |

| | | |
|---|---|---|
| 04/01/2009 | 73 (4 pgs) | BNC Certificate of Mailing (RE: related document (s)72 Order To Set Hearing). Service Date 04/01/2009. (Admin.) (Entered: 04/01/2009) |
| 04/22/2009 | 74 (2 pgs) | Certificate of Service *for [proposed] Order Granting Adequate Protection* (RE: related document(s)49 Motion for Relief From Stay). Filed by Creditor Ocwen Loan Servicing, LLC, as Servicing Agent for Great Western Bank (Whitson, Melodie) (Entered: 04/22/2009) |
| 04/23/2009 | 75 (5 pgs; 2 docs) | Order Granting Adequate Protection. (RE: related document(s)49 Motion for Relief From Stay filed by Creditor Ocwen Loan Servicing, LLC, as Servicing Agent for Great Western Bank). (mw) (Entered: 04/27/2009) |
| 04/29/2009 | 76 (5 pgs) | BNC Certificate of Mailing (RE: related document (s)75 Order). Service Date 04/29/2009. (Admin.) (Entered: 04/29/2009) |
| 05/26/2009 | 77 (7 pgs) | Operating Report for Filing Period April 2009 Filed by Debtor Michael Jarriett Shelby (Beiden, James) (Entered: 05/26/2009) |
| 05/27/2009 | 78 (2 pgs) | Amended Certificate of Service *of Amended Proof of Claim Number 1* Filed by Creditor Ocwen Loan Servicing, LLC (Whitson, Melodie) (Entered: 05/27/2009) |
| 05/28/2009 | | ****ERROR**** (1)Incorrect Case Number on PDF. (2) Operating Report Filing Period Does Not Match PDF. (RE: related document(s)77 Operating Report). (mw) Modified on 5/28/2009 (mw). (Entered: 05/28/2009) |
| 06/01/2009 | | ****ERROR**** Certificate of Service Does Not Reflect "Amended".(RE: related document(s)78 Certificate of Service). (mw) (Entered: 06/01/2009) |
| 07/01/2009 | 79 (7 pgs) | Chapter 11 Plan of Reorganization Filed by Debtor Michael Jarriett Shelby (RE: related document(s)38 Order on Motion to Convert Case to Chapter 11). (Beiden, James) (Entered: 07/01/2009) |
| 07/01/2009 | 80 (8 pgs) | Disclosure Statement Filed by Debtor Michael Jarriett Shelby (RE: related document(s)38 Order on |

| | | |
|---|---|---|
| | | Motion to Convert Case to Chapter 11). (Beiden, James) (Entered: 07/01/2009) |
| 07/01/2009 | 81 (3 pgs; 2 docs) | Notice of Hearing (RE: related document(s)80 Disclosure Statement Filed by Debtor Michael Jarriett Shelby). **Hearing scheduled for 7/27/2009 at 09:30 AM at San Francisco Courtroom 23 - Carlson.** Last day to oppose disclosure statement is 7/20/2009. Filed by Debtor Michael Jarriett Shelby (Attachments: 1 Exhibit service list) (Beiden, James) (Entered: 07/01/2009) |
| 07/13/2009 | 82 (14 pgs; 5 docs) | Ex Parte Declaration of Amanda Gonsalves in Debtor's Default on APO of (RE: related document (s)68 Order). Filed by Creditor California Home Loans (Attachments: 1 Exhibit A2 Exhibit B3 Exhibit C4 Exhibit D) (Gonsalves, Amanda) (Entered: 07/13/2009) |
| 07/13/2009 | 83 (2 pgs) | Certificate of Service (RE: related document(s)82 Declaration). Filed by Creditor California Home Loans (Gonsalves, Amanda) (Entered: 07/13/2009) |
| 07/20/2009 | 84 (4 pgs; 2 docs) | Objection *to Debtor's Disclosure Statement* (RE: related document(s)80 Disclosure Statement). Filed by Creditors Chandra Parekh, Pramod Parekh, Shenal Shah Arimilli, Trustee of the Shah Living Trust, Jyotsna Shah, Trustee of the Shah Living Trust (Attachments: 1 Certificate of Service) (Novack, Charles) (Entered: 07/20/2009) |
| 07/22/2009 | 85 (4 pgs; 2 docs) | Order Terminating The Automatic Stay. (RE: related document(s)82 Declaration filed by Creditor California Home Loans). (mw) (Entered: 07/22/2009) |
| 07/24/2009 | 86 (4 pgs) | BNC Certificate of Mailing (RE: related document (s)85 Order). Service Date 07/24/2009. (Admin.) (Entered: 07/24/2009) |
| 07/27/2009 | | Courtroom Hearing Continued (RE: Order for Status Conference - related document(s) 42 ) (Continued to 8/31/2009 09:30 AM at San Francisco Courtroom 23 - Carlson) (Monthly operating reports and United States Trustee fees to be taken care of by 8/17/09.) (gh) (Entered: 07/27/2009) |
| 07/27/2009 | | |

| | | |
|---|---|---|
| | | Courtroom Hearing Continued (RE: Disclosure Statement - related document(s) 80 ) (Continued to 8/31/2009 09:30 AM at San Francisco Courtroom 23 - Carlson) (Debtor to amend by 8/17/09, objections by 8/24/09 and hearing on 8/31/09 at 9:30 AM.)(gh) (Entered: 07/27/2009) |
| 07/27/2009 | 87 (3 pgs) | Certificate of Service *of Proposed Order Following Continued Status Conference* (RE: related document (s)72 Order To Set Hearing). Filed by U.S. Trustee Office of the U.S. Trustee / SF (Loo, Minnie) (Entered: 07/27/2009) |
| 07/28/2009 | 88 (3 pgs; 2 docs) | Order Following Continued Status Conference. (RE: related document(s)42 Order for Status Conference, 72 Order To Set Hearing). **Status Conference to be held on 8/31/2009 at 9:30 AM for 42,** (mw) (Entered: 07/29/2009) |
| 07/31/2009 | 89 (3 pgs) | BNC Certificate of Mailing (RE: related document (s)88 Order to Continued Hearing). Service Date 07/31/2009. (Admin.) (Entered: 07/31/2009) |
| 08/03/2009 | 90 (4 pgs; 2 docs) | Order Sustaining In Part Objections To Disclosure Statement. (RE: related document(s)84 Objection filed by Creditor Pramod Parekh, Creditor Chandra Parekh, Creditor Jyotsna Shah, Trustee of the Shah Living Trust, Creditor Shenal Shah Arimilli, Trustee of the Shah Living Trust). (mw) (Entered: 08/04/2009) |
| 08/06/2009 | 91 (4 pgs) | BNC Certificate of Mailing (RE: related document (s)90 Order). Service Date 08/06/2009. (Admin.) (Entered: 08/06/2009) |
| 08/14/2009 | 92 (9 pgs) | Amended Disclosure Statement Filed by Debtor Michael Jarriett Shelby. (Beiden, James) (Entered: 08/14/2009) |
| 08/18/2009 | 93 (5 pgs) | Amended Operating Report for Filing Period April 2009 Filed by Debtor Michael Jarriett Shelby (Beiden, James) (Entered: 08/18/2009) |
| 08/18/2009 | 94 (7 pgs) | Operating Report for Filing Period May 2009 Filed by Debtor Michael Jarriett Shelby (Beiden, James) Incorrect Case Number on PDF. Modified on 8/20/2009 (mw). (Entered: 08/18/2009) |

| | | |
|---|---|---|
| 08/18/2009 | 95 (8 pgs) | Operating Report for Filing Period June 2009 Filed by Debtor Michael Jarriett Shelby (Beiden, James) Incorrect Case Number on PDF. Modified on 8/20/2009 (mw). (Entered: 08/18/2009) |
| 08/20/2009 | | ****ERROR**** 1. PDF Does Not Reflect Amended. 2. Incorrect Case Number on PDF.(RE: related document(s)93 Operating Report). (mw) (Entered: 08/20/2009) |
| 08/20/2009 | | ****ERROR**** PDF Missing Debtor Name In Caption.(RE: related document(s)95 Operating Report). (mw) (Entered: 08/20/2009) |
| 08/24/2009 | 96 (4 pgs; 2 docs) | Objection *to Debtor's First Amended Disclosure Statement* (RE: related document(s)92 Amended Disclosure Statement). Filed by Creditors Chandra Parekh, Pramod Parekh, Shenal Shah Arimilli, Trustee of the Shah Living Trust, Jyotsna Shah, Trustee of the Shah Living Trust (Attachments: 1 Certificate of Service) (Novack, Charles) (Entered: 08/24/2009) |
| 08/31/2009 | | Courtroom Hearing Continued (RE: Disclosure Statement - related document(s) 80 ) (Continued to 10/16/2009 09:30 AM at San Francisco Courtroom 23 - Carlson) (Confirmation to be heard on 10/16/09. Creditor to show amount owed by 9/14/09, debtor to provide proof of arrears by 10/2/09. Court to do order.)(gh) (Entered: 08/31/2009) |
| 09/11/2009 | 100 (5 pgs; 2 docs) | Order: (1) Approving First Amended Disclosure Statement; (2) Setting Schedule For Exchange Of Information; And (3) Setting Schedule For Confirmation Of Chapter 11 Plan. (RE: related document(s)92 Amended Disclosure Statement filed by Debtor Michael Jarriett Shelby). **Hearing scheduled for 10/16/2009 at 09:30 AM at San Francisco Courtroom 23 - Carlson.** (mw) (Entered: 09/15/2009) |
| 09/14/2009 | 97 (8 pgs) | Amended Chapter 11 Plan Filed by Debtor Michael Jarriett Shelby (RE: related document(s)79 Chapter 11 Plan filed by Debtor Michael Jarriett Shelby). (Beiden, James) (Entered: 09/14/2009) |
| 09/15/2009 | 98 (43 pgs; 9 docs) | Motion for Relief from Stay RS #KLJ-368, Fee Amount $150, Filed by Creditor Bank of America, |

| | | |
|---|---|---|
| | | National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certific (Attachments: 1 Declaration 2 Exhibit A3 Exhibit B4 Exhibit C5 Exhibit D6 Exhibit E7 Certificate of Service 8 RS Cover Sheet) (Johnson, Katherine) (Entered: 09/15/2009) |
| 09/15/2009 | 99 (2 pgs) | Notice of Hearing (RE: related document(s)98 Motion for Relief from Stay RS #KLJ-368, Fee Amount $150, Filed by Creditor Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certific). **Hearing scheduled for 10/5/2009 at 01:00 PM at San Francisco Courtroom 23 - Carlson.** Filed by Creditor Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certific (Johnson, Katherine) (Entered: 09/15/2009) |
| 09/15/2009 | | Receipt of filing fee for Motion for Relief From Stay (08-31440) [motion,mrlfsty] ( 150.00). Receipt number 9210395, amount $ 150.00 (U.S. Treasury) (Entered: 09/15/2009) |
| 09/17/2009 | 101 (5 pgs) | BNC Certificate of Mailing (RE: related document (s)100 Order To Set Hearing). Service Date 09/17/2009. (Admin.) (Entered: 09/17/2009) |
| 09/24/2009 | 102 (5 pgs; 2 docs) | Objection *to Bank of America's Motion for Relief* (RE: related document(s)98 Motion for Relief From Stay). Filed by Creditor California Home Loans (Attachments: 1 Certificate of Service) (Gonsalves, Amanda) (Entered: 09/24/2009) |
| 09/25/2009 | 103 (6 pgs; 3 docs) | Objection to Confirmation of Plan Filed by Creditor California Home Loans (Attachments: 1 Declaration 2 Certificate of Service) (Gonsalves, Amanda) (Entered: 09/25/2009) |
| 09/30/2009 | 104 (6 pgs) | Operating Report for Filing Period August 2009 Filed by Debtor Michael Jarriett Shelby (Beiden, James) (Entered: 09/30/2009) |

| | | |
|---|---|---|
| 10/05/2009 | | Courtroom Hearing Continued (RE: Motion for Relief From Stay - related document(s) 98 ) (Continued to 10/19/2009 09:30 AM at San Francisco Courtroom 23 - Carlson) (Debtor to make 1 regular payment by 10/15/09.)(gh) (Entered: 10/05/2009) |
| 10/09/2009 | 105 (5 pgs; 2 docs) | Objection to Confirmation of Plan Filed by Creditors Chandra Parekh, Pramod Parekh, Shenal Shah Arimilli, Trustee of the Shah Living Trust, Jyotsna Shah, Trustee of the Shah Living Trust (Attachments: 1 Certificate of Service) (Novack, Charles) (Entered: 10/09/2009) |
| 10/09/2009 | 106 (2 pgs) | Declaration of Pramod Parekh in Support of *Secured Creditors Objection to Debtor's Confirmation of Plan* (RE: related document(s)105 Objection to Confirmation of the Plan). Filed by Creditors Chandra Parekh, Pramod Parekh, Shenal Shah Arimilli, Trustee of the Shah Living Trust, Jyotsna Shah, Trustee of the Shah Living Trust (Novack, Charles) (Entered: 10/09/2009) |
| 10/09/2009 | 107 (41 pgs; 4 docs) | Declaration of Charles Novack in Support of *Secured Creditors' Objection to Debtor's Confirmation of Chapter 11 Plan* (RE: related document(s)105 Objection to Confirmation of the Plan). Filed by Creditors Chandra Parekh, Pramod Parekh, Shenal Shah Arimilli, Trustee of the Shah Living Trust, Jyotsna Shah, Trustee of the Shah Living Trust (Attachments: 1 Exhibit A - C2 Exhibit D3 Exhibit E and F) (Novack, Charles) (Entered: 10/09/2009) |
| 10/09/2009 | 108 (8 pgs; 3 docs) | Objection to Confirmation of Plan *with Exhibit and Proof of Service* Filed by Creditor Ocwen Loan Servicing, LLC (Attachments: 1 Exhibit A2 Certificate of Service) (Johnson, Katherine) (Entered: 10/09/2009) |
| 10/13/2009 | 109 (5 pgs; 2 docs) | Summary of Ballots Filed by Debtor Michael Jarriett Shelby (Attachments: 1 Exhibit Ballots Cast) (Beiden, James) (Entered: 10/13/2009) |
| 10/14/2009 | 110 (1 pg) | Withdrawal of Documents *Withdrawal of Request for Special Notice and Removal from Electronic Service List* (RE: related document(s)11 Request for |

| | | |
|---|---|---|
| | | Notice). Filed by Creditor Diversified Loan Services, Inc. (McEvoy, Laurence) (Entered: 10/14/2009) |
| 10/19/2009 | | Courtroom Hearing Continued (RE: Motion for Relief From Stay - related document(s) 98 ) (Continued to 11/6/2009 10:30 AM at San Francisco Courtroom 23 - Carlson) (Confirmation also continued to the same date.)(gh) (Entered: 10/19/2009) |
| 10/26/2009 | | **ERROR** PDF Reflects Incorrect Case Number. (RE: related document(s)104 Operating Report). (mw) (Entered: 10/26/2009) |
| 11/06/2009 | | Courtroom Hearing Continued (RE: Motion for Relief From Stay - related document(s) 98 ) (Continued to 12/11/2009 11:00 AM at San Francisco Courtroom 23 - Carlson) (gh) (Entered: 11/06/2009) |
| 12/03/2009 | 111 (7 pgs) | Operating Report for Filing Period July 2009 Filed by Debtor Michael Jarriett Shelby (Beiden, James) (Entered: 12/03/2009) |
| 12/03/2009 | 112 (8 pgs) | Operating Report for Filing Period September 2009 Filed by Debtor Michael Jarriett Shelby (Beiden, James) (Entered: 12/03/2009) |
| 12/08/2009 | | Request to Remove Primary and All Secondary E-Mail Addresses from Case . Filed by Creditor Diversified Loan Services, Inc. (McEvoy, Laurence) (Entered: 12/08/2009) |
| 12/09/2009 | 113 (5 pgs; 2 docs) | Status Conference Statement (RE: related document (s)Hearing Continued/Rescheduled Courtroom). Filed by Debtor Michael Jarriett Shelby (Attachments: 1 Exhibit service list) (Beiden, James) (Entered: 12/09/2009) |
| 12/11/2009 | | Courtroom Hearing Continued (RE: Motion for Relief From Stay - related document(s) 98 ) (Continued to 1/4/2010 09:15 AM at San Francisco Courtroom 23 - Carlson) (gh) (Entered: 12/11/2009) |
| 12/22/2009 | 114 (8 pgs; 2 docs) | Order Granting (RE: related document(s)46 Granting Motion for Relief From Stay filed by Creditor California Home Loans). (mw) (Entered: 12/23/2009) |

| | | |
|---|---|---|
| 12/25/2009 | 115 (8 pgs) | BNC Certificate of Mailing (RE: related document (s)114 Order Granting Related Motion/Application). Service Date 12/25/2009. (Admin.) (Entered: 12/25/2009) |
| 12/29/2009 | 116 (8 pgs) | Second Amended Chapter 11 Plan Filed by Debtor Michael Jarriett Shelby (RE: related document(s)97 Amended Chapter 11 Plan filed by Debtor Michael Jarriett Shelby). (Beiden, James) (Entered: 12/29/2009) |
| 12/30/2009 | 117 (3 pgs) | Operating Report for Filing Period October 2009 Filed by Debtor Michael Jarriett Shelby (Beiden, James) (Entered: 12/30/2009) |
| 12/30/2009 | 118 (3 pgs) | Operating Report for Filing Period November 2009 Filed by Debtor Michael Jarriett Shelby (Beiden, James) (Entered: 12/30/2009) |
| 01/04/2010 | | Courtroom Hearing Continued (RE: Motion for Relief From Stay - related document(s) 98 ) (Continued to 1/25/2010 09:30 AM at San Francisco Courtroom 23 - Carlson) (Plan can be confirmed with conditions, matter continued to 1/25/09. Parties can submit stipulation prior to next hearing to take off matter.)(gh) (Entered: 01/04/2010) |
| 01/25/2010 | | Courtroom Hearing Continued (RE: Motion for Relief From Stay - related document(s) 98 ) **(Continued to 2/1/2010 09:30 AM at San Francisco Courtroom 23 - Carlson)** (gh) (Entered: 01/25/2010) |
| 02/01/2010 | | Courtroom Hearing Continued (RE: Motion for Relief From Stay - related document(s) 98 ) **(Continued to 2/22/2010 09:30 AM at San Francisco Courtroom 23 - Carlson)** (Confirmation and relief from stay is continued to 2/22/10 at 9:30 AM.)(gh) (Entered: 02/01/2010) |
| 02/22/2010 | 119 (5 pgs) | Operating Report for Filing Period December 2009 Filed by Debtor Michael Jarriett Shelby (Beiden, James) (Entered: 02/22/2010) |
| 02/22/2010 | 120 (3 pgs) | Operating Report for Filing Period January 2010 Filed by Debtor Michael Jarriett Shelby (Beiden, James) (Entered: 02/22/2010) |

| | | |
|---|---|---|
| 02/22/2010 | | Courtroom Hearing Continued (RE: Motion for Relief From Stay - related document(s) 98 ) **(Continued to 3/15/2010 09:30 AM at San Francisco Courtroom 23 - Carlson)** (gh) (Entered: 02/22/2010) |
| 03/15/2010 | | Courtroom Hearing Continued (RE: Motion for Relief From Stay - related document(s) 98 ) **(Continued to 6/14/2010 09:30 AM at San Francisco Courtroom 23 - Carlson)** (gh) (Entered: 03/15/2010) |
| 03/29/2010 | 121 (4 pgs; 2 docs) | Motion to Withdraw as Attorney Filed by Attorney Charles Novack (Attachments: 1 Certificate of Service) (Novack, Charles) (Entered: 03/29/2010) |
| 03/29/2010 | 122 (2 pgs) | Declaration of Charles Novack in Support of *Motion to Withdraw as Counsel for Secured Creditors* (RE: related document(s)121 Motion to Withdraw as Attorney). Filed by Attorney Charles Novack (Novack, Charles) (Entered: 03/29/2010) |
| 03/29/2010 | 123 (1 pg) | Notice of Hearing (RE: related document(s)121 Motion to Withdraw as Attorney Filed by Attorney Charles Novack). **Hearing scheduled for 5/7/2010 at 09:30 AM at San Francisco Courtroom 23 - Carlson.** Filed by Attorney Charles Novack (Novack, Charles) (Entered: 03/29/2010) |
| 04/01/2010 | 124 (8 pgs; 2 docs) | Declaration of Ashish Shah in Support of *Order Granting Relief From the Automatic Stay* Filed by Creditors Pramod and Chandra Parekh, Shenal Shah Arimilli, Trustee of the Shah Living Trust, Jyotsna Shah, Trustee of the Shah Living Trust (Attachments: 1 Certificate of Service) (Novack, Charles) (Entered: 04/01/2010) |
| 04/13/2010 | 125 (6 pgs; 2 docs) | Motion for 2004 Examination Filed by Creditors Pramod and Chandra Parekh, Shenal Shah Arimilli, Trustee of the Shah Living Trust, Jyotsna Shah, Trustee of the Shah Living Trust (Attachments: 1 Certificate of Service) (Novack, Charles) (Entered: 04/13/2010) |
| 04/14/2010 | 126 (4 pgs; 2 docs) | Order Granting Motion for Relief From Stay (Related Doc # 53) (mw) (Entered: 04/15/2010) |
| 04/16/2010 | | |

| | | |
|---|---|---|
| | 128 (3 pgs; 2 docs) | Order To Appear For Examination And To Produce Documents Pursuant To F.R.B.P. 2004. (Related Doc # 125) (mw) (Entered: 04/19/2010) |
| 04/17/2010 | 127 (4 pgs) | BNC Certificate of Mailing (RE: related document (s)126 Order on Motion for Relief From Stay). Service Date 04/17/2010. (Admin.) (Entered: 04/17/2010) |
| 04/21/2010 | 129 (3 pgs; 2 docs) | Notice of Continued Hearing (RE: related document (s)121 Motion to Withdraw as Attorney Filed by Attorney Charles Novack). **Hearing to be held on 5/10/2010 at 9:30 AM San Francisco Courtroom 23 - Carlson for 121,** Filed by Attorney Charles Novack (Attachments: 1 Certificate of Service) (Novack, Charles) (Entered: 04/21/2010) |
| 04/21/2010 | 130 (3 pgs) | BNC Certificate of Mailing (RE: related document (s)128 Order on Motion for Examination). Service Date 04/21/2010. (Admin.) (Entered: 04/21/2010) |
| 04/26/2010 | 131 (16 pgs; 3 docs) | Ex Parte Declaration of Amanda Gonsalves in re: Debtor's Default on Order on Stipulation of *Debtor and CHL for Relief from the Automatic Stay* (RE: related document(s)114 Order Granting Related Motion/Application). Filed by Creditor California Home Loans (Attachments: 1 Exhibit A & B2 Certificate of Service) (Gonsalves, Amanda) (Entered: 04/26/2010) |
| 05/06/2010 | 132 (4 pgs; 2 docs) | Order Terminating The Automatic Stay. (Related Doc # 46) (mw) (Entered: 05/06/2010) |
| 05/06/2010 | 133 (6 pgs; 3 docs) | Notice of Entry of Order Regarding: *Order Terminating the Automatic Stay* (RE: related document(s)132 Order Terminating The Automatic Stay.). Filed by Creditor California Home Loans (Attachments: 1 Exhibit 2 Certificate of Service) (Gonsalves, Amanda) (Entered: 05/06/2010) |
| 05/08/2010 | 134 (4 pgs) | BNC Certificate of Mailing (RE: related document (s)132 Order on Motion for Relief From Stay). Service Date 05/08/2010. (Admin.) (Entered: 05/08/2010) |
| 05/10/2010 | | Courtroom Hearing Held (RE: Motion to Withdraw as Attorney - related document(s) 121 ) (Motion is granted, order to follow.)(gh) (Entered: 05/10/2010) |

| | | |
|---|---|---|
| 05/10/2010 | 135 (3 pgs; 2 docs) | Order Granting Withdrawal As Counsel For Secured Creditors. (Related Doc # 121) (mw) (Entered: 05/11/2010) |
| 05/13/2010 | 136 (3 pgs) | BNC Certificate of Mailing (RE: related document (s)135 Order on Motion to Withdraw as Attorney). Service Date 05/13/2010. (Admin.) (Entered: 05/13/2010) |
| 06/14/2010 | | Courtroom Hearing Continued (RE: Motion for Relief From Stay - related document(s) 98 ) **(Continued to 9/7/2010 09:30 AM at San Francisco Courtroom 23 - Carlson)** (gh) (Entered: 06/14/2010) |
| 07/09/2010 | 137 (5 pgs) | Operating Report for Filing Period February 2010 Filed by Debtor Michael Jarriett Shelby (Beiden, James) (Entered: 07/09/2010) |
| 07/09/2010 | 138 (4 pgs) | Operating Report for Filing Period March 2010 Filed by Debtor Michael Jarriett Shelby (Beiden, James) (Entered: 07/09/2010) |
| 07/09/2010 | 139 (3 pgs) | Operating Report for Filing Period April 2010 Filed by Debtor Michael Jarriett Shelby (Beiden, James) (Entered: 07/09/2010) |
| 07/09/2010 | 140 (3 pgs) | Operating Report for Filing Period May 2010 Filed by Debtor Michael Jarriett Shelby (Beiden, James) (Entered: 07/09/2010) |
| 07/13/2010 | | ****ERROR**** Incorrect Case Number 08-3144 appears on PDF. (RE: related document(s)137 Operating Report, 138 Operating Report, 139 Operating Report). (mw) Modified on 7/13/2010 (mw). (Entered: 07/13/2010) |
| 09/07/2010 | | Courtroom Hearing Continued (RE: Motion for Relief From Stay - related document(s) 98 ) **(Continued to 11/8/2010 09:30 AM at San Francisco Courtroom 23 - Carlson)** (1st deed can file notice of default, Court to do order.)(gh) (Entered: 09/07/2010) |
| 09/14/2010 | 141 (2 pgs) | Order Re Bank Of America, National Association Motion For Relief From Stay. (RE: related document (s)98 Motion for Relief From Stay filed by Creditor |

| | | |
|---|---|---|
| | | Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certific). **Hearing scheduled for 11/8/2010 at 01:00 PM at San Francisco Courtroom 23 - Carlson.** (mw) (Entered: 09/17/2010) |
| 11/08/2010 | | Courtroom Hearing Held (RE: Motion for Relief From Stay - related document(s) 98 ) (Motion is granted, order to be uploaded.)(gh) (Entered: 11/08/2010) |
| 11/16/2010 | 142 (3 pgs) | Certificate of Service (RE: related document(s)98 Motion for Relief From Stay). Filed by Creditor Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certific (Ozel, Gabriel) (Entered: 11/16/2010) |
| 11/17/2010 | 143 (4 pgs; 2 docs) | Order Granting (RE: related document(s)98 Granting Motion for Relief From Stay filed by Creditor Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certific). (dc) (Entered: 11/18/2010) |
| 11/20/2010 | 144 (4 pgs) | BNC Certificate of Mailing (RE: related document (s)143 Order Granting Related Motion/Application). Service Date 11/20/2010. (Admin.) (Entered: 11/20/2010) |
| 12/28/2010 | 145 (2 pgs) | Motion to Dismiss Case Filed by Debtor Michael Jarriett Shelby (Beiden, James) (Entered: 12/28/2010) |
| 12/28/2010 | 146 (4 pgs; 2 docs) | Notice of Hearing (RE: related document(s)145 Motion to Dismiss Case Filed by Debtor Michael Jarriett Shelby). Hearing scheduled for 1/24/2011 at 09:30 AM at San Francisco Courtroom 23 - Carlson. Filed by Debtor Michael Jarriett Shelby (Attachments: 1 Exhibit service list) (Beiden, James) (Entered: 12/28/2010) |
| 12/28/2010 | 147 (1 pg) | Declaration of James F. Beiden in support of motion to dismiss of (RE: related document(s)145 Motion to |

| | | |
|---|---|---|
| | | Dismiss Case). Filed by Debtor Michael Jarriett Shelby (Beiden, James) (Entered: 12/28/2010) |
| 01/10/2011 | 148 (1 pg) | Declaration of Michael J. Shelby in support of motion to dismiss of (RE: related document(s)145 Motion to Dismiss Case). Filed by Debtor Michael Jarriett Shelby (Beiden, James) (Entered: 01/10/2011) |
| 01/24/2011 | | Courtroom Hearing Held (RE: Motion to Dismiss Case - related document(s) 145 ) (Motion to dismiss is granted on condition that United States Trustee fees are paid. Order to be uploaded.)(gh) (Entered: 01/24/2011) |
| 02/10/2011 | 149 (4 pgs; 2 docs) | Certificate of Service (RE: related document(s)145 Motion to Dismiss Case). Filed by U.S. Trustee Office of the U.S. Trustee / SF (Attachments: 1 Proposed Order Dismissing Case) (Loo, Minnie) (Entered: 02/10/2011) |
| 02/11/2011 | 150 (5 pgs; 4 docs) | Order Dismissing Case . (akb) (Entered: 02/14/2011) |
| 02/16/2011 | 151 (3 pgs) | BNC Certificate of Mailing - Notice of Dismissal. (RE: related document(s)150 Order to Dismiss Case). Service Date 02/16/2011. (Admin.) (Entered: 02/16/2011) |
| 02/16/2011 | 152 (3 pgs) | BNC Certificate of Mailing (RE: related document (s)150 Order to Dismiss Case). Service Date 02/16/2011. (Admin.) (Entered: 02/16/2011) |
| 02/25/2011 | | Bankruptcy Case Closed. (akb) (Entered: 02/25/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/02/2015 09:24:13 | | | |
| **PACER Login:** | wf0265:2661496:0 | **Client Code:** | Shelby |
| **Description:** | Docket Report | **Search Criteria:** | 08-31440 Fil or Ent: filed To: 2/2/2015 Doc From: 0 Doc To: 99999999 Term: |

| | | | |
|---|---|---|---|
| | | | included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 15 | **Cost:** | 1.50 |

# EXHIBIT "D"

B1 (Official Form 1) (4/10)

# United States Bankruptcy Court
# Northern District of California

**Voluntary Petition**

Name of Debtor (if individual, enter Last, First, Middle):
**Shelby, Glenda M.**

Name of Joint Debtor (Spouse) (Last, First, Middle):

All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names):

All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names):

Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **0577**

Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all):

Street Address of Debtor (No. & Street, City, State & Zip Code):
**1029 Laguna Ave.**
**Burlingame, CA**
ZIPCODE **94010**

Street Address of Joint Debtor (No. & Street, City, State & Zip Code):
ZIPCODE

County of Residence or of the Principal Place of Business:
**San Mateo**

County of Residence or of the Principal Place of Business:

Mailing Address of Debtor (if different from street address)
ZIPCODE

Mailing Address of Joint Debtor (if different from street address):
ZIPCODE

Location of Principal Assets of Business Debtor (if different from street address above):
ZIPCODE

**Type of Debtor**
(Form of Organization)
(Check **one** box.)

- ☑ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check **one** box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)

- ☑ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

**Check one box:**

- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**

- ☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

**Check all applicable boxes:**

- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☑ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☑ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☑ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Shelby, Glenda M.** | |
|---|---|---|
| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
| Location Where Filed: **None** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| Name of Debtor: **None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.

X ***/s/ Gary R Brenner*** **10/27/10**

Signature of Attorney for Debtor(s) Date

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

**Information Regarding the Debtor - Venue**

(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**

(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

(Name of landlord or lessor that obtained judgment)

(Address of landlord or lessor)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**Voluntary Petition**
*(This page must be completed and filed in every case)*

Name of Debtor(s):
**Shelby, Glenda M.**

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ***/s/ Glenda M. Shelby***
Signature of Debtor **Glenda M. Shelby**

X ____________________
Signature of Joint Debtor

____________________
Telephone Number (If not represented by attorney)

**October 27, 2010**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X ____________________
Signature of Foreign Representative

____________________
Printed Name of Foreign Representative

____________________
Date

### Signature of Attorney*

X ***/s/ Gary R Brenner***
Signature of Attorney for Debtor(s)

**Gary R Brenner 79446**
**Gary R. Brenner**
**630 North San Mateo Drive**
**San Mateo, CA 94401**
**(650) 348-2044 Fax: (650) 343-9646**
**mortolabrenner@fastmail.fm**

**October 27, 2010**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ____________________
Signature of Authorized Individual

____________________
Printed Name of Authorized Individual

____________________
Title of Authorized Individual

____________________
Date

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

____________________
Printed Name and title, if any, of Bankruptcy Petition Preparer

____________________
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

____________________
Address

____________________

X ____________________
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

____________________
Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6 Summary (Form 6 - Summary) (12/07)

**United States Bankruptcy Court**
**Northern District of California**

**IN RE:** Case No.

**Shelby, Glenda M.** Chapter **13**

Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 1,175,000.00 | | |
| B - Personal Property | Yes | 3 | $ 50,900.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 391,665.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 6,100.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $ 1,146.77 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 6,261.89 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 5,131.00 |
| TOTAL | | 13 | $ 1,225,900.00 | $ 398,911.77 | |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Form 6 - Statistical Summary (12/07)

**United States Bankruptcy Court**
**Northern District of California**

**IN RE:** Case No. ____________

**Shelby, Glenda M.** Chapter **13**

Debtor(s)

**STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)**

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ **0.00** |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ **6,100.00** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ **0.00** |
| Student Loan Obligations (from Schedule F) | $ **0.00** |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ **0.00** |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ **0.00** |
| **TOTAL** | $ **6,100.00** |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ **6,261.89** |
| Average Expenses (from Schedule J, Line 18) | $ **5,131.00** |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ **3,401.95** |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ **166,665.00** |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ **6,100.00** | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ **0.00** |
| 4. Total from Schedule F | | $ **1,146.77** |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ **167,811.77** |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6A (Official Form 6A) (12/07)

IN RE Shelby, Glenda M. Debtor(s) Case No. (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Owns a Triplex rental property located at 1760 New Horizon Drive Manteca, CA. 95336** | | | **225,000.00** | **391,665.00** |
| **Residential Real Porperty at 1029 Laguna Ave, Burlingame, Ca 94010**<br>**Deed in lieu of forclosure effected October 27, 2010** | | | **950,000.00** | **0.00** |
| | | TOTAL | **1,175,000.00** | |

(Report also on Summary of Schedules)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07)

IN RE Shelby, Glenda M. Debtor(s) Case No. (If known)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | **Cash on hand** | | **100.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking account at Union Health Credit Union** | | **1,200.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | **Household goods** | | **600.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Books, pictures and art** | | **200.00** |
| 6. Wearing apparel. | | **Wearing apparel** | | **950.00** |
| 7. Furs and jewelry. | | **Jewelry** | | **825.00** |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Interest in Term Life insurance-No cash value** | | **0.00** |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Interest in a 401K pension plan** | | **40,000.00** |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Stock and interest** | | **800.00** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

IN RE **Shelby, Glenda M.** Case No. ____________
Debtor(s) (If known)

## SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1995 Toyota Tacoma Truck Mileage: 178,473** | | **2,700.00** |
| | | **2003 Ford Focus Mileage: 154,741** | | **3,525.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

IN RE **Shelby, Glenda M.** Case No. ____________
Debtor(s) (If known)

## SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | TOTAL | **50,900.00** |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

**0** continuation sheets attached

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6C (Official Form 6C) (04/10)

IN RE **Shelby, Glenda M.** Case No. ____________
Debtor(s) (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $146,450. *

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE A - REAL PROPERTY** | | | |
| Residential Real Porperty at 1029 Laguna Ave, Burlingame, Ca 94010 Deed in lieu of forclosure effected October 27, 2010 | CCCP § 703.140(b)(1) | 22,075.00 | 950,000.00 |
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| Cash on hand | CCCP § 703.140(b)(5) | 100.00 | 100.00 |
| Checking account at Union Health Credit Union | CCCP § 703.140(b)(5) | 1,200.00 | 1,200.00 |
| Household goods | CCCP § 703.140(b)(3) | 600.00 | 600.00 |
| Books, pictures and art | CCCP § 703.140(b)(3) | 200.00 | 200.00 |
| Wearing apparel | CCCP § 703.140(b)(3) | 950.00 | 950.00 |
| Jewelry | CCCP § 703.140(b)(4) | 825.00 | 825.00 |
| Interest in a 401K pension plan | CCCP § 703.140(b)(10)(E) | 40,000.00 | 40,000.00 |
| Stock and interest | CCCP § 703.140(b)(5) | 800.00 | 800.00 |
| 1995 Toyota Tacoma Truck Mileage: 178,473 | CCCP § 703.140(b)(5) | 2,700.00 | 2,700.00 |
| 2003 Ford Focus Mileage: 154,741 | CCCP § 703.140(b)(2) | 3,525.00 | 3,525.00 |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

* *Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6D (Official Form 6D) (12/07)

IN RE **Shelby, Glenda M.** Case No. ______________
Debtor(s) (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**H. Frank Wentholt**<br>**1528 South El Camino Real**<br>**San Mateo, CA 94402** | | | **Second mortgage on real property located at 1760 New Horizon Drive Manteca, CA. 95336**<br>VALUE $ **225,000.00** | | | | **42,165.00** | |
| ACCOUNT NO.<br>**David Finkelstein**<br>**1528 El Camino Real 306**<br>**San Mateo, CA 94402** | | | **Assignee or other notification for: H. Frank Wentholt**<br>VALUE $ | | | | | |
| ACCOUNT NO. **2678050**<br>**Ocwen Loan Service**<br>**P.O. Box 785057**<br>**Orlando, FL 32878** | | | **First mortgage on Triplex rental property located at 1760 New Horizon Drive Manteca, CA. 95336**<br>VALUE $ **225,000.00** | | | | **130,000.00** | |
| ACCOUNT NO.<br>**Parekh**<br>**123 Sunset Ave.**<br>**Sunnyvale, CA 94086** | | | **Third mortgage on real property located at 1760 New Horizon Drive Manteca, CA. 95336**<br>VALUE $ **225,000.00** | | | | **219,500.00** | **166,665.00** |
| **0** continuation sheets attached | | | Subtotal (Total of this page) | | | | $ **391,665.00** | $ **166,665.00** |
| | | | Total (Use only on last page) | | | | $ **391,665.00** | $ **166,665.00** |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (04/10)

IN RE Shelby, Glenda M. Debtor(s) Case No. (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

1 continuation sheets attached

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (04/10) - Cont.

IN RE **Shelby, Glenda M.** Debtor(s) Case No. (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

### Taxes and Other Certain Debts Owed to Governmental Units

(Type of Priority for Claims Listed on This Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Internal Revenue Services**<br>**Insolvency, Mail Stop 1400S**<br>**1301 Clay Street**<br>**Oakland, CA 94612-5217** | | | **2004 Tax debt** | | | | **6,100.00** | **6,100.00** | |
| ACCOUNT NO.<br>**Internal Revenue Services**<br>**Insolvency, Mail Stop 1400S**<br>**1301 Clay Street**<br>**Oakland, CA 94612-5217** | | | **2009 Federal tax debt** | | | | **unknown** | | |
| ACCOUNT NO.<br>**Internal Revenue Services**<br>**Insolvency, Mail Stop 1400S**<br>**1301 Clay Street**<br>**Oakland, CA 94612-5217** | | | **2008 Federal tax debt** | | | | **unknown** | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |

| | | | |
|---|---|---|---|
| Sheet no. **1** of **1** continuation sheets attached to Schedule of Creditors Holding Unsecured Priority Claims — Subtotal (Totals of this page) | $ **6,100.00** | $ **6,100.00** | $ |
| Total (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ **6,100.00** | | |
| Total (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ **6,100.00** | $ |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07)

IN RE **Shelby, Glenda M.** Case No. ____________

Debtor(s) (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **4121-7425-3880-9248**<br>**Capital One**<br>**P.O. Box 60599**<br>**City Of Industry, CA 91716-0599** | | | | | | | **677.22** |
| ACCOUNT NO. **5178-0526-4368-5825**<br>**Capital One**<br>**P.O. Box 60599**<br>**City Of Industry, CA 91716-0599** | | | | | | | **469.55** |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

**0** continuation sheets attached

Subtotal (Total of this page) $ **1,146.77**

Total (Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $ **1,146.77**

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6G (Official Form 6G) (12/07)

IN RE Shelby, Glenda M. Debtor(s) Case No. (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
| --- | --- |
| | |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6H (Official Form 6H) (12/07)

IN RE Shelby, Glenda M. Debtor(s) Case No. (If known)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **1029 Laguna Ave.**<br>**Burlingame, CA 94010** | **(nondebtor spouse)** |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6I (Official Form 6I) (12/07)

IN RE **Shelby, Glenda M.** Case No. ____________
Debtor(s) (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): | AGE(S): |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Disabled/Retired** | **Driver** |
| Name of Employer | | **DCS** |
| How long employed | | **1 Year** |
| Address of Employer | | **1137 Bryan Ave.**<br>**San Jose, CA. 95116** |

| **INCOME:** (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ | $ **1,146.17** |
| 2. Estimated monthly overtime | $ | $ |
| **3. SUBTOTAL** | $ **0.00** | $ **1,146.17** |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and Social Security | $ | $ **100.27** |
| b. Insurance | $ | $ |
| c. Union dues | $ | $ |
| d. Other (specify) | $ | $ |
| | $ | $ |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $ **0.00** | $ **100.27** |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $ **0.00** | $ **1,045.90** |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | $ |
| 8. Income from real property | $ | $ **2,000.00** |
| 9. Interest and dividends | $ | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | $ |
| 11. Social Security or other government assistance (Specify) **Social Security** | $ **1,790.00** | $ **1,426.00** |
| | $ | $ |
| 12. Pension or retirement income | $ | $ |
| 13. Other monthly income (Specify) | $ | $ |
| | $ | $ |
| | $ | $ |
| **14. SUBTOTAL OF LINES 7 THROUGH 13** | $ **1,790.00** | $ **3,426.00** |
| **15. AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | $ **1,790.00** | $ **4,471.90** |

**16. COMBINED AVERAGE MONTHLY INCOME:** (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) $ **6,261.90**

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6J (Official Form 6J) (12/07)

IN RE **Shelby, Glenda M.** Case No. ______
Debtor(s) (If known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| Item | Amount |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ **2,375.00** |
| a. Are real estate taxes included? Yes ____ No ✓ | |
| b. Is property insurance included? Yes ____ No ✓ | |
| 2. Utilities: | |
| a. Electricity and heating fuel | $ **70.00** |
| b. Water and sewer | $ **260.00** |
| c. Telephone | $ **130.00** |
| d. Other **Garbage** | $ **40.00** |
| | $ |
| 3. Home maintenance (repairs and upkeep) | $ |
| 4. Food | $ **270.00** |
| 5. Clothing | $ **35.00** |
| 6. Laundry and dry cleaning | $ |
| 7. Medical and dental expenses | $ **368.00** |
| 8. Transportation (not including car payments) | $ **100.00** |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ |
| 10. Charitable contributions | $ **260.00** |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
| a. Homeowner's or renter's | $ |
| b. Life | $ |
| c. Health | $ **85.00** |
| d. Auto | $ **113.00** |
| e. Other | $ |
| | $ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify) | $ |
| | $ |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | |
| a. Auto | $ |
| b. Other | $ |
| | $ |
| 14. Alimony, maintenance, and support paid to others | $ |
| 15. Payments for support of additional dependents not living at your home | $ |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ |
| 17. Other **First Mortgage On Rental** | $ **1,025.00** |
| **Second Mortgage On Rental** | $ |
| | $ |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data. $ **5,131.00**

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**

| | |
|---|---|
| a. Average monthly income from Line 15 of Schedule I | $ **6,261.89** |
| b. Average monthly expenses from Line 18 above | $ **5,131.00** |
| c. Monthly net income (a. minus b.) | $ **1,130.89** |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6 Declaration (Official Form 6 - Declaration) (12/07)

IN RE **Shelby, Glenda M.** Debtor(s) Case No. ______ (If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **15** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: **October 27, 2010** Signature: ***/s/ Glenda M. Shelby***
**Glenda M. Shelby** Debtor

Date: ______ Signature: ______
(Joint Debtor, if any)

[If joint case, both spouses must sign.]

---

DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer

Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

Address

Signature of Bankruptcy Petition Preparer

Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the ______ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the ______ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ______ sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: ______ Signature: ______

(Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B7 (Official Form 7) (04/10)

**United States Bankruptcy Court**
**Northern District of California**

**IN RE:** Case No. ____________

**Shelby, Glenda M.** Chapter **13**

Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**1. Income from employment or operation of business**

None ☐ State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **10,484.00** | **2010 Income from wages year to date** |
| **10,000.00** | **2009 Income from wages last year** |
| **3,400.00** | **2008 Income from wages the year before last** |

**2. Income other than from employment or operation of business**

None ☐ State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **17,000.00** | **2010 Income from rental year to date** |
| **17,900.00** | **2010 Income from social security year to date** |
| **18,000.00** | **2009 Income from rental last year** |
| **21,480.00** | **2009 Income from social security last year** |
| **0.00** | **2008 Income from rental the year before last -0-** |
| **21,480.00** | **2008 Income from social security the year before last** |

**3. Payments to creditors**
***Complete a. or b., as appropriate, and c.***

None ☑ *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850.* If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

** Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☑ *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☑ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**5. Repossessions, foreclosures and returns**

None ☐ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **California Home Loan**<br>**Deed In Lieu Of Foreclosure** | **10/27/2010** | **1029 Laguna Ave. Burlingame, CA. 94010**<br>**worth $999,000** |

**6. Assignments and receiverships**

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**8. Losses**

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Gary R. Brenner**<br>**Attorney At Law**<br>**630 North San Mateo Drive**<br>**San Mateo, CA 94401** | **10/25/2010** | **2,000.00** |

**10. Other transfers**

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**16. Spouses and Former Spouses**

None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None ☑ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: **October 27, 2010** Signature of Debtor ***/s/ Glenda M. Shelby***
**Glenda M. Shelby**

Date: ____________ Signature of Joint Debtor (if any) ____________

**0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 152 and 3571.*

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**
**Northern District of California**

**IN RE:** Case No. ______________

**Shelby, Glenda M.** Chapter **13**

Debtor(s)

**CREDITOR MATRIX COVER SHEET**

I declare that the attached Creditor Mailing Matrix, consisting of **1** sheets, contains the correct, complete and current names and addresses of all priority, secured and unsecured creditors listed in debtor's filing and that this matrix conforms with the Clerk's promulgated requirements.

DATED: **October 27, 2010**

***/s/ Gary R Brenner***
Signature of Debtor's Attorney or Pro Per Debtor

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Capital One
P.O. Box 60599
City Of Industry, CA 91716-0599

David Finkelstein
1528 El Camino Real 306
San Mateo, CA 94402

H. Frank Wentholt
1528 South El Camino Real
San Mateo, CA 94402

Internal Revenue Services
Insolvency, Mail Stop 1400S
1301 Clay Street
Oakland, CA 94612-5217

Ocwen Loan Service
P.O. Box 785057
Orlando, FL 32878

Parekh
123 Sunset Ave.
Sunnyvale, CA 94086

**United States Bankruptcy Court**
**Northern District of California**

**IN RE:** Case No. ______________

**Shelby, Glenda M.** Chapter **13**

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept . . . . . $ **5,050.00**

Prior to the filing of this statement I have received . . . . . $ **2,000.00**

Balance Due . . . . . $ **3,050.00**

2. The source of the compensation paid to me was: ☑ Debtor ☐ Other (specify):

3. The source of compensation to be paid to me is: ☑ Debtor ☐ Other (specify):

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters~~;
   e. [Other provisions as needed]

6. By agreement with the debtor(s), the above disclosed fee does not include the following services:

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**October 27, 2010**
Date

***/s/ Gary R Brenner***

**Gary R Brenner 79446**
**Gary R. Brenner**
**630 North San Mateo Drive**
**San Mateo, CA 94401**
**(650) 348-2044 Fax: (650) 343-9646**
**mortolabrenner@fastmail.fm**

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days. For further information, see note at bottom of page 2**

**UNITED STATES BANKRUPTCY COURT**

**NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b) OF THE BANKRUPTCY CODE**

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a joint case (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**1. Services Available from Credit Counseling Agencies**

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

**2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your

discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009. Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

B201B (Form 201B) (12/09)

**United States Bankruptcy Court**
**Northern District of California**

**IN RE:** Case No. ______________

**Shelby, Glenda M.** Chapter **13**

Debtor(s)

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor the attached notice, as required by § 342(b) of the Bankruptcy Code.

______________________________

Printed Name and title, if any, of Bankruptcy Petition Preparer
Address:

______________________________

______________________________

**X** ______________________________

Signature of Bankruptcy Petition Preparer of officer, principal, responsible person, or partner whose Social Security number is provided above.

______________________________

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Shelby, Glenda M.**
Printed Name(s) of Debtor(s)

**X** ***/s/ Glenda M. Shelby*** **10/27/2010**
Signature of Debtor Date

Case No. (if known) ______________

**X** ______________________________
Signature of Joint Debtor (if any) Date

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

---

**Instructions:** Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# EXHIBIT "E"

| UNITED STATES BANKRUPTCY COURT <u>NORTHERN</u>        DISTRICT OF <u>CALIFORNIA</u> | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>Shelby,M.,Glenda | Case Number: 10-34264 |
|---|---|

*NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. Sec. 503.*

| | |
|---|---|
| Name of Creditor(the person or other entity to whom the debtor owes money or property): U.S. Bank National Association, as Trustee for the Certificateholders of the Mortgage Pass-Through Certificates 1997-R2 | ☐ Check this box to indicate that this claim amends a previously filed claim.<br>**Court Claim Number:**<br>*(If known)* |
| Name and address where notices should be sent<br>Ocwen Loan Servicing, LLC<br>Attn:Bankruptcy Department<br>1661 Worthington Rd<br>Suite 100<br>West Palm Beach, FL 33409<br>Phone No: 1-888-554-6599<br>Fax No: 407-737-5634 | Filed on: |

| Name and address where payments should be sent<br>Ocwen Loan Servicing, LLC<br>Attn: Cashiering Department<br>1661 Worthington Rd<br>Suite 100<br>West Palm Beach, FL 33409 | Trustee payments need to be sent to the below:<br>Ocwen Loan Servicing, LLC<br>Attn: Cashiering Department<br>P.O. Box 24781<br>West Palm Beach, FL 33416-4781 | ☐ Check Box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check this box if you are the debtor or trustee in this case. |
|---|---|---|

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**    $ 128019.17<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete   item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. Sec 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. Sec 507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:**      Money loaned<br>    (See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier 11 U.S.C. Sec 507 (a)(4). |
| **3. Last four digits of any number by which creditor identifies debtor:**   0577<br><br>   **3a. Debtor may have scheduled account as:**       8050<br>        (See instruction #2 on reverse side.) | |
| **4. Secured Claim**(See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ☒ Real Estate    ☐ Motor Vehicle    ☐ Other<br>Describe:<br>**Property Address:** 1760 , New Horizons Drive , Manteca , CALIFORNIA - 95336<br><br>**Value of Property:**  $ 350000.0    **Annual Interest Rate**  7.00000 %<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>**if any:** $ 33834.30    **Basis for perfection:**  Secured<br><br>**Amount of Secured Claim:**$ 128019.17    **Amount Unsecured:**   $ 0 | ☐ Contributions to an employee benefit plan 11 U.S.C. Sec 507 (a)(5).<br><br>☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use 11 U.S.C. Sec 507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units 11 U.S.C. Sec 507 (a)(8). |
| **6. Credits:**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other Specify applicable paragraph of 11 U.S.C. Sec 507 (a)(__). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.*(See definition of redacted on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br>If the documents are not available, please explain: | **Amount entitled to priority:**<br><br>$<br><br>*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date:<br>04/12/11 | Signature:The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|
| | /s/ Rushabh Shah, Assistant Manager | |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. Secs. 152 and 3571.*

created with evaluation software from www.xmlpdf.com

**EXHIBIT "A"**

**ITEMIZATION OF CLAIM**

| | |
|---|---|
| **Date of Filing:** | **10/27/2010** |
| **Case Number:** | **10-34264** |
| **Debtor:** | **Shelby,M.,Glenda** |
| **Creditor:** | **U.S. Bank National Association, as Trustee for the Certificateholders of the Mortgage Pass-Through Certificates 1997-R2** |

---

**Arrearage:**

| | | |
|---|---|---|
| **Monthly Payments:** | **$** | **26777.35** |
| **Late Charges:** | **$** | **251.36** |
| **Non Sufficient Fund Charges:** | **$** | **0.0** |
| **Escrow Advances:** | **$** | **0.0** |
| **Fees, Costs & Property Preservation Expenses:** | **$** | **7204.41** |
| **Securitized Interest Arrearage:** | **$** | **0.0** |
| **Interest on Claim:** | **$** | **0.0** |
| **POC Fee:** | **$** | **150.0** |
| **(Forbearance Suspense):** | **$ (** | **0.0 )** |
| **(Miscellaneous Suspense):** | **$ (** | **0.0 )** |
| **(Pre-Pet Suspense):** | **$ (** | **548.82 )** |
| **TOTAL ARREARAGE:** | **$** | **33834.3** |

---

***Post-Petition payment amount (including escrow if any) is** **$** **1029.89**

***Applicable in states where the trustee is required to make post-petition payments on debtors behalf***

***Subject to change according to terms of your note and mortgage***

created with evaluation software from www.xmlpdf.com

**P&I Schedule:**

| From | To | %Rate | Days | P&I |
|---|---|---|---|---|
| 09/15/2008 | 10/14/2008 | 7.00000 | 30 | 1030.22 |
| 10/15/2008 | 11/14/2008 | 7.00000 | 30 | 1029.89 |
| 11/15/2008 | 12/14/2008 | 7.00000 | 30 | 1029.89 |
| 12/15/2008 | 01/14/2009 | 7.00000 | 30 | 1029.89 |
| 01/15/2009 | 02/14/2009 | 7.00000 | 30 | 1029.89 |
| 02/15/2009 | 03/14/2009 | 7.00000 | 30 | 1029.89 |
| 03/15/2009 | 04/14/2009 | 7.00000 | 30 | 1029.89 |
| 04/15/2009 | 05/14/2009 | 7.00000 | 30 | 1029.89 |
| 05/15/2009 | 06/14/2009 | 7.00000 | 30 | 1029.89 |
| 06/15/2009 | 07/14/2009 | 7.00000 | 30 | 1029.89 |
| 07/15/2009 | 08/14/2009 | 7.00000 | 30 | 1029.89 |
| 08/15/2009 | 09/14/2009 | 7.00000 | 30 | 1029.89 |
| 09/15/2009 | 10/14/2009 | 7.00000 | 30 | 1029.89 |
| 10/15/2009 | 11/14/2009 | 7.00000 | 30 | 1029.88 |
| 11/15/2009 | 12/14/2009 | 7.00000 | 30 | 1029.88 |
| 12/15/2009 | 01/14/2010 | 7.00000 | 30 | 1029.88 |
| 01/15/2010 | 02/14/2010 | 7.00000 | 30 | 1029.88 |
| 02/15/2010 | 03/14/2010 | 7.00000 | 30 | 1029.88 |
| 03/15/2010 | 04/14/2010 | 7.00000 | 30 | 1029.88 |
| 04/15/2010 | 05/14/2010 | 7.00000 | 30 | 1029.88 |
| 05/15/2010 | 06/14/2010 | 7.00000 | 30 | 1029.88 |
| 06/15/2010 | 07/14/2010 | 7.00000 | 30 | 1029.88 |
| 07/15/2010 | 08/14/2010 | 7.00000 | 30 | 1029.88 |
| 08/15/2010 | 09/14/2010 | 7.00000 | 30 | 1029.88 |
| 09/15/2010 | 10/14/2010 | 7.00000 | 30 | 1029.88 |
| 10/15/2010 | 11/14/2010 | 7.00000 | 30 | 1029.89 |

created with evaluation software from www.xmlpdf.com

**EXHIBIT "B"**

**Payoff Information**

| | | | | | |
|---|---|---|---|---|---|
| **Unpaid Principal Balance:** | | | | **$** | **105745.11** |
| **Interest From:** | **09/15/2008** | **to** | **11/14/2010** | **$** | **15217.11** |
| **Late Charges:** | | | | **$** | **251.36** |
| **Non Sufficient Fund Charges:** | | | | **$** | **0.0** |
| **Escrow Advances:** | | | | **$** | **0.0** |
| **Fees, Costs & Property Preservation Expenses:** | | | | **$** | **7204.41** |
| **Securitized Interest Arrearage:** | | | | **$** | **0.0** |
| **Interest On Claim:** | | | | **$** | **0.0** |
| **POC Fee:** | | | | **$** | **150.0** |
| **(Miscellaneous Suspense):** | | | | **$ (** | **0.0 )** |
| **(Forbearance Suspense):** | | | | **$ (** | **0.0 )** |
| **(Pre-Pet Suspense):** | | | | **$ (** | **548.82 )** |
| **Payoff as of:** | **10/27/2010** | | | **$** | **128019.17** |
| **Per Diem Amount:** | | | | **$** | **20.56** |

created with evaluation software from www.xmlpdf.com

# Exhibit C

| Pre-Petition Fee,Costs & Property Preservation Expenses Breakdown | |
|---|---|
| | |
| Name: | Glenda M Shelby |
| Loan Number: | *******8050 |
| Case Number: | 10-34264 |
| | |
| | |
| Description | Amount |
| Foreclosure Cost | $135.00 |
| Foreclosure Cost | $137.50 |
| Foreclosure Cost | $364.79 |
| Foreclosure Cost | $526.50 |
| Foreclosure Cost | $390.00 |
| Foreclosure Cost | $79.00 |
| Bankruptcy Fee | $625.00 |
| Bankruptcy Cost | $150.00 |
| Bankruptcy Fee | $300.00 |
| Bankruptcy Cost | $150.00 |
| Bankruptcy Fee | $150.00 |
| Property Inspection Fee | $10.50 |
| Property Valuation Fee - BPO | $109.00 |
| Certified Mail Cost | $5.32 |
| Prior Payment Shortage | $0.40 |
| Maintenance | $210.00 |
| Prior Payment Shortage | $0.40 |
| Foreclosure Cost | $12.00 |
| Foreclosure Cost | $10.00 |
| Foreclosure Cost | $9.00 |
| Foreclosure Cost | $9.00 |
| Foreclosure Cost | $629.25 |
| Foreclosure Cost | $120.00 |
| Foreclosure Cost | $383.24 |
| Foreclosure Cost | $733.24 |
| Foreclosure Cost | $92.67 |
| Property Inspection Fee | $10.50 |
| Property Inspection Fee | $10.50 |
| Title Search | $400.00 |
| Property Inspection Fee | $10.50 |
| Property Inspection Fee | $10.50 |
| Property Valuation Fee - BPO | $109.00 |
| Certified Mail Cost | $5.21 |
| Prior Payment Shortage | $0.27 |

| | |
|---|---:|
| Certified Mail Cost | $5.21 |
| Certified Mail Cost | $5.21 |
| Prior Payment Shortage | $0.27 |
| Property Inspection Fee | $10.50 |
| Certified Mail Cost | $4.67 |
| Prior Payment Shortage | $0.27 |
| Certified Mail Cost | $4.67 |
| Prior Payment Shortage | $7.27 |
| Property Inspection Fee | $10.50 |
| Property Valuation Fee - BPO | $109.00 |
| Certified Mail Cost | $4.67 |
| Certified Mail Cost | $4.67 |
| Title Search | $400.00 |
| Certified Mail Cost | $4.67 |
| Property Inspection Fee | $10.50 |
| Property Inspection Fee | $10.50 |
| Certified Mail Cost | $4.67 |
| Property Valuation Fee - BPO | $109.00 |
| Certified Mail Cost | $4.67 |
| Prior Payment Shortage | $22.40 |
| Prior Payment Shortage | $22.40 |
| Prior Payment Shortage | $0.40 |
| Foreclosure Fee | $550.00 |
| | |
| Total | $7,204.41 |

91081982

PREPARED BY AND
AFTER RECORDING MAIL TO:

SAN JOAQUIN COUNTY RECORDER'S OFFICE
JAMES M. JOHNSTONE

1991 AUG 23 AM 8:00

RECORDED AT REQUEST OF

**Fidelity National Title Co.**

DEED OF TRUST

X

SPACE ABOVE THIS LINE FOR RECORDER'S USE

13-1

# Deed of Trust

(ADJUSTABLE INTEREST RATE)

LOAN AMOUNT $154,000.00

LOAN NO.
OFFICE NUMBER:
COUNTY CODE:

THIS DEED OF TRUST, made this 12TH DAY OF AUGUST, 1991, between MICHAEL J. SHELBY AND GLENDA M. SHELBY, HUSBAND AND WIFE, herein called "Trustor", whose address is 210 CYPRESS STREET, REDWOOD CITY, CA 94061
CALIFORNIA RECONVEYANCE COMPANY, A California corporation, herein called "Trustee", and GREAT WESTERN BANK, A FEDERAL SAVINGS BANK, herein called "Beneficiary",
WITNESSETH: That Trustor irrevocably grants, transfers, and assigns to Trustee in trust, with power of sale, that real property, property rights and interest in SAN JOAQUIN County, California, described as:

LOT ELEVEN (11), AS SHOWN UPON MAP ENTITLED, TRACT NO. 1441, NEW HORIZONS, FILED FOR RECORD JULY 2, 1979 IN BOOK 24, PAGE 85, SAN JOAQUIN COUNTY RECORDS.

(ASSESSOR'S PARCEL NO. 208-320-11)

WHICH HAS THE ADDRESS OF 1760 NEW HORIZONS DRIVE, MANTECA CALIFORNIA 95336 ("PROPERTY ADDRESS")

INCLUDING all buildings, structures, improvements, appliances, equipment and appurtenances now or hereafter constructed or placed thereon, including, but not limited to, all apparatus and equipment, whether affixed to the land or building thereon or not affixed thereto, whether single units or centrally controlled, used to provide or supply air-cooling, air-conditioning, heat, gas, water, light and power, refrigeration, ventilation, laundry, clothes drying, dishwashing, garbage disposal or other services, waste vent systems, antennas, pool equipment, window coverings, drapes and drapery rods, carpeting and floor coverings, awnings, ranges and ovens, water heaters, attached cabinets, pumps, pipes, tanks, fire prevention, fire extinguishing and communications apparatus, elevators, escalators, and partitions, and all of the above items are declared to be and are deemed to be things affixed to and a part of the realty for the purposes of this Deed of Trust.

TOGETHER WITH all interest which Trustor now has or may hereafter acquire in or to said property and in and to:

(a) All rents, issues, profits, royalties, tolls, earnings and incomes therefrom and installments of money payable pursuant to any agreement for sale of said property or any part thereof, subject however to the right, power and authority given to and conferred upon Beneficiary by Paragraph 15 below, reserving to Trustor the right to collect when due and retain any of said sums prior to any event of default hereunder;
(b) All easements, rights of way and other appurtenances thereto;
(c) All shrubs, trees and plants;
(d) All adjacent lands included in enclosure or occupied by buildings located partly on the above described property;
(e) All crops growing or to be grown on said property;
(f) All water and water rights (whether or not appurtenant) and shares of stock pertaining to water or water rights, ownership of which affects said property;
(g) All claims, demands or causes of action of any kind, including proceeds of settlement of any such claim, demand or cause of action of any kind, which Trustor now has or may hereafter acquire, arising out of acquisition or ownership of the property, subject however to the right, power and authority given to and conferred upon Beneficiary by Paragraph 5 below. Trustee shall have no duty to prosecute any such claim, demand or cause of action.

For the purposes of this instrument, including all provisions incorporated by reference herein, all of the foregoing described real property, property rights and interest shall be referred to as "the property".

THIS DEED OF TRUST SECURES AN ADJUSTABLE RATE NOTE — SEE PARAGRAPH 23

THIS DEED OF TRUST IS FOR THE PURPOSE OF SECURING THE FOLLOWING:

A. Payment of the loan amount above, with interest thereon, according to the terms of a Promissory Note or Notes (herein sometimes referred to as "the note") of even date herewith, made by Trustor, payable to Beneficiary or order, and any and all modifications and extensions or renewals thereof (see paragraph 23);

B. Payment of such additional sums, with interest thereon, as may be hereafter borrowed from Beneficiary by the then record owner or owners of the property which are hereby secured and all extensions, modifications and renewals of such additional borrowings;

C. Payment, performance and discharge of every obligation, covenant and agreement of Trustor whether contained or incorporated by reference in this Deed of Trust, or contained in any instrument now or hereafter executed by Trustor in connection with the loan evidenced by the note, including but not limited to any assignment, construction loan agreement, pledge agreement, security agreement, supplemental agreement, assignment of Lessor's interest in leases, modification agreement or assumption agreement;

D. Payment of all sums of money with interest which may be paid out or advanced by, or may otherwise be due to Trustee or Beneficiary under any provision of this Deed of Trust;

E. At Beneficiary's option, payment with interest thereon of any other present or future indebtedness or obligation of Trustor (or of any successor in interest to Trustor to the property) to Beneficiary, whether created directly or acquired by assignment, whether absolute or contingent, whether due or not, whether otherwise secured or not, or whether existing at the time of this Deed of Trust or arising thereafter. Exercise of such option shall be evidenced by a notice in writing to Trustor or any successor in interest to Trustor.

To Protect the Security of This Deed of Trust, Trustor Agrees:

**1. PRESERVATION OF THE PROPERTY.** Trustor (a) shall keep the property in good condition and repair, (b) shall not remove, demolish or substantially alter any building, structure or improvement thereon, (c) shall complete or restore promptly and in good workmanlike manner any building which may be constructed, damaged or destroyed thereon and will pay when due all claims for labor performed and material furnished therefor, (d) shall comply with the provisions of all insurance policies covering and with all laws and regulations affecting the property or requiring any alterations, repairs or improvements thereon, (e) shall not commit or suffer any waste thereon, (f) shall not commit or suffer any act upon the property in violation of any provision of any insurance policy or law or regulation, (g) shall paint, decorate, cultivate, irrigate, fertilize, fumigate and prune the property, and (h) consistent with the use thereof, do all other acts which the character or use of the property may reasonably require

**2. INSURANCE.** Trustor shall, at Trustor's expense, provide and maintain in force at all times with respect to the property, fire and other types of insurance as may be required by Beneficiary. All of such insurance policies shall have a loss payable endorsement in favor of Beneficiary and shall be for a term and in form, content, amount, and with such insurance companies, as may be satisfactory to Beneficiary. Such policies shall be delivered to Beneficiary upon the making of this Deed of Trust upon the request of the Beneficiary. Trustor shall also deliver at such times evidence that the full premium for any such policy has been paid. Beneficiary at its option may retain possession of the original policy or it may release it to the possession of the Trustor. If the Beneficiary retains possession of such policies, at least thirty (30) days before the expiration of any such insurance policy, a policy or policies renewing, extending or replacing such expiring insurance shall be delivered by Trustor to Beneficiary. If any such insurance policy is not so delivered to Beneficiary or in the event any such insurance policy is cancelled, whether the Beneficiary has in its possession the policies or not, and no reinstatement or replacement policy is received prior to termination of insurance Beneficiary, without notice to or demand upon Trustor, may (but shall not be obligated to) obtain such insurance with such company as Beneficiary may deem satisfactory, and pay the premium therefor, and the amount of any premium so paid shall be charged to and promptly paid by Trustor or at the option of Beneficiary, may be added to the indebtedness secured hereby.

In the event Beneficiary obtains any such insurance policy, Trustor, for his own benefit and for the protection of this equity interest in the property, hereby requests and authorizes Beneficiary, but without liability on the part of Beneficiary for failure so to do, to obtain such policy for such term and in such form, content and amount and with such insurance companies as may be satisfactory to Beneficiary. Should any policy thus obtained by Beneficiary thereafter be cancelled, Trustor shall pay to Beneficiary any earned premiums on said policy and a reasonable charge for its services in obtaining such policy.

Neither Trustee nor Beneficiary shall be responsible for the collection of any insurance monies, or for any insolvency of any insurer or insurance underwriter. The right to any unearned premiums under said insurance policies is hereby assigned and shall pass to the purchaser of the property conveyed at any Trustee's sale held or to the grantee of a deed in lieu of foreclosure if such a conveyance is made. Any part or all of the amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured by this Deed of Trust at such time and in the manner and amount as Beneficiary may determine, or at the option of Beneficiary, without reducing the indebtedness secured hereby, may either be used to replace, restore or reconstruct the property to a condition satisfactory to Beneficiary or be released to Trustor. Any application, use or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice. Trustor shall pay Beneficiary inspection fees and other costs resulting from or connected with the casualty loss to which such insurance relates.

**3. LIFE, ACCIDENT OR HEALTH INSURANCE.** If Trustor shall assign or deliver a policy of life, accident or health insurance to Beneficiary as further security hereunder, then if Trustor fails to pay any premium thereon, Beneficiary shall be entitled, but not obligated, to pay any such premium. Any amount so paid shall be charged to and promptly paid by Trustor or, at the option of Beneficiary, may be added to the indebtedness secured hereby.

**4. TAXES AND ENCUMBRANCES.** Trustor shall pay (a) at least twenty (20) days before delinquency, all general and special taxes and assessments now or hereafter affecting the property, including any assessments on appurtenant water stock; (b) when due, all special assessments for public improvements without permitting any improvement bond to issue for any special assessment; (c) on demand of Beneficiary, all encumbrances, charges and liens on the property or any part thereof, which are or may be prior or superior hereto; (d) when due, all fees and charges incidental to ownership, occupancy or beneficial use of the property; and (e) if the property includes a condominium, community apartment or part of a planned development, all payments required of the owner thereof under any declaration of covenants or conditions or restrictions pertaining to such project. Should Trustor fail to make any payment under this Paragraph 4, Beneficiary may, but shall not be obligated to, make such payment and any amount so paid shall be charged to and promptly paid by Trustor or, at the option of Beneficiary, shall be added to the indebtedness secured hereby, without regard to the validity or legality of such assessments, liens or charges.

**5. CLAIMS, DEMANDS AND ACTIONS.** Trustor shall (a) appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; (b) at the option of Beneficiary, assign to Beneficiary, to the extent of Beneficiary's interest, any claims, demands or causes of action of any kind, including any award, court judgment or proceeds of settlement of any such claim, demand or cause of action of any kind which Trustor now has or may hereafter acquire arising out of acquisition or ownership of the property. Without limiting the generality of the foregoing, any such claim, demand or cause of action arising out of acquisition or ownership of the property may include (i) any such injury or damage to the property or any structure or improvement situated thereon, or (ii) any claim or cause of action in favor of Trustor which shall have arisen out of the transaction financed in whole or in part by the making of the loan secured hereby, or (iii) any claim or cause of action in favor of Trustor (except for bodily injury) which arises as a result of any negligent or improper construction, installation or repair of the property, including the surface or subsurface thereof, or of any building or structure thereon. Beneficiary may apply, use or release such monies so received by it in the same manner as Paragraph 2 provided for the proceeds of fire or other insurance.

**6. DEFENDING TRUST.** Notwithstanding the provisions of Paragraph 5, Beneficiary or Trustee may (a) commence and prosecute or appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; (b) pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appear to be prior or superior hereto; and (c) in exercising any such right, incur any liability and expend whatever amounts either deems reasonably necessary, including cost of evidence of title and reasonable attorneys' fees.

**7. PROTECTION OF SECURITY BY BENEFICIARY OR TRUSTE E** Should Trustor fail to make any payment or do any act provided in this Deed of Trust, then Beneficiary or Trustee, but without obligation so to do, and without notice to or demand upon Trustor, and without releasing Trustor from any obligation hereof, may make any such payment or do any such act in such manner and to such extent as either deems necessary to protect the security hereof. Beneficiary or Trustee is authorized to enter upon the property at any time for such purpose.

**8. REIMBURSEMENT.** Trustor shall pay immediately upon demand all costs, fees or expenses incurred and sums expended or advanced under the terms of this Deed of Trust by Beneficiary or Trustee, with interest thereon at a rate equal to the rate provided for in the note secured hereby, and the obligation of Trustor to pay such sums and interest as aforesaid shall be secured hereby. If Beneficiary or Trustee shall make such payment or expend such sums, Trustor shall pay a service charge in an amount equal to ten per cent (10%) of the payment made or the sum expended.

**9. LEASEHOLD ESTATES.** If the security for this Deed of Trust is a leasehold estate, Trustor shall not modify or terminate the lease or leases creating the leasehold estate, and shall comply with all of the covenants and conditions required of the Lessee or his successor in interest to be performed under the lease or leases creating said leasehold estate, including but not limited to paying when due rent and other charges imposed upon such Lessee.

**10. IMPOUND ACCOUNT.** Trustor shall pay to Beneficiary, if Beneficiary shall so demand, in addition to any other payment required hereunder, monthly installments for the purpose of creating and maintaining a fund to provide payment when due of any taxes, encumbrances, assessments, leasehold payments relating to the property, premiums for any policies of insurance insuring the property, the Trustor or the loan, more specifically referred to in Paragraphs 2, 3, 4 and 9. Trustor shall deliver promptly to Beneficiary all bills and notices thereof. Said installments shall be in such amounts as Beneficiary shall estimate from time to time to be necessary to provide sufficient monies in said fund to pay such taxes, encumbrances, assessments, leasehold payments and premiums when they become due and shall be payable concurrently with the installment under the note. If the amounts paid to Beneficiary under the provisions of this paragraph are insufficient to pay such taxes, assessments, leasehold payments and premiums as they become due, Trustor shall pay to Beneficiary promptly upon demand the amount of the deficiency.

In the event of default of any obligation hereby secured, then any funds in the possession of Beneficiary under the provisions of this paragraph may, at the option of Beneficiary, be applied upon any indebtedness secured hereby.

**11. FINANCIAL STATEMENTS.** Within thirty (30) days after written demand by Beneficiary (but not more frequently than semi-annually), Trustor shall deliver to Beneficiary verified financial statements, prepared in accordance with acceptable accounting practices, for such annual or other period as Beneficiary may designate. Such financial statements shall include balance sheets, operating statements, and statements of sources and application of funds. In addition, Trustor shall deliver to Beneficiary on demand, copies of all leases, agreements, vouchers, receipts and other documents supporting any of the items shown in such statements. Trustor shall keep and maintain a full and accurate set of books and records showing all the matters above specified, and shall permit Beneficiary at any time to inspect and audit all Trustor's books of account, records, and papers relating to any of the foregoing matters. In the event any such audit is caused to be made by Beneficiary by reason of the failure of Trustor to comply with any of the foregoing provisions, then Trustor shall pay to Beneficiary upon demand all expenses incurred by Beneficiary in connection with such audit.

None of the provisions of this Paragraph 11 shall be applicable so long as the property is residential in nature and designed for occupancy by less than five (5) families.

**12. DAMAGE TO OR CONDEMNATION OF PROPERTY.** Any award of damages or compensation for injury to, or in connection with any condemnation for public use of the property or any part thereof, or any proceeds of any settlement with respect to a condemnation whether or not eminent domain proceedings have been instituted, shall be and is hereby assigned by Trustor and shall be paid to Beneficiary, who may apply, use or release the amount thereof in the same manner as Paragraph 2 provided for the proceeds of fire or other insurance.

**13. BENEFICIARY'S CONSENT REQUIRED.** Beneficiary may declare all sums secured hereby immediately due and payable within 30 days after such declaration except as expressly limited by law, if Trustor, without Beneficiary's prior written consent: (a) sells, conveys, contracts to sell, alienates or further encumbers all or any part of the property; or (b) leases all or any part of the property for a term, together with all exercisable options, of 5 years or more; or (c) suffers the title or any interest in the secured property to be divested, whether voluntarily or involuntarily; or (d) changes or permits to be changed the character or use of the property; or (e) is a partnership and any of the general partners' interests are transferred or assigned, whether voluntarily or involuntarily; or (f) is a corporation with fewer than 100 stock holders at the date of execution of this Deed of Trust and more than 10% of its capital stock is sold, transferred or assigned during a 12-month period.

**14. NO WAIVER.** Trustee or Beneficiary by accepting payment of any sum secured hereby after its due date, or by making payment or taking any action which, under the provisions hereof either Trustee or Beneficiary is entitled but not obligated to make or take, or by forbearing from enforcing any of its rights, shall not be deemed to have waived its right to require payment from or action by Trustor and to declare a default for Trustor's failure to do so

In the event either Trustee or Beneficiary should expressly waive any rights under any provisions of this Deed of Trust, such waiver shall not be deemed a waiver of any rights Trustee or Beneficiary may have subsequently to require payment from or action by Trustor and declare a default for Trustor's failure to do so.

**15. ASSIGNMENT.** Trustor hereby assigns and transfers to Beneficiary during the continuance of these trusts, all rents, issues, profits, royalties, tolls, earnings and income of the property including those arising by reason of any oil, gas or mineral lease thereof, and all installments of money payable pursuant to any contract of sale or lease relating to the property or any part thereof (hereinafter referred to collectively as "income"), together with the right, power and authority to collect and retain all such income as it becomes due and payable. All income received by Beneficiary through the exercise of the foregoing assignment, less all expenses, (including reasonable attorneys' fees) incurred by Beneficiary in collecting such income shall be applied by Beneficiary on any indebtedness secured by this Deed of Trust at such time and in the manner and amount as Beneficiary may determine. Without limiting the generality of the foregoing, such application may include payment of periodic installments of principal and interest, or reduction of the principal balance or reimbursement to Beneficiary as provided in Paragraph 8. The foregoing assignment is intended as an assignment to take effect only upon a default by Trustor in any of Trustor's obligations under this Deed of Trust, and Trustor accordingly reserves the right, prior to any such default, to collect and retain all such income as it becomes due and payable.

**16. DEFAULT BY TRUSTOR.** Upon default by Trustor in payment of any indebtedness secured, or in the performance of any obligation imposed upon Trustor, by this Deed of Trust, Beneficiary may, without notice and irrespective of whether declaration of default has been delivered to Trustee and without regard to the adequacy of the security for the indebtedness secured hereby either personally or by attorney or agent, without bringing any action or proceeding, without entering into possession of the property, or by receiver to be appointed by a court: (a) enter into possession and hold, occupy, possess and enjoy the property; (b) make, cancel, enforce, modify or terminate leases; (c) obtain and eject tenants; (d) set or modify rents; (e) take, receive and collect all or any part of the rents, issues, profits, royalties, tolls, earnings, income and installments (hereinafter referred to collectively as "income") as it becomes due and payable. After paying such costs of maintenance and operation of the property as it in its judgement may deem proper, Beneficiary may apply the balance upon the entire indebtedness then secured hereby. The acceptance of such income shall not constitute a waiver of any other right which Trustee or Beneficiary may have under this Deed of Trust or under the laws of California. The receipt and application by Beneficiary of such income pursuant thereto, after execution and delivery of declaration of default and demand for sale or during the pendency of a Trustee's sale proceeding hereunder, shall not cure any breach or default, nor affect said sale proceeding or any sale made pursuant thereto, but such income, less all costs of operation and maintenance, when received by Beneficiary, shall be applied in reduction of the entire indebtedness from time to time secured hereby. Trustor shall not in any manner obstruct or interfere with any of Beneficiary's rights under this Paragraph 16. In the event Beneficiary acts under the provisions of this Paragraph 16, Trustor shall pay a service charge in an amount equal to five percent (5%) of all income collected by Beneficiary

**17. TRUSTEE AUTHORIZED.** Upon written request of Beneficiary and presentation of this Deed of Trust and the note secured hereby for endorsement, and without affecting the liability of any person for payment of the indebtedness secured hereby. Trustee may (a) reconvey any part of the property; (b) execute the title sheet of any map, plat or record of survey thereof; (c) join in granting any easement thereon; or (d) join in any agreement modifying the terms hereof or subordinating the lien or charge hereof. Trustor shall pay to Beneficiary and Trustee a reasonable service charge for any such action.

**18. RECONVEYANCE.** Upon written request of Beneficiary and upon surrender of this Deed of Trust and the note secured hereby to Trustee for retention, and upon payment of its fees Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters of fact shall be conclusive proof of the truth thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto". Five (5) years after the date of such reconveyance, Trustee may destroy the Deed of Trust and note, without liability.

Notwithstanding anything set forth herein, Trustee may, in its discretion, deliver said note or Deed of Trust or both to the person entitled thereto.

**19. FEES.** Trustor shall pay to Beneficiary the maximum amount as may from time to time be permitted by law for furnishing in connection with the obligations secured hereby, each statement pursuant to any statute at the time then in force. Additionally, Trustor shall pay Beneficiary's and Trustee's fees, charges and expenses for any other statement, information or services furnished by Beneficiary or Trustee in connection with the obligations secured hereby. Said services may include, but shall not be limited to, the processing by Beneficiary or Trustee, or both, of assumptions, substitutions, modifications, extensions, renewals, subordinations, rescissions, changes of owner, recordation of map, plat or record of survey, grants of easements, and full and partial reconveyances, and the obtaining by Beneficiary of any policies of insurance pursuant to any of the provisions contained in this Deed of Trust.

**20. SALE BY TRUSTEE.** Upon default by Trustor in payment of any indebtedness, or performance of any obligation secured by this Deed of Trust, Beneficiary, in addition to any other remedy or process available to Beneficiary, may declare all sums secured by this Deed of Trust immediately due and payable by delivering to Trustee a written declaration of default and causing to be filed for record a written notice of default and election to sell, and shall deposit with Trustee this Deed of Trust and any note or other evidence of indebtedness secured by this Deed of Trust and all documents evidencing expenditures secured hereby. After the lapse of such time as may be required by law following the filing for record of said notice of default, and after giving all such notice as may be required by law, Trustee, without demand on Trustor, may sell the property, either as a whole or in separate parcels, and in such order as it may determine, by public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale, or for the equivalent of cash, as so determined by Trustee in its sole discretion. If the indebtedness secured hereunder is additionally secured by real property which is not subject to this Deed of Trust, Trustee may sell any property so given as security for Trustor's obligation, which it is authorized to sell, either in whole or in separate parcels and in such order as it may determine.

Trustee may postpone sale of all or any portion of the property by public announcement at the time and place fixed for such sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Following sale, Trustee shall deliver to the purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recital in such deed of any matters of fact shall be conclusive proof of the truth thereof Any person, including Trustor, Trustee and Beneficiary may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this trust, including cost of evidence of title in connection with the sale and reasonable attorneys' fees, Trustee shall apply the proceeds of sale to payment, first, of all sums expended under the terms of this Deed of Trust, not then repaid, with accrued interest at the rate specified in the note secured by this Deed of Trust, and then to all other sums secured by this Deed of Trust, and, if there be any proceeds remaining shall distribute them to the person or persons legally entitled thereto, upon proof of entitlement being submitted to Trustee

48618016

**21. WAIVER OF STATUTE OF LIMITATIONS.** Trustor hereby waives, to the fullest extent permissible by law, the statute of limitations as a defense to any demand or obligations secured by this Deed of Trust.

**22. SUBSTITUTION OF TRUSTEE.** Beneficiary may, from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed and acknowledged by Beneficiary and recorded in the office of the Recorder of the county or counties where the property is situated, shall be conclusive proof of the proper substitution of such successor Trustee or Trustees, who shall, without conveyance, succeed to all the title, estate, rights, powers and duties of the predecessor Trustee Said instrument shall contain the name and address of the new Trustee. If notice of default shall have been recorded, this power of substitution may not be exercised unless the then acting Trustee signs an endorsement on such instrument of substitution to the effect that all costs, fees and expenses due to such Trustee have been paid or satisfied

**23. ADJUSTABLE MORTGAGE LOAN.** The note secured by this Deed of Trust contains provisions which may result in increases in the interest rate, in the monthly installments, and in the unpaid principal balance. Reference is hereby made to the Promissory Note for the specific provisions relating to such increases

**24. GENERAL PROVISIONS.**

A The term "Trustor" shall mean all parties executing this Deed of Trust as Trustor, their respective heirs, legatees, devisees, administrators, executors, successors in interest and assigns, provided that Beneficiary shall not be obligated to give Notice of Default or Notice of Sale hereunder to any Trustor other than as shown on the face page hereof.

B. The term "Beneficiary" shall mean the owner and holder (including a pledgee) of the note secured hereby, whether or not named as Beneficiary herein.

C. Every provision of this Deed of Trust imposing upon Trustor an obligation to perform an act, or embodying an agreement by Trustor to perform an act, shall be construed as obligating Trustor to pay all costs and expenses relating thereto.

D. In the event any provision hereof shall be declared invalid or unenforceable through a final judgment in a court having competent jurisdiction, the validity or enforceability of any of the remaining terms hereof shall not be thereby impaired.

E. In this Deed of Trust, wherever the context so requires, the masculine gender includes the feminine and neuter, the singular number includes the plural, and vice versa, and if more than one person is named as Trustor, the obligations of Trustor shall be the joint and several obligations of each person.

F. Captions and paragraph headings used herein are for convenience only and are not a part of this agreement and shall not be used in construing it.

Case 10-34204 Claim 8-1 Filed 04/13/11 Desc Main Document Page 9 of 12

The undersigned Trustor(s) request(s) that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to each Trustor named on the face page hereof, at the address set forth thereon

NOTICE TO BORROWER: THIS DOCUMENT CONTAINS PROVISIONS FOR AN ADJUSTABLE INTEREST RATE AND CONTAINS PROVISIONS WHICH MAY REQUIRE A BALLOON PAYMENT AT MATURITY

Michael J Shelby
MICHAEL J. SHELBY

GLENDA M. SHELBY

STATE OF CALIFORNIA
COUNTY OF San Mateo ss. (INDIVIDUAL)
On this 14th day of [illegible], 19 [illegible], before me, the undersigned, a Notary Public in and for said State, personally appeared Michael J. Shelby & Glenda M. Shelby

personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that they executed the same

Witness my hand and official seal.

Notary Public in and for said County and State

Name (Typed or Printed)

DIANE M. OLVERA
NOTARY PUBLIC-CALIFORNIA
PRINCIPAL OFFICE IN
SAN MATEO COUNTY
My Commission Expires Aug. 24, 1993

(This area for official notarial seal)

*If executed by a Corporation or a Partnership, the appropriate form of Acknowledgement must be used.*

ESCROW OR LOAN NO. ______

TITLE ORDER NO. ______

**Deed of Trust**

GREAT WESTERN
GW

DEED OF TRUST — PAGE 4

*NOTICE TO BORROWER: THIS NOTE CONTAINS PROVISIONS FOR AN ADJUSTABLE INTEREST RATE AND A BALLOON PAYMENT MAY BE DUE AT MATURITY.*

**ARM–T**
**Periodic Cap**

# PROMISSORY NOTE
## ADJUSTABLE RATE MORTGAGE LOAN
### Limited Rate

-6603
PROMISSORY NOTE

PRINCIPAL $154,000.00 — LOAN NO.: — DATE: AUGUST 12, 1991 — SAN MATEO, CA.

| | | | | | |
|---|---|---|---|---|---|
| Initial Interest Rate | 8.550% | First Interest Rate Adjustment Date | DECEMBER 1, 1991 | | |
| | | Initial Monthly Installment | $1,189.59 | Commencing on | OCTOBER 1, 1991 |
| Rate Differential | 2.650 | Installment Due Date | 1ST | Maturity Date | SEPTEMBER 1, 2021 |
| Minimum Rate* | 7.000% | First Installment Adjustment Date | OCTOBER 1, 1992 | | |
| Maximum Rate* | 15.100% | Late Charge | 6% of P.&I. Installment if not received within | 15 | days of due date |
| Periodic Rate Adjustment Limit | | | 2.000 | percentage points | |

*Subject to Adjustment upon sale or transfer, as provided in Paragraph 2

The undersigned promises to pay in lawful money of the United States to GREAT WESTERN BANK, A FEDERAL SAVINGS BANK or order ("Holder"), at Holder's office at 9451 Corbin Avenue, Northridge, California 91324-2496, or at such other address as Holder designates, the Principal shown above with interest from date of disbursement of funds on unpaid principal at the initial adjustable interest rate per annum ("Initial Interest Rate") shown above, payable in Initial Monthly Installments in the amount shown above, commencing on the Commencement Date shown above and continuing on the Installment Due Date of each and every month thereafter until the Maturity Date, when all sums then remaining unpaid shall immediately become due and payable. Each installment shall be credited first to interest which became due during the month for which payment is being made, then to any unpaid interest which became due previously, and the remainder to principal; interest shall then cease on the portion of principal credited. Monthly interest will be computed at 1/12th of the annual rate and any partial month's interest at 1/30th of the monthly calculation per day. To the extent that any scheduled monthly installment due is insufficient to pay all interest required for the period for which payment is being made, the amount of such unpaid interest ("Deferred Interest") shall be added to and become a part of the unpaid principal as of the due date of any such monthly installment, and shall bear interest thereafter as provided in this Note.

In the event any sum has not been paid at the Maturity Date, interest shall be due from the Maturity Date on such unpaid sums without extending the Maturity Date or waiving such default, at the rate applicable to the final monthly installment

1. **DEFINITIONS.** As used in this Note: (a) "Index" means the Federal Cost of Funds Index published monthly by the Federal Home Loan Mortgage Corporation. If the Index is no longer published, we may select an alternate index to permit interest rate adjustments and that alternate index shall be the "Index." (b) "Current Index" shall mean each published update of the Index. (c) "Rate Differential" shall mean the number of percentage points specified above.

2. **ADJUSTABLE INTEREST RATE TERMS.** The Initial Interest Rate shall be adjusted on the First Interest Rate Adjustment Date of this Note as shown above, and monthly thereafter as follows: (a) Holder will increase or decrease the interest rate of the Note by adding the Rate Differential to the most recently published Current Index, which sum shall be the adjusted interest rate. (b) The first rate adjustment will be effective commencing with the First Interest Rate Adjustment Date, and subsequent rate adjustments will be effective on the Installment Due Date of each monthly installment thereafter. (It is understood that the Current Index is calculated for each calendar month, but publication of the Index may be delayed. The Index will be deemed to have been published once each successive calendar month for purposes of rate adjustments.) (c) Holder may elect to defer all or any part of the rate adjustment that will result in an increase of that rate. No prior notification of interest rate adjustments shall be required.

**ALL TERMS AND CONDITIONS CONTINUED ON THE REVERSE SIDE HEREOF ARE INCLUDED IN THIS PROMISSORY NOTE.**

*(Please sign your name exactly as it appears below.)*

Michael J. Shelby
MICHAEL J. SHELBY

Glenda M. Shelby
GLENDA M. SHELBY

PROMISSORY NOTE
ADJUSTABLE RATE MORTGAGE LOAN
LIMITED RATE
(Continued)

**RATE ADJUSTMENT LIMITATION.** Interest rate adjustments will be limited as follows: (a) Interest rates in the first loan year (that period from the commencement of the loan to the due date of the 12th monthly installment) may not be increased above or decreased below the Initial Interest Rate by an amount in excess of the Periodic Rate Adjustment Limit shown above. Interest rates in each subsequent twelve–month period (loan year) may not be increased above or decreased below the interest rate in effect immediately preceding the new loan year by an amount in excess of the Periodic Rate Adjustment Limit; (b) Interest rates during the term of the loan may not be adjusted to exceed the Maximum and Minimum Rate Limits shown above, unless there is a sale or transfer of the real property described in the Deed of Trust securing this Note which requires Holder's consent. Upon such sale or transfer of said real property, the Holder reserves the right to adjust the Maximum Rate five (5) percentage points above and the Minimum Rate five (5) percentage points below the sum of the Rate Differential and the Current Index most recently published either prior to the date of such sale or transfer or the date this loan obligation is assumed, at the election of the Holder; however, the Periodic Rate Adjustment Limit may not be adjusted.

3. **INSTALLMENT ADJUSTMENT.** The Initial Monthly Installment amount shall be adjusted commencing on the First Installment Adjustment Date and annually thereafter as follows. Within approximately sixty (60) days prior to each Installment Adjustment Date a review of the loan shall be made for the purpose of calculating the installment adjustment. The loan balance as of the time of the review shall be projected to the Installment Adjustment Date, without regard to any delinquent or prepaid installments, to calculate the installment adjustment. The interest rate in effect at the time of review shall be used for calculation of the adjustment. For installment calculating purposes, the monthly installment shall be adjusted to an amount which would be sufficient to then amortize the projected loan balance at said rate over the remaining term of this loan. Subsequent adjustments to the interest rate and actual adjustments to the loan balance that may occur between the time of the installment review and the effective date of the installment adjustment shall not be considered.

**INSTALLMENT ADJUSTMENT LIMITATION.** Any monthly installment increase or decrease required under the provisions of this Paragraph 3 shall not exceed $7^1/_2\%$ of the monthly installment due prior to the effective date of an installment adjustment except at the end of the tenth (10th) year from the commencement date of the monthly installments due on this Note, and at the end of each fifth (5th) year thereafter, when installments will be adjusted without the $7^1/_2\%$ limitation.

4. **LATE CHARGES.** The undersigned promises to pay a Late Charge equal to the above specified percentage of the monthly principal and interest of any installment which is not received in its entirety within the above stated number of days after its due date. Holder is under no obligation to accept a partial installment(s). The undersigned acknowledges that it would be extremely difficult or impracticable to determine Holder's actual damages resulting from any late installment and this Late Charge is a reasonable estimate of those damages.Holder agrees to accept this Late Charge as its sole right to damages for any late installment. Acceptance of any Late Charge shall not limit any of Holder's other rights under this Note, Deed of Trust or other documents executed to induce Holder to make the loan evidenced by this Note.

5. **COLLECTION STEPS WAIVED.** The undersigned waives the taking of any formal steps to collect this Note after a default on undersigned's part. Such steps include, among others, giving notice that an installment is about to become due, giving notice that amounts due have not been paid, and demanding payment of amounts due.

6. **COLLECTION COSTS.** The undersigned promises to pay Holder all its costs, expenses, and reasonable attorney's fees incurred in connection with this Note.

7. **DEFAULT AND ACCELERATION.** Upon failure to pay any installment when due or to perform when due any obligation, covenant, or agreement in this Note, in the Deed of Trust or other security instruments which secure this Note, or in any other document executed by the undersigned to induce Holder to make the loan evidenced by this Note, or if any statement made by the undersigned in any such document is false or misleading, then all indebtedness will become immediately due at Holder's option. Paragraph 13 of the Deed of Trust contains the following provisions:

(Beneficiary means Holder; Trustor means undersigned.)

> "13. BENEFICIARY'S CONSENT REQUIRED. Beneficiary may declare all sums secured hereby immediately due and payable within 30 days after such declaration except as expressly limited by law, if Trustor, without Beneficiary's prior written consent: (a) sells, conveys, contracts to sell, alienates or further encumbers all or any part of the property; or (b) leases all or any part of the property for a term, together with all exercisable options, of 5 years or more; or (c) suffers the title or any interest in the secured property to be divested, whether voluntarily or involuntarily; or (d) changes or permits to be changed the character or use of the property; or (e) is a partnership and any of the general partners' interests are transferred or assigned, whether voluntarily or involuntarily; or (f) is a corporation with fewer than 100 stockholders at the date of execution of this Deed of Trust and more than 10% of its capital stock is sold, transferred or assigned during a 12–month period."

If Holder has previously recorded a Deed of Trust which describes the same property that is described in the Deed of Trust securing this Note, it is the intention of Holder and the undersigned that such prior Deed of Trust not secure the obligation evidenced by this Note, any provision of such prior Deed of Trust to the contrary notwithstanding.

8. **DUE ON SALE PROVISIONS.** Paragraph 13 of the Deed of Trust, as reprinted above, contains provisions which permit Beneficiary, at its option, to declare all principal and accrued interest immediately due and payable if Trustor, without Beneficiary's prior written consent, transfers any interest in the security property by any means of transfer there specifically set forth.

LIMITED WAIVER. Notwithstanding those provisions, the undersigned, acting jointly if more than one, will be permitted to transfer the property without an acceleration of the loan, to a transferee who agrees to assume all of the undersigned's obligations with respect to this loan upon the following conditions:

1)The prospective transferee's creditworthiness must be approved in writing by the Holder using the Holder's underwriting criteria in effect at the date the transferee applies for assumption of the loan obligations.

2)The transferee must execute Holder's assumption documentation to evidence the assumption of the loan obligations, and the adjustment, if Holder elects, to the maximum and minimum rate limits.

3)The transferee must pay an assumption fee equal to one percent of the outstanding principal at the time of the assumption.

9. **RIGHT TO PREPAY.** The undersigned has the right to prepay all or any part of the outstanding principal at any time without prepayment charge.

10. **MULTIPLE SIGNERS.** If more than one person signs this Note, their liability is joint and several.

11. **LAW.** This Note and the rights and obligations of the Holder and the undersigned hereunder shall be interpreted, enforced and construed in accordance with the laws of the State in which the real property securing this Note is located, except to the extent the same may be preempted by applicable federal law.

12. **INVALIDITY.** In case any one or more of the provisions contained in this Note shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provisions hereof, and this Note shall be construed as if such invalid, illegal or unenforceable provision(s) had never been included.

# EXHIBIT "F"

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No: 10-34264 |
| | ) | |
| GLENDA M. SHELBY | ) | |
| DEBTOR(S) | ) | |

**FOURTH AMENDED CHAPTER 13 PLAN**

1. **PAYMENTS**

The Debtor or Debtors (hereinafter called "Debtor") submit to the Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the Chapter 13 Plan (hereinafter called "Plan"). The total number of payments shall be **9** months, and in the amount of **$755.55**, and **50** months in the amount of **$2,787.00**, and **one month** in the amount of **$118,771.72**. The pre-confirmation Plan payments to the Trustee must begin 30 days from the date of the filing of the Plan or the Order of Relief, whichever is earlier. The post-confirmation Plan payments to the Trustee will commence on the 20th of the first month after the Plan is confirmed. Upon post-confirmation dismissal of this Plan, all funds held by the Trustee shall be disbursed to Administrative Costs and Creditors.

Debtor elects a voluntary wage order ____________

2. **PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS**

The following pre-confirmation adequate protection payments on claims secured by personal property shall be paid by the Trustee to the below listed creditors. The Debtor proposing pre-confirmation payments will commence these payments to the Trustee within 30 days of the date this Plan was filed or the Order of Relief, whichever is earlier. Creditors must file a proof of claim to receive payment from the Trustee. Payments by the Trustee should commence to these Creditors within 30 days of the filing of the proof of claim. Upon a pre-confirmation dismissal, all adequate protection order payments held by the Trustee shall be disbursed to Creditors.

| Name of Creditor | Collateral Description | Monthly Payment |
|---|---|---|
| 1. | | $ |
| 2. | | $ |
| 3. | | $ |

3. **ADMINISTRATIVE COSTS**

Trustee shall receive a percentage of each plan payment, whether made before or after confirmation, as established by the United States Trustee.

Chapter 13 Attorney fees may be included in a Chapter 13 Plan. Fees and costs requested for allowance are as follows:

| Total Fees & Costs Requested | Fees & Costs Received | Balance of Fees & Costs Due | Monthly Payment |
|---|---|---|---|
| $ 5050.00 | $ 2,000.00 | $ 3050.00 | $ 280.00 ** |

** BEGINNING IN MONTH 10

Fees and costs allowed shall be paid at a monthly rate not to exceed 10% of the balance of the above fees and costs remaining to be paid and will accrue concurrently with pre-confirmation adequate protection payments listed in Section 2 above and will be paid with Secured Debt as listed in Section 4A below. Upon a pre-confirmation dismissal, all accrued pre-confirmation attorney fees and costs payments held by the Trustee shall be disbursed to the attorney.

4. **SECURED DEBT**

Interest shall accrue on all secured claims from the date the petition is filed. Interest will be calculated at 10% per annum unless the Debtor specifies otherwise in this Plan. Secured Creditors will retain their liens until their allowed secured claims have been paid.

A) **Post-Confirmation Payments to Creditors Secured by Personal Property**

The Debtor seeks a determination that the value of the collateral is as set forth below. Failure to object to this listed amount shown may result in the Creditor's secured claim being limited to the collateral value amount listed. Creditors will , at minimum, be paid the amount reflected as the monthly payment. The Debtor's omission of any secured creditor does not affect the rights of the omitted creditor to file claims and be paid.

With respect to a debt for which Debtor has written "Yes" in the column "Surrender" and where the Creditor files a written objection to the treatment provided such debt, Debtor surrenders all interest in the collateral, and the debt shall be treated under Section 4B below.

| Name of Creditor | Collateral Description | Collateral Value | Secured Debt Amount | Interest Rate | Monthly Payment | Surrender Yes/No |
|---|---|---|---|---|---|---|
| 1. | | $ | $ | % | $ | |
| 2. | | $ | $ | % | $ | |
| 3. | | $ | $ | % | $ | |
| 4. | | $ | $ | % | $ | |
| 5. | | $ | $ | % | $ | |

B) **Surrender of Property**

The Debtor surrenders any interest in the following collateral. The Debtor waives the protection of the automatic stay and allows the affected Creditor to obtain possession and dispose of its collateral, without further Order of the Court. Any secured claim filed by the below Creditors will be deemed satisfied in full through surrender of the collateral. Any unsecured deficiency claim must be filed by the bar date for unsecured debts.

| Name of Creditor | Collateral to be surrendered |
|---|---|
| 1. | |
| 2. | |

C) **Post Petition Payments on Real Property Debt Paid by Debtor**

| Name of Creditor | Property Address | Monthly Payment Amount |
|---|---|---|
| 1. Ocwen Loan Servicing, LLC | 1760 New Horizon Drive<br>Manteca, CA 95336 | $1,025.00 |
| 2. | | |

D) **Pre-Petition Debt on Real Property**

The Trustee shall pay defaulted real property debt. This prorata payment for defaulted real property debts will begin after payment in full of the Attorney fees and costs listed in section 3 above.

| Name of Creditor | Property Address | Defaulted Debt | Interest Rate |
|---|---|---|---|
| 1. Ocwen Loan Servicing, LLC | 1760 New Horizon Drive<br>Manteca, CA 95336 | $ 33,834.30 | 0 % |

| 2. | | $ | % |
|---|---|---|---|

5. **EXECUTORY CONTRACTS/LEASES**

A) The Debtor assumes the executory contract(s)/lease(s) referenced below and provides for the regular contract/lease payment(s), both pre-confirmation and post- confirmation, to be paid directly by the Debtor. Any pre-petition lease arrearage will be paid through this Plan after payment of arrearages listed in 4D above.

| Name of Creditor/Lessor | Property Address | Lease Arrearages as of Date of Filing | Arrearage Payment by Trustee | Regular # of Lease Payments Remaining as of Date of Filing | Lease Payment By Debtor |
|---|---|---|---|---|---|
| 1. | | $ | $ | | $ |

B) The Debtor rejects the following executory contract/lease and surrenders any interest in property securing these executory contracts/leases. The Debtor waives the protection of the automatic stay and allows the affected Creditor to obtain possession and dispose of its collateral, without further Order of the Court. Any unsecured claim resulting from the rejection must be filed by the bar date for unsecured debts:

| Name of Creditor/Lessor | Identity of Executory Contract/Lease | Property Subject to Executory Contract/Lease |
|---|---|---|
| 1. | | |
| 2. | | |

6. **PRIORITY CLAIMS**

Trustee shall pay all allowed filed priority claims and will pay the claims listed in 6B below, prior to paying those unsecured priority claims listed in sections 6C, 6D, and 6E below. Those claims listed in sections 6C, 6D and 6E below will be paid prorata .

A) **Post Petition Domestic Support Obligations:**

1) __X___ None.

2) The name(s), and address(es) of the holder of ANY domestic support obligation.

| Name of Creditor | Address |
|---|---|
| 1. | |
| 2. | |

3) The Debtor will pay all post-petition domestic support obligations directly to the holder of the claim and not through the Chapter 13 Plan.

B) **Pre-Petition Arrearages owed to Domestic Support Obligation Creditors:**

1) __X___ None.

2) Name of holder of Domestic Support Obligation Arrearage Claim, arrears and monthly payment.

| Name of Holder | Arrearage | Monthly Payment |
|---|---|---|
| 1. | $ | $ |
| 2. | $ | $ |

C) **Pre-Petition Domestic Support Obligations assigned to or owed to a governmental unit**:

   1) __X__None.

   2) Name of Governmental Creditor, address and amount due.

| Name of Governmental Creditor | Address | Amount Due |
|---|---|---|
| 1. | $ | |
| 2. | $ | |

D) **Priority Tax Claims**:

| Name of Creditor | Address | Amount Due |
|---|---|---|
| 1. Internal Revenue Service | P.O. Box 21126<br>Philadelphia, PA 19114 | $14,520.90 |
| 2. Franchise Tax Board | Bankruptcy Section MS A340<br>PO Box 2952<br>Sacramento, CA 95812 | $1,610.29 |

E) **Other Priority Claims:**

| Name of Creditor | Address | Amount Due |
|---|---|---|
| 1. | | $ |

7. **UNSECURED DEBTS TO BE PAID WITH INTEREST**

   A) The following debts shall be paid in full with interest from petition date.

| Name of Creditor | Address | Amount Due | Interest Rate |
|---|---|---|---|
| 1. | | $ | % |
| 2. | | $ | % |

8. **OTHER UNSECURED DEBTS**
Allowed unsecured claims shall be paid from funds remaining, after payment of the debts described (whether or not paid in full with interest) in Sections 2 through 6 above. The amounts to be paid under this Section 8 are estimated to be 0% percent of allowed claims. (Prorata Plan)

9. Trustee is to be provided, thru the commitment period of the Plan, with Debtor's future Federal Tax Returns, beginning with the 2011 tax year, by May 15th of the year following the year of the return. Trustee may request and Debtor must supply current income and expense information, on required Trustee forms, for each of the years that the tax returns are provided.

10. The Debtor elects to have property of the estate revest in the Debtor upon Plan confirmation. Once the property revests, the Debtor may sell or refinance real or personal property, without further order of the Court, upon approval of the Chapter 13 Trustee.

11. Notwithstanding any contrary language elsewhere in the plan, debtor does not seek through the confirmation and consummation of this plan either a determination of the dischargeability of any debt or the discharge of any debt that is non-dischargeable in a Chapter 13 case pursuant to section 1328 of the Bankruptcy Code.

12. The Debtor further proposes pursuant to 11 USC § 1322(b):

   (a) In the original Chapter 13 plan, the Debtor proposed, pursuant to 11 U.S.C. § 506, to file a Motion to Value the real property located at 1760 New Horizon Drive, Manteca, CA 95336, herein the Rental Property, at $225,000.00. Subsequently, two major developments have happened with respect to the rental property. First, the lien held by H. Frank Wentholt and David

Finkelstein in the amount of $ 42,165.00 will be reconveyed back to the Debtor. Second, Pramad and Chandra Parekh, herein the secured creditors, have stipulated, for purposes of the Chapter 13 plan only, to a value of the rental property at $261,000.00. Based on this stipulated value, the secured creditors will have an allowed secured claim in the amount of $132,980.13 and an allowed unsecured claim in the amount of $87,019.17.

The Chapter 13 Trustee shall pay the secured claim of the secured creditors in the allowed amount of $132,980.13 as follows: (i) the secured claim shall be paid interest at 7.00% per annum; (ii) shall make a payment of $453.32 for 9 months, starting in month 1; (iii) shall make a payment of $1,510.00 for 50 months, starting in month 10; and (iii) shall make a payment of $106,931.35 for 1 month, starting in month 60.

(b) The Chapter 13 Trustee shall pay the pre-petition arrearages to Ocwen Loan Servicing, LLC, listed in paragraph 4(d) *supra* as follows: (i) $230.68 for 9 months, starting in month 1; and (ii) $635.00 for 50 months, beginning in month 10.

(c) Debtors will fund the last Plan payment through sale or refinance of real property located at 1760 New Horizon Drive Manteca, CA 95336 no later than first day of month 59 of Plan.

Dated: 11/7/11 /S/ GLENDA M. SHELBY (Debtor) _______________ (Debtor)

I GARY R. BRENNER am counsel for the above named Debtor and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this N.D. Cal., San Francisco Division, Chapter 13 Plan, promulgated January 1, 2009, pursuant to B.L.R. 1007-1.

/S/ GARY R. BRENNER
Attorney for Debtor

GARY R. BRENNER
BAR#79446
630 NORTH SAN MATEO DRIVE
SAN MATEO, CA 94401
Telephone: (650) 348-2044
Facsimile: (650) 343-9646
Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: GLENDA M. SHELBY<br><br>Debtor. | ) CASE NO.: 10-34264<br>) CHAPTER 13<br>)<br>) **CERTIFICATE OF SERVICE OF THE THIRD AMENDED CHAPTER 13 PLAN** |

I, CAROLYN JAMES, declare as follows:

I am over the age of eighteen (18) years old and not a party to the within action. On November 30, 2011 I served a copy of the following documents:

**FOURTH AMENDED CHAPTER 13 PLAN**

by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully paid, for deposit in the United States Postal Service addressed as listed as follows:

Henry Chuang
Law Office of Peter N. Brewer
2501 Park Blvd. 2nd Fl.
Palo Alto, CA 94306

Glenda Shelby
2783 Darwin St
Hayward, CA 94545

Home Loan Service Corp.
C/o Law Office Peter N. Brewer etal
350 Cambridge Ave Ste. 200
Palo Alto, CA 94306

CREDITORS AND PARTIES IN INTEREST LISTED ON THE ELECTRONIC MAIL NOTICE LIST WERE SERVED ELECTRONICALLY BY THE COURT'S ECF SYSTEM.

David Burchard TESTECF@burchardtrustee.com, dburchard13@ecf.epiqsystems.com
Amanda Gonsalves ecf-bk@brewerfirm.com
Erin L. Laney ecfcanb@piteduncan.com
Office of the U.S. Trustee / SF USTPRegion17.SF.ECF@usdoj.gov, ltroxas@hotmail.com
Gabriel Ozel ecfcanb@piteduncan.com
Julia M. Wei ecf-bk@brewerfirm.com
Les Zieve bankruptcy@zievelaw.com

I certify and declare under penalty of perjury under the Laws of the United States of America that the foregoing is true and correct.

Date: November 30,/2011

/s/Carolyn James
CAROLYN JAMES
Legal Assistant

# EXHIBIT "G"

DAVID BURCHARD
CHAPTER 13 STANDING TRUSTEE
P.O. BOX 8059
FOSTER CITY, CA 94404
(650) 345-7801 FAX (650) 345-1514
(707) 544-5500 FAX (707) 544-0475

**Signed and Filed: February 23, 2012**

**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**Northern District of California**

| In Re: GLENDA M. SHELBY<br>Debtor(s) | Case No.: 10-3-4264 SFC13<br>Chapter: 13 |
|---|---|

**ORDER CONFIRMING CHAPTER 13 PLAN**
**AND ORDER APPROVING ATTORNEY FEES AND NOTICE**

The debtor(s) filed a Plan (or if applicable, an Amended Plan) under Chapter 13 of the Bankruptcy Code, a copy of which was served on creditors. After a noticed hearing on February 15, 2012, the Court finds and concludes that the Plan (or if applicable, the Amended Plan) complies with 11 U.S.C. 1325(a) and other applicable bankruptcy laws, rules and procedures and should be confirmed.

THEREFORE IT IS ORDERED THAT:

I. The debtor's (s') Plan (or Amended Plan, if applicable) is confirmed.

II. The future income of the debtor(s) shall be submitted to the supervision and control of David Burchard, Trustee herein, as is necessary for the execution of the Plan.

III. Until the plan is completed, or the case is dismissed or converted to a case under a different Chapter of the Bankruptcy Code the debtor(s) shall make payment to the Trustee, pursuant to the terms of the Plan, no later than the 20th day of each month, at P.O. Box 8059, Foster City, California, 94404.

IV. If the debtor(s) fail(s) to timely comply with the terms of the Plan, the Plan shall be considered in default and the Trustee may file a motion to dismiss this case for that reason. Upon the filing of such a motion, debtor(s) shall, within (21) days of the date of service of the Motion cure the Plan default. If the debtor(s) fail(s) to comply with the foregoing, within the twenty (21) days prescribed, the motion shall be heard on the Trustee's next monthly court calendar for dismissals.

V. Except as otherwise provided in the Plan or in this Order Confirming the Plan, the Trustee shall make payments to creditors under the Plan.

VI. The debtor(s) may sell or refinance real property without further order of the court upon written approval of the Chapter 13 Standing Trustee.

VII. Pursuant to the Application for Approval of Attorneys Fees filed by GARY R. BRENNER, attorney for (debtor(s), attorneys fees in the sum of $5,050.00 are approved, of which $3,050.00 has been previously paid.

VIII. **IT IS FURTHER ORDERED,** except insofar as inconsistent with anything above:

1) Paragraph 6D of the Debtors' Fourth Amended Chapter 13 Plan, filed on November 30, 2011, shall reflect the amount to be paid to Franchise Tax Board as $7,360.56.

2) Payments under paragraph 1 of the Debtors' Fourth Amended Chapter 13 Plan, filed on November 30, 2011, shall be as follows: $755.55 for 9 months, $2,787.00 for 50 months, and $127,406.25 for 1 month, for a total base of $274,556.20.

Concurred as to special provisions content

/s/ GARY R. BRENNER
GARY R. BRENNER

Attorney for Debtor(s)

Concurred as to special provisions content

/s/ DAVID BURCHARD
David Burchard, Chapter 13 Trustee

****END OF ORDER****

**COURT SERVICE LIST**

GLENDA M. SHELBY
2783 DARWIN STREET
HAYWARD, CA 94545

# EXHIBIT "H"

LAW OFFICES OF LES ZIEVE
DANIEL I. SINGER, ESQ. #227907
JENNIFER A. BENDER, ESQ. #244478
18377 Beach Boulevard, Suite 210
Huntington Beach, CA 92648
Phone: (714) 848-7920
Facsimile: (714) 848-7650
Email: bankruptcy@zievelaw.com

Counsel for Movant, U.S. Bank National Association, as Trustee for the Certificate holders of the Mortgage Pass-Through Certificates 1997-R2

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>Glenda M. Shelby,<br><br>Debtor.<br>_______________________<br><br>U.S. Bank National Association, as Trustee for the Certificate holders of the Mortgage Pass-Through Certificates 1997-R2, its assignees and/or successors in interest,<br><br>Movant,<br>vs.<br><br>Glenda M. Shelby,<br>David Burchard, Trustee,<br><br>Respondents.<br>_______________________ | Case No: 10-34264<br><br>RS No. DIS10825<br><br>CHAPTER 13<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>**HEARING:**<br>Date: July 2, 2012<br>Time: 1:00 p.m.<br>Place: Courtroom 23<br>235 Pine Street<br>San Francisco, CA 94104 |

U.S. Bank U.S. Bank National Association, as Trustee for the Certificate holders of the Mortgage Pass-Through Certificates 1997-R2, its assignees and/or successors in interest ("Movant"), hereby moves the Court for relief from the automatic stay provided by 11 U.S.C. § 362 as in moving party and the Trustee under the Deed of Trust securing Movant's claim so that Movant and its Trustee may commence and continue all acts necessary to foreclose under the Deed of Trust secured by Debtor's real property generally described as 1760 New Horizons Drive Manteca, California 95336. The loan secured by the Deed of Trust is currently being serviced by Ocwen Loan Servicing, LLC.

On or about October 27, 2010, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. As a result of said filing, certain acts and proceedings against Debtor and the bankruptcy estate are stayed as provided in 11 U.S.C. § 362. Movant moves this Court for relief from stay under 11 U.S.C. § 362(d)(1) and 362(d)(2).

**Factual Background**

On or about August 12, 1991, Debtor Glenda M. Shelby ("Debtor") for valuable consideration, made, executed and delivered to Great Western Bank, a Federal Savings Bank ("Lender") a promissory note in the principal sum of $154,000.00 ("Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments commencing October 1, 1991, and continuing until September 1, 2021, when all outstanding amounts are due and payable. The Note provides that in the event of default the holder of the Note has the option of declaring all unpaid sums immediately due and payable. A true and correct copy of the Note is attached to the Declaration of Ana L. Rodriguez in Support of Motion for Relief from the Automatic Stay as Exhibit "1" and incorporated herein by reference.

On or about August 12, 1991, Debtor made, executed and delivered to Lender a Deed of Trust ("Deed of Trust") granting Lender a security interest in the real property commonly described as 1760 New Horizons Drive Manteca, California 95336 ("Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on August 23, 1991, in the Official Records of San Joaquin County, State of California. The Deed of Trust provides that attorneys' fees and costs incurred as a result of Debtor's bankruptcy case may be included in the outstanding balance under the Note. A true and correct copy of the Deed of Trust is attached to the Declaration of Ana L. Rodriguez in Support of Motion for Relief from the Automatic Stay as Exhibit "2" and incorporated herein by reference.

Subsequently, all beneficial interest in the Deed of Trust was then sold, assigned and transferred to Movant. A true and correct copy of the Assignment of Deed of Trust is attached to the Declaration of Ana L. Rodriguez in Support of Motion for Relief from the Automatic Stay as Exhibit "3" and incorporated herein by reference.

///

///

///

///

///

///

///

**Memorandum of Points and Authorities**

**I.**

**MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1). CAUSE - FAILURE TO MAKE POSTPETITION PAYMENTS**

11 U.S.C. § 362(d)(2) provides that relief from the automatic stay shall be granted for "cause." As set forth in *In re Ellis*, 60 B.R. 432 (B.A.P. 9th Cir. 1985), failure to make post-petition payments can constitute cause for terminating the automatic stay.

Here, 19 post-petition payments have come due on the Note since the filing of Debtor's bankruptcy petition, through May 2012. See Declaration of Ana L. Rodriguez in Support of Motion for Relief from the Automatic Stay, ¶ 8, Exhibit "4." However, none of the said payments have been received by Movant in good funds. *Id.* Thus, as of May 15, 2012, Debtor owes post-petition payments on the Note in the total amount $19,617.33, in addition to the payment that will come due on June 1, 2012. *Id.* at ¶¶ 8-9. Based on Debtor's failure to make the required post-petition payments, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

**II.**

**MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(2). NO EQUITY**

11 U.S.C. § 362(d)(2) provides that relief from the automatic stay shall be granted if the debtor does not have any equity in the property and the property is not necessary to the debtor's(s') effective reorganization.

In *In re San Clemente Estates*, 5 B.R. 605, 610 (Bankr. S.D. Cal. 1980), the court stated that "[s]ection 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor(s) have no equity and it is unnecessary to the reorganization, even where the debtor(s) can provide adequate protection under Section 362(d)(1)."

In *In re Mikole Developers, Inc.*, 14 B.R. 524, 525 (Bankr. E.D. Pa. 1981) (citation omitted), the court stated that "[i]n determining whether an 'equity cushion' exists in the subject property, all encumbrances are totalled, whether or not all the lienholders have joined in the request for relief from the stay." The Ninth Circuit has concurred with this view in *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir. 1984).

An appropriate cost of sale factor should also be added to determine if the debtor(s) have

any equity in the property. *La Jolla Mortgage Fund v. Rancho El Cajon Associates*, 18 B.R. 283, 289 (Bankr. S.D. Cal. 1982).

According to Debtor's Schedule A and Schedule D, the Property is worth $225,000.00. True and correct copies of Debtor's Schedules A and Schedule D are collectively attached to the Declaration of Ana L. Rodriguez in Support of Motion for Relief from the Automatic Stay as Exhibit "5" and incorporated herein by reference. According to Debtor's Schedule D, the total amount of Movant's claim is $130,000.00. In addition to Movant's Deed of Trust, Debtor's Schedule D indicates that there are additional liens encumbering the Property in the amount of $261,665.00. See Declaration of Ana L. Rodriguez in Support of Motion for Relief From Automatic Stay, Exhibit "5."

Based on the above, Movant maintains that after factoring in the cost of sale of the Property, there is little or no equity in the Property for the bankruptcy estate to provide adequate protection to Movant. As a result, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

**III.**

**MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1). CAUSE - LACK OF ADEQUATE PROTECTION**

Pursuant to the provisions of 11 U.S.C. § 361 and § 362(d)(1), Movant is entitled to adequate protection of its interest in the Property.

Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this Motion. Movant is informed and believes that Debtor is presently unwilling or unable to provide adequate protection to Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

By reason of the foregoing, Movant is entitled to relief from stay under 11 U.S.C. 362(d)(1), based upon the failure of Debtor to provide adequate protection to Movant.

WHEREFORE, Movant respectfully prays for an Order of this Court as follows:

1. Terminating the automatic stay of 11 U.S.C. § 362, as it applies to the enforcement by Movant of all of its rights in the Property under the Note and the Deed of Trust;

2. That the 14-day stay set forth in Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived;

3. Granting Movant leave to foreclose on the Property and to enforce the security

interest under the Note and the Deed of Trust, including any action necessary to obtain possession of the Property;

4. Permitting Movant to offer and provide Debtor with information regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor;

5. Alternatively, in the event this Court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring Debtor(s) to reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Property, including Debtor's obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor in order to protect Movant's interest in the Property, including all attorneys' fees and costs incurred in the filing of this Motion;

6. That the attorneys' fees and costs incurred by Movant for filing this Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

7. For such other and further relief as the Court deems just and proper.

DATED: June 18, 2012

**LAW OFFICES OF LES ZIEVE**

/s/ Jennifer A. Bender

By: Jennifer A. Bender
Counsel for Movant U.S. Bank National Association, as Trustee for the Certificate holders of the Mortgage Pass-Through Certificates 1997-R2

UNITED STATES BANKRUPTCY COURT
Northern District of California

In re: Glenda M. Shelby

Debtor(s)

Bankruptcy No.: 10-34264
R.S. No.: DIS10825
Hearing Date: July 2, 2012
Time: 1:00 p.m.

# Relief From Stay Cover Sheet

Instructions: Complete caption and Section A for all motions. Complete Section B for mobile homes, motor vehicles, and personal property. Complete Section C for real property. Utilize Section C as necessary. If moving party is not a secured creditor, briefly summarize the nature of the motion in Section D.

(A) Date Petition Filed: 10/27/2010 Chapter: 13
Prior hearings on this obligation: None Last Day to File §523/§727 Complaints: 1/31/2011

(B) Description of personal property collateral (e.g. 1983 Ford Taurus):

Secured Creditor ☐ or lessor ☐
Fair market value: $ ______ Source of value: ______
Contract Balance: $ ______ Pre-Petition Default: $ ______
Monthly Payment: $ ______ No. of months: ______
Insurance Advance: $ ______ Post-Petition Default: $ ______
No. of months: ______

(C) Description of real property collateral (e.g. Single family residence, Oakland, CA): Other, Manteca, CA

Fair market value: $ 225,000.00 Source of value: Debtor's Schedules A and D

If appraisal, date: ______

Moving Party's position (first trust deed, second, abstract, etc.):

Approx. Bal.: $104,078.09 Pre-Petition Default: $ N/A
As of (date): 05/15/2012 No. of months: N/A
Mo. Payment: $1,030.38 Post-Petition Default: $ 19,571.83
Notice of Default (date): N/A No. of months: 19
Notice of Trustee's Sale: N/A Advances Senior Liens: $ ______

Specify name and status of other liens and encumbrances, if known (e.g. trust deeds, tax liens, etc.):

| Position | | Amount | Mo. Payment | Defaults |
|---|---|---|---|---|
| 1st Trust Deed: | Movant | $ 104,078.09 | $ 1,030.38 | $ 19,571.83 |
| 2nd Trust Deed: | H. Frank Wentholt | $ 42,165.00 | $ | $ |
| Parekh: | | 219,500.00 | | |
| : | | | | |
| : | | | | |
| | (Total) | $ 365,743.09 | $ 1,030.38 | $ 19,571.83 |

(D) Other pertinent information:

Dated: June 18, 2012

/s/ Jennifer A. Bender
Signature

Jennifer A. Bender
Print or Type Name

Attorney for U.S. Bank National Association, as Trustee for the Certificate holders of the Mortgage Pass-Through Certificates 1997-R2

LAW OFFICES OF LES ZIEVE
DANIEL I. SINGER, ESQ. #227907
JENNIFER A. BENDER, ESQ. #244478
18377 Beach Boulevard, Suite 210
Huntington Beach, CA 92648
Phone: (714) 848-7920
Facsimile: (714) 848-7650
Email: bankruptcy@zievelaw.com

Counsel for Movant, U.S. Bank National Association, as Trustee for the Certificate holders of the Mortgage Pass-Through Certificates 1997-R2

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

In re

Glenda M. Shelby,

Debtor.

U.S. Bank National Association, as Trustee for the Certificate holders of the Mortgage Pass-Through Certificates 1997-R2, its assignees and/or successors in interest,

Movant,

vs.

Glenda M. Shelby,
David Burchard, Trustee,

Respondents.

Case No: 10-34264

RS No. DIS10825

Chapter 13

**DECLARATION OF ANA L. RODRIGUEZ IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**HEARING:**
Date: July 2, 2012
Time: 1:00 p.m.
Place: Courtroom 23
235 Pine Street
San Francisco, CA 94104

I, Ana L. Rodriguez, declare and state as follows:

1. As to the following facts, I know them to be true. Each is based upon my personal knowledge, unless otherwise indicated. If called upon to testify in this or any other action, I could and would testify competently thereto.

2.     I am a Contract Manager for Ocwen Loan Servicing, LLC, the duly authorized and acting loan servicing agent on behalf of U.S. Bank National Association, as Trustee for the Certificate holders of the Mortgage Pass-Through Certificates 1997-R2("Movant").

3.     I have access to the bankruptcy books and records for Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

4.     The instant bankruptcy case was filed by Glenda M. Shelby on October 27, 2010 in the Northern Bankruptcy District of California, Case No. 10-34264.

5.     The subject real property securing Movant's first trust deed loan is generally described as 1760 New Horizons Drive, Manteca, California 95336.

6.     Movant is the current payee of a Promissory Note ("Note") dated August 12, 1991, in the principal amount of $154,000.00. A true and correct copy of the Note is attached hereto as Exhibit "1."

7.     The Note is secured by a Deed of Trust dated August 12, 1991, a true and correct copy of which is attached hereto as Exhibit "2." By virtue of assignment, Movant currently holds the beneficial interest in the Note and Deed of Trust a true and correct copy of which is attached hereto as Exhibit "3."

///

///

8. With respect to Movant's Note and Deed of Trust, 19 post-petition payments have come due since the filing of the instant Case No. 10-34264, through May 2012. A copy of the payment history is attached hereto as Exhibit "4." To date no said payments have been received by Movant in good funds. Therefore, the following post-petition payments are presently due and owing as of May 15, 2012.

| | |
|---|---|
| 11 MONTHLY PAYMENTS @ $1,029.89 | $11,328.79 |
| 8 MONTHLY PAYMENTS @ $1,030.38 | $8,243.04 |
| BANKRUPTCY FEES AND COSTS | $150.00 |
| PROPERTY INSPECTION FEES AND COSTS | $ 119.50 |
| ATTORNEY FEES AND COSTS (THIS MOTION) | $801.00 |
| SUSPENSE BALANCE | ($1,025.00) |
| **TOTAL AMOUNT DUE POST-PETITION** | **$19,617.33** |
| | |
| **UNPAID PRINCIPAL BALANCE** | **$104,078.09** |

///

///

///

9. The monthly payments on the Note come due on the fifteen day of each month. Therefore, at least an additional **$1,030.38** will be due by the date of the hearing on the instant Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of May, 2012 at West Palm Beach, Florida.

**Ana L. Rodriguez**

**Contract Manager**

*NOTICE TO BORROWER: ...S NOTE CONTAINS PROVISIONS FOR AN ADJUS... LE INTEREST RATE AND A BALLOON PAYMENT MAY BE DUE AT MATUR...*

**ARM–T**
**Periodic Cap**

1908

# PROMISSORY NOTE
# ADJUSTABLE RATE MORTGAGE LOAN
## Limited Rate

-6403

#2678050

PROMISSORY NOTE
13413622N

LOAN NO.: 1-341362-2
DATE: AUGUST 12, 1991
SAN MATEO, CA.

PRINCIPAL $154,000.00

Initial Interest Rate 8.550% First Interest Rate Adjustment Date DECEMBER 1, 1991

Initial Monthly Installment $1,189.59 Commencing on OCTOBER 1, 1991

Rate Differential 2.650 Installment Due Date 1ST Maturity Date SEPTEMBER 1, 2021

Minimum Rate* 7.000% First Installment Adjustment Date OCTOBER 1, 1992

Maximum Rate* 15.100% Late Charge 6% of P.&I. Installment if not received within 15 days of due date

Periodic Rate Adjustment Limit 2.000 percentage points

*Subject to Adjustment upon sale or transfer, as provided in Paragraph 2

The undersigned promises to pay in lawful money of the United States to GREAT WESTERN BANK, A FEDERAL SAVINGS BANK or order ("Holder"), at Holder's office at 9451 Corbin Avenue, Northridge, California 91324-2496, or at such other address as Holder designates, the Principal shown above with interest from date of disbursement of funds on unpaid principal at the initial adjustable interest rate per annum ("Initial Interest Rate") shown above, payable in Initial Monthly Installments in the amount shown above, commencing on the Commencement Date shown above and continuing on the Installment Due Date of each and every month thereafter until the Maturity Date, when all sums then remaining unpaid shall immediately become due and payable. Each installment shall be credited first to interest which became due during the month for which payment is being made, then to any unpaid interest which became due previously, and the remainder to principal; interest shall then cease on the portion of principal credited. Monthly interest will be computed at 1/12th of the annual rate and any partial month's interest at 1/30th of the monthly calculation per day. To the extent that any scheduled monthly installment due is insufficient to pay all interest required for the period for which payment is being made, the amount of such unpaid interest ("Deferred Interest") shall be added to and become a part of the unpaid principal as of the due date of any such monthly installment, and shall bear interest thereafter as provided in this Note.

In the event any sum has not been paid at the Maturity Date, interest shall be due from the Maturity Date on such unpaid sums without extending the Maturity Date or waiving such default, at the rate applicable to the final monthly installment

1. **DEFINITIONS.** As used in this Note: (a) "Index" means the Federal Cost of Funds Index published monthly by the Federal Home Loan Mortgage Corporation. If the Index is no longer published, we may select an alternate index to permit interest rate adjustments and that alternate index shall be the "Index." (b) "Current Index" shall mean each published update of the Index. (c) "Rate Differential" shall mean the number of percentage points specified above.

2. **ADJUSTABLE INTEREST RATE TERMS.** The Initial Interest Rate shall be adjusted on the First Interest Rate Adjustment Date of this Note as shown above, and monthly thereafter as follows: (a) Holder will increase or decrease the interest rate of the Note by adding the Rate Differential to the most recently published Current Index, which sum shall be the adjusted interest rate. (b) The first rate adjustment will be effective commencing with the First Interest Rate Adjustment Date, and subsequent rate adjustments will be effective on the Installment Due Date of each monthly installment thereafter. (It is understood that the Current Index is calculated for each calendar month, but publication of the Index may be delayed. The Index will be deemed to have been published once each successive calendar month for purposes of rate adjustments.) (c) Holder may elect to defer all or any part of the rate adjustment that will result in an increase of that rate. No prior notification of interest rate adjustments shall be required.

**ALL TERMS AND CONDITIONS CONTINUED ON THE REVERSE SIDE HEREOF ARE INCLUDED IN THIS PROMISSORY NOTE.**

*(Please sign your name exactly as it appears below.)*

Michael J. Shelby
MICHAEL J. SHELBY

Glenda M. Shelby
GLENDA M. SHELBY

Exhibit "1"

PROMISSORY NOTE
ADJUSTABLE RATE MORTGAGE LOAN
LIMITED RATE
(Continued)

**RATE ADJUSTMENT LIMITATION.** Interest rate adjustments will be limited as follows: (a) Interest rates in the first loan year (that period from the commencement of the loan to the due date of the 12th monthly installment) may not be increased above or decreased below the Initial Interest Rate by an amount in excess of the Periodic Rate Adjustment Limit shown above. Interest rates in each subsequent twelve–month period (loan year) may not be increased above or decreased below the interest rate in effect immediately preceding the new loan year by an amount in excess of the Periodic Rate Adjustment Limit; (b) Interest rates during the term of the loan may not be adjusted to exceed the Maximum and Minimum Rate Limits shown above, unless there is a sale or transfer of the real property described in the Deed of Trust securing this Note which requires Holder's consent. Upon such sale or transfer of said real property, the Holder reserves the right to adjust the Maximum Rate five (5) percentage points above and the Minimum Rate five (5) percentage points below the sum of the Rate Differential and the Current Index most recently published either prior to the date of such sale or transfer or the date this loan obligation is assumed, at the election of the Holder; however, the Periodic Rate Adjustment Limit may not be adjusted.

3. **INSTALLMENT ADJUSTMENT.** The Initial Monthly Installment amount shall be adjusted commencing on the First Installment Adjustment Date and annually thereafter as follows. Within approximately sixty (60) days prior to each Installment Adjustment Date a review of the loan shall be made for the purpose of calculating the installment adjustment. The loan balance as of the time of the review shall be projected to the Installment Adjustment Date, without regard to any delinquent or prepaid installments, to calculate the installment adjustment. The interest rate in effect at the time of review shall be used for calculation of the adjustment. For installment calculating purposes, the monthly installment shall be adjusted to an amount which would be sufficient to then amortize the projected loan balance at said rate over the remaining term of this loan. Subsequent adjustments to the interest rate and actual adjustments to the loan balance that may occur between the time of the installment review and the effective date of the installment adjustment shall not be considered.

**INSTALLMENT ADJUSTMENT LIMITATION.** Any monthly installment increase or decrease required under the provisions of this Paragraph 3 shall not exceed 7½% of the monthly installment due prior to the effective date of an installment adjustment except at the end of the tenth (10th) year from the commencement date of the monthly installments due on this Note, and at the end of each fifth (5th) year thereafter, when installments will be adjusted without the 7½% limitation.

4. **LATE CHARGES.** The undersigned promises to pay a Late Charge equal to the above specified percentage of the monthly principal and interest of any installment which is not received in its entirety within the above stated number of days after its due date. Holder is under no obligation to accept a partial installment(s). The undersigned acknowledges that it would be extremely difficult or impracticable to determine Holder's actual damages resulting from any late installment and this Late Charge is a reasonable estimate of those damages. Holder agrees to accept this Late Charge as its sole right to damages for any late installment. Acceptance of any Late Charge shall not limit any of Holder's other rights under this Note, Deed of Trust or other documents executed to induce Holder to make the loan evidenced by this Note.

5. **COLLECTION STEPS WAIVED.** The undersigned waives the taking of any formal steps to collect this Note after a default on undersigned's part. Such steps include, among others, giving notice that an installment is about to become due, giving notice that amounts due have not been paid, and demanding payment of amounts due.

6. **COLLECTION COSTS.** The undersigned promises to pay Holder all its costs, expenses, and reasonable attorney's fees incurred in connection with this Note.

7. **DEFAULT AND ACCELERATION.** Upon failure to pay any installment when due or to perform when due any obligation, covenant, or agreement in this Note, in the Deed of Trust or other security instruments which secure this Note, or in any other document executed by the undersigned to induce Holder to make the loan evidenced by this Note, or if any statement made by the undersigned in any such document is false or misleading, then all indebtedness will become immediately due at Holder's option. Paragraph 13 of the Deed of Trust contains the following provisions:

(Beneficiary means Holder; Trustor means undersigned.)

> "13. BENEFICIARY'S CONSENT REQUIRED. Beneficiary may declare all sums secured hereby immediately due and payable within 30 days after such declaration except as expressly limited by law, if Trustor, without Beneficiary's prior written consent: (a) sells, conveys, contracts to sell, alienates or further encumbers all or any part of the property; or (b) leases all or any part of the property for a term, together with all exercisable options, of 5 years or more; or (c) suffers the title or any interest in the secured property to be divested, whether voluntarily or involuntarily; or (d) changes or permits to be changed the character or use of the property; or (e) is a partnership and any of the general partners' interests are transferred or assigned, whether voluntarily or involuntarily; or (f) is a corporation with fewer than 100 stockholders at the date of execution of this Deed of Trust and more than 10% of its capital stock is sold, transferred or assigned during a 12–month period."

If Holder has previously recorded a Deed of Trust which describes the same property that is described in the Deed of Trust securing this Note, it is the intention of Holder and the undersigned that such prior Deed of Trust not secure the obligation evidenced by this Note, any provision of such prior Deed of Trust to the contrary notwithstanding.

8. **DUE ON SALE PROVISIONS.** Paragraph 13 of the Deed of Trust, as reprinted above, contains provisions which permit Beneficiary, at its option, to declare all principal and accrued interest immediately due and payable if Trustor, without Beneficiary's prior written consent, transfers any interest in the security property by any means of transfer there specifically set forth.

LIMITED WAIVER. Notwithstanding those provisions, the undersigned, acting jointly if more than one, will be permitted to transfer the property without an acceleration of the loan, to a transferee who agrees to assume all of the undersigned's obligations with respect to this loan upon the following conditions:

1) The prospective transferee's creditworthiness must be approved in writing by the Holder using the Holder's underwriting criteria in effect at the date the transferee applies for assumption of the loan obligations.

2) The transferee must execute Holder's assumption documentation to evidence the assumption of the loan obligations, and the adjustment, if Holder elects, to the maximum and minimum rate limits.

3) The transferee must pay an assumption fee equal to one percent of the outstanding principal at the time of the assumption.

9. **RIGHT TO PREPAY.** The undersigned has the right to prepay all or any part of the outstanding principal at any time without prepayment charge.

10. **MULTIPLE SIGNERS.** If more than one person signs this Note, their liability is joint and several.

11. **LAW.** This Note and the rights and obligations of the Holder and the undersigned hereunder shall be interpreted, enforced and construed in accordance with the laws of the State in which the real property securing this Note is located, except to the extent the same may be preempted by applicable federal law.

12. **INVALIDITY.** In case any one or more of the provisions contained in this Note shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provisions hereof, and this Note shall be construed as if such invalid, illegal or unenforceable provision(s) had never been included.

**ALLONGE TO NOTE**

**LOAN NO.: 13413622**

OFB 2678050

Pay to the Order of

without recourse, representation or warranty.
Great Western Bank, A Federal Savings Bank

By: *Virginia Walton*
Virginia Walton, Vice President

By: *Ingrid Vigh*
Ingrid Vigh, Assistant Vice President

Prepared by: Christopher J. Feeny
OFB Loan Number: 2678050

ALLONGE

BORROWERS: MICHAEL J. SHELBY GLENDA M. SHELBY

PRESENT OWNER AND HOLDER: OCWEN FEDERAL BANK FSB, FORMERLY KNOWN AS BERKELEY FEDERAL BANK & TRUST FSB

NOTE EXECUTION DATE: 8/12/91

NOTE AMOUNT: $154,000.00

This allonge shall be annexed to the original Note referenced above for purposes of transferring same from the present Owner and Holder of the Note, OCWEN FEDERAL BANK FSB ("Transferor") as of the date set forth below. As a result of said transfer, OCWEN FEDERAL BANK FSB has no further interest in the Note.

Any changes in the payment obligations under the Note by virtue of any forbearance or assistance agreement, payment plan or modification agreement agreed to by HUD, whether or not in writing, is binding upon the Assignee/Payee, its successors and assigns. The Note and the Mortgage/Deed of Trust securing the Note may only be transferred and assigned to a person or entity that is either an FHA-Approved Servicer/Mortgagee/Beneficiary or who has entered into a contract for the servicing of the Note with an FHA-Approved Servicer. The Note and the Mortgage/Deed of Trust securing the Note shall be serviced in accordance with the servicing requirements set forth by HUD. These sales and servicing provisions shall continue to apply unless the Mortgage/Deed of Trust is modified, for consideration, with the consent of the Mortgagor/Trustor, refinanced, or satisfied of record. This assignment/endorsement is made and executed with all FHA insurance terminated.

Dated: June 9, 1997.

Pay to the order of:
LaSalle National Bank, as Trustee for the registered holders of BCF L.L.C., Series 1997-R2

without recourse this 9th day of June, 1997.

OCWEN FEDERAL BANK FSB, FORMERLY KNOWN AS
BERKELEY FEDERAL BANK & TRUST FSB

By: [signature]

Name: DONALD ST. JOHN

Title: DIRECTOR, MORTGAGE OPERATIONS

PREPARED BY AND
AFTER RECORDING MAIL TO:

GREAT WESTERN BANK
P.O. BOX 1900
NORTHRIDGE, CA 91328

91081964

SAN JOAQUIN COUNTY
RECORDER'S OFFICE
M. JOHNSTON

1991 AUG 23 AM 8: 00

RECORDED AT REQUEST OF

Fidelity National Title Co.

4

13-1

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# Deed of Trust

(ADJUST ABLE INTEREST RATE)

LOAN AMOUNT $154,000.00

LOAN NO. 1-341362-2
OFFICE NUMBER: 79
COUNTY CODE: 039

THIS DEED OF TRUST, made this 12TH DAY OF AUGUST, 1991, between MICHAEL J. SHELBY AND GLENDA M. SHELBY, HUSBAND AND WIFE, herein called "Trustor",

whose address is 210 CYPRESS STREET, REDWOOD CITY, CA 94061
CALIFORNIA RECONVEYANCE COMPANY, A California corporation, herein called "Trustee", and
GREAT WESTERN BANK, A FEDERAL SAVINGS BANK, herein called "Beneficiary",
WITNESSETH: That Trustor irrevocably grants, transfers, and assigns to Trustee in trust, with power of sale, that real property, property rights and interest in SAN JOAQUIN County, California, described as:

LOT ELEVEN (11), AS SHOWN UPON MAP ENTITLED, TRACT NO. 1441, NEW HORIZONS, FILED FOR RECORD JULY 2, 1979 IN BOOK 24, PAGE 85, SAN JOAQUIN COUNTY RECORDS.

(ASSESSOR'S PARCEL NO. 208-320-11)

WHICH HAS THE ADDRESS OF 1760 NEW HORIZONS DRIVE, MANTECA
CALIFORNIA 95336 ("PROPERTY ADDRESS")

INCLUDING all buildings, structures, improvements, appliances, equipment and appurtenances now or hereafter constructed or placed thereon, including, but not limited to, all apparatus and equipment, whether affixed to the land or building thereon or not affixed thereto, whether single units or centrally controlled, used to provide or supply air-cooling, air-conditioning, heat, gas, water, light and power, refrigeration, ventilation, laundry, clothes drying, dishwashing, garbage disposal or other services, waste vent systems, antennas, pool equipment, window coverings, drapes and drapery rods, carpeting and floor coverings, awnings, ranges and ovens, water heaters, attached cabinets, pumps, pipes, tanks, fire prevention, fire extinguishing and communications apparatus, elevators, escalators, and partitions, and all of the above items are declared to be and are deemed to be things affixed to and a part of the realty for the purposes of this Deed of Trust

TOGETHER WITH all interest which Trustor now has or may hereafter acquire in or to said property and in and to:

(a) All rents, issues, profits, royalties, tolls, earnings and incomes therefrom and installments of money payable pursuant to any agreement for sale of said property or any part thereof, subject however to the right, power and authority given to and conferred upon Beneficiary by Paragraph 15 below, reserving to Trustor the right to collect when due and retain any of said sums prior to any event of default hereunder;
(b) All easements, rights of way and other appurtenances thereto;
(c) All shrubs, trees and plants;
(d) All adjacent lands included in enclosure or occupied by buildings located partly on the above described property;
(e) All crops growing or to be grown on said property;
(f) All water and water rights (whether or not appurtenant) and shares of stock pertaining to water or water rights, ownership of which affects said property;
(g) All claims, demands or causes of action of any kind, including proceeds of settlement of any such claim, demand or cause of action of any kind, which Trustor now has or may hereafter acquire, arising out of acquisition or ownership of the property, subject however to the right, power and authority given to and conferred upon Beneficiary by Paragraph 5 below. Trustee shall have no duty to prosecute any such claim, demand or cause of action.

For the purposes of this instrument, including all provisions incorporated by reference herein, all of the foregoing described real property, property rights and interest shall be referred to as "the property".

THIS DEED OF TRUST SECURES AN ADJUSTABLE RATE NOTE -- SEE PARAGRAPH 23

THIS DEED OF TRUST IS FOR THE PURPOSE OF SECURING THE FOLLOWING:

A. Payment of the loan amount above, with interest thereon, according to the terms of a Promissory Note or Notes (herein sometimes referred to as "the note") of even date herewith, made by Trustor, payable to Beneficiary or order, and any and all modifications and extensions or renewals thereof (see paragraph 23);

B. Payment of such additional sums, with interest thereon, as may be hereafter borrowed from Beneficiary by the then record owner or owners of the property which are hereby secured and all extensions, modifications and renewals of such additional borrowings;

C. Payment, performance and discharge of every obligation, covenant and agreement of Trustor whether contained or incorporated by reference in this Deed of Trust, or contained in any instrument now or hereafter executed by Trustor in connection with the loan evidenced by the note, including but not limited to any assignment; construction loan agreement, pledge agreement, security agreement, supplemental agreement, assignment of Lessor's interest in leases, modification agreement or assumption agreement;

D. Payment of all sums of money with interest which may be paid out or advanced by, or may otherwise be due to Trustee or Beneficiary under any provision of this Deed of Trust,

E. At Beneficiary's option, payment with interest thereon of any other present or future indebtedness or obligation of Trustor (or of any successor in interest to Trustor to the property) to Beneficiary, whether created directly or acquired by assignment, whether absolute or contingent, whether due or not, whether otherwise secured or not, or whether existing at the time of this Deed of Trust or arising thereafter. Exercise of such option shall be evidenced by a notice in writing to Trustor or any successor in interest to Trustor.

2190 (R12-90)10 DISTRIBUTION: Original — Recording Copy; White — File Copy; White — Borrower Copy

To Protect the Security of This Deed of Trust, Trustor Agrees:

**1. PRESERVATION OF THE PROPERTY.** Trustor (a) shall keep the property in good condition and repair, (b) shall not remove, demolish or substantially alter any building, structure or improvement thereon, (c) shall complete or restore promptly and in good workmanlike manner any building which may be constructed, damaged or destroyed thereon and will pay when due all claims for labor performed and material furnished therefor, (d) shall comply with the provisions of all insurance policies covering and with all laws and regulations affecting the property or requiring any alterations, repairs or improvements thereon, (e) shall not commit or suffer any waste thereon, (f) shall not commit or suffer any act upon the property in violation of any provision of any insurance policy or law or regulation, (g) shall paint, decorate, cultivate, irrigate, fertilize, fumigate and prune the property, and (h) consistent with the use thereof, do all other acts which the character or use of the property may reasonably require

**2. INSURANCE.** Trustor shall, at Trustor's expense, provide and maintain in force at all times with respect to the property, fire and other types of insurance as may be required by Beneficiary. All of such insurance policies shall have a loss payable endorsement in favor of Beneficiary and shall be for a term and in form, content, amount, and with such insurance companies, as may be satisfactory to Beneficiary. Such policies shall be delivered to Beneficiary upon the making of this Deed of Trust upon the request of the Beneficiary. Trustor shall also deliver at such times evidence that the full premium for any such policy has been paid. Beneficiary at its option may retain possession of the original policy or it may release it to the possession of the Trustor. If the Beneficiary retains possession of such policies, at least thirty (30) days before the expiration of any such insurance policy, a policy or policies renewing, extending or replacing such expiring insurance shall be delivered by Trustor to Beneficiary. If any such insurance policy [illegible] not so delivered to Beneficiary or in the event any such insurance policy is cancelled, whether the Beneficiary has in its possession the policies or not and no reinstatement or replacement policy is received prior to termination of insurance Beneficiary, without notice to or demand upon Trustor may (but shall not be obligated to) obtain such insurance with such company as Beneficiary may deem satisfactory, and pay the premium therefor, and the amount of any premium so paid shall be charged to and promptly paid by Trustor or at the option of Beneficiary, may be added to the indebtedness secured hereby.

In the event Beneficiary obtains any such insurance policy Trustor for the own benefit and for the protection of this equity interest in the property, hereby requests and authorizes Beneficiary, but without liability on the part of Beneficiary for failure so to do, to obtain such policy for such term and in such form, content and amount and with such insurance companies as may be satisfactory to Beneficiary. Should any policy thus obtained by Beneficiary thereafter be cancelled, Trustor shall pay to Beneficiary any earned premiums on said policy and a reasonable charge for its services in obtaining such policy

Neither Trustee nor Beneficiary shall be responsible for the collection of any insurance monies, or [illegible] of any insurer or insurance underwriter. The right to any unearned premiums under said insurance policies is hereby assigned and shall pass to the purchaser of the property conveyed at any Trustee's sale held or to the grantee of a deed in lieu of foreclosure if such a conveyance is made. Any part or all of the amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured by the Deed of Trust at such time and in the manner and amount as Beneficiary may determine, or at the option of Beneficiary, without reducing the indebtedness secured hereby may either be used to replace, restore or reconstruct the property to a condition satisfactory to Beneficiary or be released to Trustor. Any application, use or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice. Trustor shall pay Beneficiary inspection fees and other costs resulting from or connected with the casualty loss to which such insurance relates

**3. LIFE, ACCIDENT OR HEALTH INSURANCE.** If Trustor shall assign or deliver a policy of life, accident or health insurance to Beneficiary as further security hereunder, then if Trustor fails to pay any premium thereon Beneficiary shall be entitled, but not obligated, to pay any such premium. Any amount so paid shall be charged to and promptly paid by Trustor or at the option of Beneficiary may be added to the indebtedness secured hereby

**4. TAXES AND ENCUMBRANCES.** [illegible] twenty (20) days before delinquency [illegible] and assessments now or hereafter affecting [illegible] including any assessments on appurtenant water [illegible] all special assessments for public improvements [illegible] bond to issue for [illegible] special assessment [illegible] Beneficiary all encumbrances, charges [illegible] the property or any part thereof, which are or may be prior or superior hereto, (c) when due all fees and charges incident to ownership, occupancy [illegible] and (d) if the property includes a condominium [illegible] apartment or part of a planned development [illegible] thereof under any declaration of covenants or conditions or restrictions pertaining to such project. Should Trustor fail to make any payment under this Paragraph 4, Beneficiary may, but shall not be obligated to, make such payment and any amount so paid shall be charged to and promptly paid by Trustor or at the option of Beneficiary [illegible] added to the indebtedness secured hereby without regard to the validity or legality of such assessments, liens or charges

**5. CLAIMS, DEMANDS AND ACTIONS.** Trustor shall (a) appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee (b) at the option of Beneficiary, assign to Beneficiary, to the extent of Beneficiary's interest, any claims, demands or causes of action of any kind including any award, court judgment or proceeds of settlement of any such claim, demand or cause of

91 081984

action of any kind which Trustor now has or may hereafter acquire arising out of acquisition or ownership of the property. Without limiting the generality of the foregoing, any such claim, demand or cause of action arising out of acquisition or ownership of the property may include (i) any such injury or damage to the property or any structure or improvement situated thereon, or (ii) any claim or cause of action in favor of Trustor which shall have arisen out of the transaction financed in whole or in part by the making of the loan secured hereby, or (iii) any claim or cause of action in favor of Trustor (except for bodily injury) which arises as a result of any negligent or improper construction, installation or repair of the property, including the surface or subsurface thereof, or of any building or structure thereon. Beneficiary may apply, use or release such monies so received by it in the same manner as Paragraph 2 provided for the proceeds of fire or other insurance

**6. DEFENDING TRUST.** Notwithstanding the provisions of Paragraph 5, Beneficiary or Trustee may (a) commence and prosecute or appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, (b) pay, purchase, contest or compromise any encumbrance [illegible] which in the judgment of either appear to be prior or superior hereto, and (c) in [illegible] right, incur any liability and expend whatever amounts either deems reasonably necessary, including cost of evidence of title and reasonable attorneys' fees

**7. PROTECTION OF SECURITY BY BENEFICIARY OR TRUSTEE.** Should Trustor fail to make any payment or do any act provided in this Deed of Trust, then Beneficiary or Trustee but without obligation so to do, and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make any such payment or do any such act in such manner and to such extent as either deems necessary to protect the security hereof. Beneficiary or Trustee is authorized to enter upon the property at any time for such purpose

**8. REIMBURSEMENT.** Trustor shall pay immediately upon demand all costs, fees or expenses incurred and sums expended or advanced under the terms of this Deed of Trust by Beneficiary or Trustee, with interest thereon at a rate equal to the rate provided for in the note secured hereby, and the obligation of Trustor to pay such sums and interest as aforesaid shall be secured hereby. If Beneficiary or Trustee shall make such payment or expend such sums Trustor shall pay a service charge in an amount equal to ten per cent (10%) of the payment made or the sum expended.

**9. LEASEHOLD ESTATES.** If the security for this Deed of Trust is a leasehold estate, Trustor shall not modify or terminate the lease or leases creating the leasehold estate and shall comply with all of the covenants and conditions required of the Lessee or his successor in interest to be performed under the lease or leases creating said leasehold estate including but not limited to paying when due rent and other charges imposed upon such Lessee

**10. IMPOUND ACCOUNT.** Trustor shall pay to Beneficiary, if Beneficiary shall so demand, in addition to any other payment required hereunder, [illegible] installments for the purpose of creating and maintaining a fund to provide payment when due of any taxes, encumbrances, assessments, leasehold payments relating to the property, premiums for any policies of insurance insuring the property, the Trustor or the loan, more specifically referred to in Paragraphs 2, 3, 4 and 9. Trustor shall deliver promptly to Beneficiary all bills and notices thereof. Said installments shall be in such amounts as Beneficiary shall estimate from time to time to be necessary to provide sufficient monies in said fund to pay such taxes, encumbrances, assessments, leasehold payments and premiums when they become due and shall be payable concurrently with the installment under the note. If the amounts paid to Beneficiary under the provisions of this paragraph are insufficient to pay such taxes, assessments, leasehold payments and premiums as they become due, Trustor shall pay to Beneficiary promptly upon demand the amount of the deficiency.

In the event of default of any obligation hereby secured, then any funds in the possession of Beneficiary under the provisions of this paragraph may, at the option of Beneficiary be applied upon any indebtedness secured hereby

**11. FINANCIAL STATEMENTS.** Within thirty (30) days after written demand by Beneficiary (but not more frequently than semi-annually), Trustor shall deliver to Beneficiary verified financial statements, prepared in accordance with acceptable accounting practices, for such annual or other period as Beneficiary may designate. Such financial statements shall include balance sheets, operating statements, and statements of sources and application of funds. In addition, Trustor shall deliver to Beneficiary on demand, copies of all leases, agreements, vouchers, receipts and other documents supporting any of the items shown in such statements. Trustor shall keep and maintain a full and accurate set of books and records showing all the matters above specified, and shall permit Beneficiary at any time to inspect and audit all Trustor's books of account, records, and papers relating to any of the foregoing matters. In the event any such audit is caused to be made by Beneficiary by reason of the failure of Trustor to comply with any of the foregoing provisions, then Trustor shall pay to Beneficiary upon demand all expenses incurred by Beneficiary in connection with such audit.

None of the provisions of this Paragraph 11 shall be applicable so long as the property is residential in nature and designed for occupancy by less than five (5) families

**12. DAMAGE TO OR CONDEMNATION OF PROPERTY.** Any award of damages or compensation for injury to, or in connection with any condemnation for public use of the property, or any part thereof, or any proceeds of any settlement with respect to a condemnation whether or not eminent domain proceedings have been instituted, shall be and is hereby assigned by Trustor and shall be paid to Beneficiary who may apply, use or release the amount thereof in the same manner as Paragraph 2 provided for the proceeds of fire or other insurance

**13. BENEFICIARY'S CONSENT REQUIRED.** Beneficiary may declare all sums secured hereby immediately due and payable within 30 days after such declaration except as expressly limited by law, if Trustor, without Beneficiary's prior written consent: (a) sells, conveys, contracts to sell, alienates or further encumbers all or any part of the property, or (b) leases all or any part of the property for a term, together with all exercisable options, of 5 years or more; or (c) suffers the title or any interest in the secured property to be divested, whether voluntarily or involuntarily; or (d) changes or permits to be changed the character or use of the property, or (e) is a partnership and any of the general partners' interests are transferred or assigned, whether voluntarily or involuntarily, or (f) is a corporation with fewer than 100 stock holders at the date of execution of this Deed of Trust and more than 10% of its capital stock is sold, transferred or assigned during a 12-month period.

**14. NO WAIVER.** Trustee or Beneficiary, by accepting payment of any sum secured hereby after its due date, or by making payment or taking any action which under the provisions hereof either Trustee or Beneficiary is entitled but not obligated to make or take, or by forbearing from exercising any of its rights, shall not be deemed to have waived its right to require payment from or action by Trustor and to declare a default for Trustor's failure to do so.

In the event either Trustee or Beneficiary should expressly waive any rights under any provisions of this Deed of Trust, such waiver shall not be deemed a waiver of any rights Trustee or Beneficiary may have subsequently to require payment from or action by Trustor and declare a default for Trustor's failure to do so.

**15. ASSIGNMENT.** Trustor hereby assigns and transfers to Beneficiary during the continuance of these trusts, all rents, issues, profits, royalties, tolls, earnings and income of the property, including those arising by reason of any oil, gas or mineral lease thereof, and all installments of money payable pursuant to any contract of sale or lease relating to the property or any part thereof (hereinafter referred to collectively as "income"), together with the right, power and authority to collect and retain all such income as it becomes due and payable. All income received by Beneficiary through the exercise of the foregoing assignment, less all expenses (including reasonable attorneys' fees) incurred by Beneficiary in collecting such income shall be applied by Beneficiary on any indebtedness secured by this Deed of Trust at such time and in the manner and amount as Beneficiary may determine. Without limiting the generality of the foregoing, such application may include payment of periodic installments of principal and interest, or reduction of the principal balance or reimbursement to Beneficiary as provided in Paragraph 8. The foregoing assignment is intended as an assignment to take effect only upon a default by Trustor in any of Trustor's obligations under this Deed of Trust, and Trustor accordingly reserves the right, prior to any such default, to collect and retain all such income as it becomes due and payable.

**16. DEFAULT BY TRUSTOR.** Upon default by Trustor in payment of any indebtedness secured, or in the performance of any obligation imposed upon Trustor, by this Deed of Trust, Beneficiary may, without notice and irrespective of whether declaration of default has been delivered to Trustee and without regard to the adequacy of the security for the indebtedness secured hereby, either personally or by attorney or agent, without bringing any action or proceeding, without entering into possession of the property, or by receiver to be appointed by a court: (a) enter into possession and hold, occupy, possess and enjoy the property; (b) make, cancel, enforce, modify or terminate leases; (c) obtain and eject tenants; (d) set or modify rents; (e) take, receive and collect all or any part of the rents, issues, profits, royalties, tolls, earnings, income and installments (hereinafter referred to collectively as "income") as it becomes due and payable. After paying such costs of maintenance and operation of the property as its judgement may deem proper, Beneficiary may apply the balance upon the entire indebtedness then secured hereby. The acceptance of such income shall not constitute a waiver of any other right which Trustee or Beneficiary may have under this Deed of Trust or under the laws of California. The receipt and application by Beneficiary of such income pursuant thereto after execution and delivery of declaration of default and demand for sale or during the pendency of a Trustee's sale proceeding hereunder, shall not cure any breach or default nor affect said sale proceeding or any sale made pursuant thereto, but such income, less all costs of operation and maintenance, when received by Beneficiary, shall be applied in reduction of the entire indebtedness from time to time secured hereby. Trustor shall [illegible] abstract or interfere with any of Beneficiary's rights [illegible] Paragraph 16. In the event Beneficiary acts under the provisions of [illegible] Paragraph 16, Trustor shall pay a service charge in an amount equal to five percent (5%) of all income collected by Beneficiary.

**17. TRUSTEE AUTHORIZED.** Upon written request of Beneficiary and presentation of this Deed of Trust and the note secured hereby for endorsement, and without affecting the liability of any person for payment of the indebtedness secured hereby, Trustee may (a) reconvey any part of the property; (b) execute the title sheet of any map, plat or record of survey thereof; (c) join in granting any easement thereon; or (d) join in any agreement modifying the terms hereof or subordinating the lien or charge hereof. Trustor shall pay to Beneficiary and Trustee a reasonable service charge for any such action.

**18. RECONVEYANCE.** Upon written request of Beneficiary and upon surrender of this Deed of Trust and the note secured hereby to Trustee for retention, and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters of fact shall be conclusive proof of the truth thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto". Five (5) years after the date of such reconveyance, Trustee may destroy the Deed of Trust and note without liability.

Notwithstanding anything set forth herein, Trustee may, in its discretion, return said note or Deed of Trust or both to the person entitled thereto.

**19. FEES.** Trustor shall pay to Beneficiary the maximum amount as may from time to time be permitted by law for furnishing in connection with the obligations secured hereby, each statement pursuant to any statute at the time then in force. Additionally, Trustor shall pay Beneficiary's and Trustee's fees, charges and expenses for any other statement, information or services furnished by Beneficiary or Trustee in connection with the obligations secured hereby. Said services may include, but shall not be limited to, the processing by Beneficiary or Trustee or both, of assumptions, substitutions, modifications, extensions, renewals, subordinations, rescissions, changes of owner, recordation of map, plat or record of survey, grants of easements, and full and partial reconveyances, and the obtaining by Beneficiary of any policies of insurance pursuant to any of the provisions contained in this Deed of Trust.

**20. SALE BY TRUSTEE.** Upon default by Trustor in payment of any indebtedness, or performance of any obligation secured by this Deed of Trust, Beneficiary, in addition to any other remedy of process available to Beneficiary, may declare all sums secured by this Deed of Trust immediately due and payable by delivering to Trustee a written declaration of default and causing to be filed for record a written notice of default and election to sell and shall deposit with Trustee this Deed of Trust and any note or other evidence of indebtedness secured by this Deed of Trust and all documents evidencing expenditures secured hereby. After the lapse of such time as may be required by law following the filing for record of said notice of default, and after giving all such notice as may be required by law, Trustee, without demand on Trustor, may sell the property, either as a whole or in separate parcels, and in such order as it may determine, by public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale, or for the equivalent of cash, as so determined by Trustee in its sole discretion. If the indebtedness secured hereunder is additionally secured by real property which is not subject to this Deed of Trust, Trustee may sell any property so given as security for Trustor's obligation, which it is authorized to sell, either in whole or in separate parcels and in such order as it may determine.

Trustee may postpone sale of all or any portion of the property by public announcement at the time and place fixed for such sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Following sale, Trustee shall deliver to the purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recital in such deed of any matters of fact shall be conclusive proof of the truth thereof. Any person, including Trustor, Trustee and Beneficiary may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this trust, including cost of evidence of title in connection with the sale and reasonable attorneys' fees, Trustee shall apply the proceeds of sale to payment, first, of all sums expended under the terms of this Deed of Trust, not then repaid, with accrued interest at the rate specified in the note secured by this Deed of Trust, and then to all other sums secured by this Deed of Trust, and, if there be any proceeds remaining, shall distribute them to the person or persons legally entitled thereto upon proof of entitlement being submitted to Trustee.

**21. WAIVER OF STATUTE OF LIMITATIONS.** Trustor hereby waives, to the full st extent permissible by law, the statute of limitations as a defense to any demand or obligations secured by this Deed of Trust.

**22. SUBSTITUTION OF TRUSTEE.** Beneficiary may, from time to time by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed and acknowledged by Beneficiary and recorded in the office of the Recorder of the county or counties where the property is situated, shall be conclusive proof of the proper substitution of such successor Trustee or Trustees, who shall, without conveyance, succeed to all the title, estate, rights, powers and duties of the predecessor Trustee. Said instrument shall contain the name and address of the new Trustee. If notice of default shall have been recorded, this power of substitution may not be exercised unless the then acting Trustee signs an endorsement on such instrument of substitution to the effect that all costs, fees and expenses due to such Trustee have been paid or satisfied.

**23. ADJUSTABLE MORTGAGE LOAN.** The note secured by this Deed of Trust contains provisions which may result in increases in the interest rate, in the monthly installments, and in the unpaid principal balance. Reference is hereby made to the Promissory Note for the specific provisions relating to such increases.

**24. GENERAL PROVISIONS.**

A. The term "Trustor" shall mean any person executing this Deed of Trust as Trustor, their respective heirs, legatees, devisees, administrators, executors, successors in interest and assigns, provided that Beneficiary shall not be obligated to give Notice of Default or Notice of Sale hereunder to any Trustor other than as shown on the face page hereof.

B. The term "Beneficiary" shall mean the owner and holder (including a pledgee) of the note secured hereby, whether or not named as Beneficiary herein.

C. Every provision of this Deed of Trust imposing upon Trustee any obligation to perform an act or embodying an agreement by Trustor to perform an act, shall be construed as obligating Trustor to pay all costs and expenses relating thereto.

D. In the event any provision hereof shall be declared invalid or unenforceable through a final judgment in a court having competent jurisdiction, the validity or enforceability of any of the remaining terms hereof shall not be thereby impaired.

E. In this Deed of Trust, wherever the context so requires, the masculine gender includes the feminine and neuter, the singular number includes the plural, and vice versa, and if more than one person is named as Trustor, the obligations of Trustor shall be the joint and several obligations of each person.

F. Captions and paragraph headings used herein are for convenience only and are not a part of this agreement and shall not be used in construing it.

91081984

The undersigned Trustor(s) request(s) that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to each Trustor named on the face page hereof, at the address set forth thereon.

NOTICE TO BORROWER: THIS DOCUMENT CONTAINS PROVISIONS FOR AN ADJUSTABLE INTEREST RATE AND CONTAINS PROVISIONS WHICH MAY REQUIRE A BALLOON PAYMENT AT MATURITY.

Michael J. Shelby
MICHAEL J. SHELBY

Glenda M. Shelby
GLENDA M. SHELBY

STATE OF CALIFORNIA
COUNTY OF San Mateo ss. (INDIVIDUAL)

On this 14th day of August, 19 91, before me, the undersigned, a Notary Public in and for said State, personally appeared Michael J. Shelby + Glenda M. Shelby

personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that they executed the same.

Witness my hand and official seal.

Diane M. Olvera
Notary Public in and for said County and State

Diane M. Olvera
Name (Typed or Printed)

DIANE M. OLVERA
NOTARY PUBLIC-CALIFORNIA
PRINCIPAL OFFICE IN
SAN MATEO COUNTY
My Commission Expires Aug. 24, 1993

(This area for official notarial seal)

*If executed by a Corporation or a Partnership, the appropriate form of Acknowledgement must be used.*

ESCROW OR LOAN NO.

TITLE ORDER NO.

**Deed of Trust**

GREAT WESTERN GW

91081984

DEED OF TRUST – PAGE 4

97025968

RECORDER
COUNTY CLERK
JAMES M. JOHNSTONE

97 MAR 14 AM 9:36

SAN JOAQUIN COUNTY
INSTITUTION SHOWN
FEE

Recording requested by and
When recorded, return to:
RCG, Inc.
505 San Marin Drive, #110A
Novato, CA 94945

Loan #: 13413622
OFB - 2678050

9-1

ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is 9200 Oakdale Avenue, Chatsworth, California, 91311, does hereby grant, sell, assign, transfer and convey unto OCWEN FEDERAL BANK FSB, (herein "Assignee"), whose address is 1665 Palm Beach Lakes Blvd., #108 West Palm Beach, FL 33401, without recourse, representation or warranty, all beneficial interest under a certain Deed of Trust dated 8/12/91, made and executed by Borrower(s):

Michael J. Shelby and Glenda M. Shelby, Husband and Wife

to California Reconveyance Company, Trustee and in favor of Great Western Bank, a Federal Savings Bank given to secure payment of $154000 which Deed of Trust is of record in:

Book/Volume :
Page Number :
Instrument/Document No. : 91081984

Prop. Address (if avail.): 1760 New Horizons Drive
Manteca

which was recorded on 8/23/91 in San Joaquin County, state of CA, together with the note(s) and obligations therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

97025968

Page 2-Ln #: 13413622
OFB- 26 78050

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Deed of Trust on December 23, 1996.

GREAT WESTERN BANK

By: [signature]
Name: Michael R. Fehrenbacher
Title: Vice President

By: [signature]
Name: Susan Lorenz
Title: Assistant Vice President

State of California )
County of Los Angeles )

On December 23, 1996, before me, the undersigned Notary Public in and for said State, personally appeared Michael R. Fehrenbacher and Susan Lorenz, known to me (or proved to me on the basis of satisfactory evidence) to be the persons whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacities, and that by their signatures on the instrument the persons or the entity on behalf of which the persons acted, executed the instrument.

Witness My Hand and Official Seal.

[signature]
Notary Public: Francisca D. Solorzano
My commission expires: 08/07/1998

Francisca D. Solorzano
Comm. #1035308
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
Comm. Expires Aug 7 1998

Prepared by:
S. Richardson, RCG, Inc. 505 San Marin Dr., #110A, Novato, CA 94945 415-898-7200

64267805082

31

116528-08

Doc #: 2007-190400
11/6/07 10:42 AM
Page: 1 of 1 Fee: $9.00
Gary W. Freeman
San Joaquin County Recorders
Paid By: TITLE COURT

Prepared by: MUTHU KUMAR
Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, Florida, 33409
Loan Number: 2678050
Attorney Code: 00014

E720805

ASSIGNMENT OF DEED OF TRUST
CALIFORNIA

This ASSIGNMENT OF DEED OF TRUST is made and entered into as of the 7th day of SEPT, 2007, from NOMURA CREDIT & CAPITAL, INC., whose address is C/O Ocwen Loan Servicing, LLC 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 ("Assignor) to LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE MORTGAGE PASS-THROUGH CERTIFICATES 1997-R2, whose address is C/O Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, Florida, 33409 ("Assignee").

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Assignor does by these presents hereby grant, bargain, sell, transfer and set over unto the Assignee, its successors, transferees and assigns forever, in trust, all of the right, title and interest of said Assignor in and to the following deed of trust describing land therein, duly recorded in the Office of the County Recorder of SAN JOAQUIN County, State of CALIFORNIA, as follows;

Trustor: MICHAEL J. SHELBY AND GLENDA M. SHELBY
Trustee: CALIFORNIA RECONVEYANCE COMPANY
Beneficiary: GREAT WESTERN BANK
Document Date: AUGUST 12, 1991
Date Recorded: AUGUST 23, 1991
Document/Instrument/Entry Number: 91081984
Property Address: 1760 NEW HORIZONS DRIVE, , MANTECA , CA

*Property more particularly described in the above referenced recorded Deed of Trust*

Together with any and all notes and obligations therein described or referred to, the debt respectively secured thereby and all sums of money due and to become due thereon, with interest thereon, and attorney's fees and all other charges.

This Assignment is made without recourse, representation or warranty.

DATED: SEPT 7th, 2007.
NOMURA CREDIT & CAPITAL, INC.
By its Attorney-In-Fact
OCWEN LOAN SERVICING, LLC

BY: ______________________
NAME: Neil Dyson
TITLE: Servicing Officer

STATE OF FLORIDA )
)SS.
COUNTY OF PALM BEACH )

On OCTOBER 19, 2007, before me, the undersigned, a Notary Public in and for said State, personally appeared Neil Dyson, the Servicing Officer for Ocwen Loan Servicing, LLC, limited liability company By its Attorney-In-Fact NOMURA CREDIT & CAPITAL, INC. personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

______________________
Notary Signature

NOTARY PUBLIC-STATE OF FLORIDA
Doris Chapman
Commission # DD518204
Expires: FEB. 14, 2010
Bonded Thru Atlantic Bonding Co., Inc.

Doc #: 2012-024466
02/29/2012 10:17:39 AM
Page 1 of 2 Fee: $20.00
Kenneth W. Blakemore
San Joaquin County Recorder
Paid By: LSI Title Company

1200802555

RECORDING REQUESTED BY

LAW OFFICES OF LES ZIEVE
18377 Beach Blvd., Ste. 210
Huntington Beach, CA 92648

WHEN RECORDED MAIL TO

NAME BANKRUPTCY DEPARTMENT
LAW OFFICES OF LES ZIEVE
MAILING ADDRESS 18377 Beach Blvd., Ste. 210
CITY, STATE Huntington Beach, CA
ZIP CODE 92648

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

# TITLE(S)

ASSIGNMENT OF DEED OF TRUST

Prepared by: Nadine Alvarez
When Recorded Mail To:
Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, Florida, 33409
Phone Number: 561-682-8835
64267805082
Attorney Code: 24043 BR

**ASSIGNMENT OF DEED OF TRUST**
**CALIFORNIA**

This **ASSIGNMENT OF DEED OF TRUST** from **LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE MORTGAGE PASS-THROUGH CERTIFICATES 1997-R2**, whose address is c/o Ocwen Loan Servicing, LLC. 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 ("Assignor") to **U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE MORTGAGE PASS-THROUGH CERTIFICATES 1997-R2**, whose address is c/o Ocwen Loan Servicing, LLC. 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 ("Assignee").

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Assignor does by these presents hereby grant, bargain, sell, transfer and set over unto the Assignee, its successors, transferees and assigns forever, in trust, all of the right, title and interest of said Assignor in and to the following deed of trust describing land therein, duly recorded in the Office of the County Recorder of **SAN JOAQUIN** County, State of **CALIFORNIA**, as follows;

Trustor: MICHAEL J. SHELBY AND GLENDA M. SHELBY
Trustee: CALIFORNIA RECONVEYANCE COMPANY
Beneficiary: GREAT WESTERN BANK
Document Date: AUGUST 12, 1991 Amount: $ 154,000.00
Date Recorded: AUGUST 23, 1991 Document/Instrument/Entry Number: 91081984
Property Address: 1760 NEW HORIZONS DRIVE, MANTECA, CA

*Property more particularly described in the above referenced recorded Deed of Trust*

This Assignment is made without recourse, representation or warranty.
DATED: FEBRUARY 13, 2012.

**LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE MORTGAGE PASS-THROUGH CERTIFICATES 1997-R2 BY ITS ATTORNEY IN FACT OCWEN LOAN SERVICING, LLC.**

"This instrument is being recorded as an ACCOMMODATION ONLY, with no Representation as to its effect upon title"

BY: ____________________
NAME: Noemi Morales
TITLE: Sr. Contract Manager
**Power of Attorney Recorded: AUGUST 01, 2005**
**Instrument No: 2005-188204**

State of FLORIDA
County of PALM BEACH

Cory Messer

On FEBRUARY 13, 2012, before me, _______ personally appeared Noemi Morales personally known to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of Florida that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

________________________
Signature of Notary

Cory Messer

Notary Public State of Florida
Cory Messer
My Commission EE097259
Expires 05/25/2015

| Date Due | Due Amt | Date Pd | Amt paid |
|---|---|---|---|
| **11/15/2010** | 1,029.89 | | |
| 12/15/2010 | 1,029.89 | | |
| 1/15/2011 | 1,029.89 | | |
| 2/15/2011 | 1,029.89 | | |
| 3/15/2011 | 1,029.89 | | |
| 4/15/2011 | 1,029.89 | | |
| 5/15/2011 | 1,029.89 | | |
| 6/15/2011 | 1,029.89 | | |
| 7/15/2011 | 1,029.89 | | |
| 8/15/2011 | 1,029.89 | | |
| 9/15/2011 | 1,029.89 | | |
| 10/15/2011 | 1,030.38 | | |
| 11/15/2011 | 1,030.38 | | |
| 12/15/2011 | 1,030.38 | | |
| 1/15/2012 | 1,030.38 | | |
| 2/15/2012 | 1,030.38 | | |
| 3/15/2012 | 1,030.38 | | |
| 4/15/2012 | 1,030.38 | | |
| 5/15/2012 | 1,030.38 | | |
| | | | |
| **TOTAL** | **19,571.83** | **TOTAL RECVD** | **0** |

| BK FILED | 10/27/2010 |
|---|---|

| Due for | 11/15/2010 |
|---|---|
| | |
| **Arrearage Breakdown** | |
| **Date due** | **Amt due** |
| **11/15/2010** | 1,029.89 |
| 12/15/2010 | 1,029.89 |
| 1/15/2011 | 1,029.89 |
| 2/15/2011 | 1,029.89 |
| 3/15/2011 | 1,029.89 |
| 4/15/2011 | 1,029.89 |
| 5/15/2011 | 1,029.89 |
| 6/15/2011 | 1,029.89 |
| 7/15/2011 | 1,029.89 |
| 8/15/2011 | 1,029.89 |
| 9/15/2011 | 1,029.89 |
| 10/15/2011 | 1,030.38 |
| 11/15/2011 | 1,030.38 |
| 12/15/2011 | 1,030.38 |
| 1/15/2012 | 1,030.38 |
| 2/15/2012 | 1,030.38 |
| 3/15/2012 | 1,030.38 |
| 4/15/2012 | 1,030.38 |

| 5/15/2012 | 1,030.38 |
|---|---|
| | |
| **TOTAL DUE** | **19,571.83** |

B6A (Official Form 6A) (12/07)

IN RE Shelby, Glenda M. Case No. ______________
Debtor(s) (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Owns a Triplex rental property located at 1760 New Horizon Drive Manteca, CA. 95336** | | | **225,000.00** | **391,665.00** |
| **Residential Real Porperty at 1029 Laguna Ave, Burlingame, Ca 94010**<br>**Deed in lieu of forclosure effected October 27, 2010** | | | **950,000.00** | **0.00** |
| | | TOTAL | **1,175,000.00** | |

(Report also on Summary of Schedules)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Exhibit "5"

B6D (Official Form 6D) (12/07)

IN RE Shelby, Glenda M. Case No. ______________
Debtor(s) (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>H. Frank Wentholt<br>1528 South El Camino Real<br>San Mateo, CA 94402 | | | Second mortgage on real property located at 1760 New Horizon Drive Manteca, CA. 95336<br>VALUE $ 225,000.00 | | | | 42,165.00 | |
| ACCOUNT NO.<br>David Finkelstein<br>1528 El Camino Real 306<br>San Mateo, CA 94402 | | | Assignee or other notification for: H. Frank Wentholt<br>VALUE $ | | | | | |
| ACCOUNT NO. 2678050<br>Ocwen Loan Service<br>P.O. Box 785057<br>Orlando, FL 32878 | | | First mortgage on Triplex rental property located at 1760 New Horizon Drive Manteca, CA. 95336<br>VALUE $ 225,000.00 | | | | 130,000.00 | |
| ACCOUNT NO.<br>Parekh<br>123 Sunset Ave.<br>Sunnyvale, CA 94086 | | | Third mortgage on real property located at 1760 New Horizon Drive Manteca, CA. 95336<br>VALUE $ 225,000.00 | | | | 219,500.00 | 166,665.00 |
| 0 continuation sheets attached | | | Subtotal (Total of this page) | | | | $ 391,665.00 | $ 166,665.00 |
| | | | Total (Use only on last page) | | | | $ 391,665.00 | $ 166,665.00 |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

LAW OFFICES OF LES ZIEVE
DANIEL I. SINGER, ESQ. #227907
JENNIFER A. BENDER, ESQ. #244478
18377 Beach Boulevard, Suite 210
Huntington Beach, CA 92648
Phone: (714) 848-7920
Facsimile: (714) 848-7650
Email: bankruptcy@zievelaw.com

Counsel for Movant, U.S. Bank National Association, as Trustee for the Certificate holders of the Mortgage Pass-Through Certificates 1997-R2

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>Glenda M. Shelby,<br><br>Debtor. | Case No: 10-34264<br><br>RS No. DIS10825<br><br>CHAPTER 13 |
| U.S. Bank National Association, as Trustee for the Certificate holders of the Mortgage Pass-Through Certificates 1997-R2, its assignees and/or successors in interest,<br><br>Movant,<br><br>vs.<br><br>Glenda M. Shelby,<br>David Burchard, Trustee,<br><br>Respondents. | **CERTIFICATE OF SERVICE**<br><br>**HEARING:**<br>Date: July 2, 2012<br>Time: 1:00 p.m.<br>Place: Courtroom 23<br>235 Pine Street<br>San Francisco, CA 94104 |

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I, **Michele Dapello**, certify that I am a resident of Orange County, California. I am over the age of 18 years and am not a party to the within action. My business address is 18377 Beach Blvd., Suite 210, Huntington Beach, California 92648.

///

On, **June 18, 2012**, I served the within **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY, DECLARATION OF ANA L. RODRIGUEZ IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY, RELIEF FROM STAY INFORMATION SHEET AND CERTIFICATE OF SERVICE** on all interested parties in this proceeding by placing a true and correct copy thereof enclosed in a sealed envelope with postage prepaid in the United States Mail at Huntington Beach, California, addressed as follows:

**Glenda M. Shelby, Debtor**
2783 Darwin St.
Hayward, CA 94545

**Michael J. Shelby and Glenda M. Shelby, Borrowers**
1760 New Horizons Drive
Manteca, CA 95336

**Gary R. Brenner, Attorney**
630 N. San Mateo Dr.
San Mateo, CA 94401

**David Burchard, Trustee**
393 Vintage Park Drive, Suite 150
Foster City, CA 94404

**Office of the U.S. Trustee / SF**
235 Pine St., Suite 700
San Francisco, CA 94104

**To the attention of an officer, a managing or general agent, or to any other agent authorized by appointment of law to receive service of process:**
H. Frank Wentholt, Second Lien
1528 South El Camino Real
San Mateo, CA 94402

**To the attention of an officer, a managing or general agent, or to any other agent authorized by appointment of law to receive service of process:**
Parekh, Third Lien
123 Sunset Ave.
Sunnyvale, CA 94086

I certify under penalty of perjury the foregoing is true and correct.

Executed on **June 18, 2012** at Huntington Beach, California.

/s/ Michele Dapello
**Michele Dapello**

# EXHIBIT "I"

Entered on Docket
January 16, 2013
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**LAW OFFICES OF LES ZIEVE**
**DANIEL I. SINGER, ESQ. #227907**
**JENNIFER BENDER, ESQ. #244478**
**18377 Beach Blvd. Suite 210**
**Huntington Beach, CA 92648**
**(714) 848-7920**
**(714) 848-7650 Fax**
**bankruptcy@zievelaw.com**

Counsel for Movant

**Signed and Filed: January 15, 2013**

THOMAS E. CARLSON
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>Glenda M. Shelby,<br>Debtor. | Case No: 10-34264<br><br>R.S. #DIS10825<br><br>CHAPTER 13 |
| U.S. Bank National Association, as Trustee for the Certificate holders of the Mortgage Pass-Through Certificates 1997-R2,its assignees and/or successors in interest,<br><br>Movant,<br>vs.<br><br>Glenda M. Shelby,<br>David Burchard, Trustee,<br><br>Respondents. | **ORDER VACATING AUTOMATIC STAY**<br><br>Date: January 7, 2013<br>Time: 1:00 p.m.<br>Place: Courtroom 23<br>U.S. Bankruptcy Court<br>235 Pine Street<br>San Francisco, CA 94101 |

Movant's Motion For Relief From the Automatic Stay came on for hearing at the above-referenced time and place, the HONORABLE THOMAS E. CARLSON, presiding. Movant appeared through its counsel, Jennifer Bender, Esq. All other appearances, if any, were duly noted on the record.

The Court, having considered the pleadings including the evidence attached thereto and the arguments presented, makes its Order as follows:

**IT IS HEREBY ORDERED** that the Automatic Stay in the above-entitled Bankruptcy case is vacated and extinguished effective immediately for all purposes as to Movant's interest in the subject property generally described as **1760 New Horizons Drive, Manteca, California**, and specifically described in Document no. 91081984, recorded August 23, 2005, San Joaquin County, California. Movant may proceed with a foreclosure sale of the subject property in accordance with applicable state law. Movant may thereafter take any action allowed by state law to obtain complete possession of the subject property.

**IT IS FURTHER ORDERED** that with respect to the Debtor and the Chapter 13 Trustee, the Automatic Stay in this case is vacated effective immediately regarding Movant's interest in the subject property described above.

**IT IS FURTHER ORDERED** that Movant be permitted to offer and provide Debtors with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtors.

**IT IS FURTHER ORDERED** that the 14 day stay set forth in FRBP 4001 (a)(3) is waived.

****END OF ORDER****

Court Service List

# EXHIBIT "J"

DAVID BURCHARD
CHAPTER 13 TRUSTEE
P.O. BOX 8059
FOSTER CITY, CA 94404
(650) 345-7801 FAX (650) 345-1514
(707) 544-5500 FAX (707) 544-0475

**Entered on Docket**
**March 25, 2013**
**GLORIA L. FRANKLIN, CLERK**
**U.S BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**Signed and Filed: March 22, 2013**

**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**Northern District of California**

| In Re: GLENDA M. SHELBY<br>Debtor(s) | Case No. : 10-3-4264 HLB<br>Chapter: 13 |
|---|---|

**ORDER DISMISSING CHAPTER 13 CASE AND NOTICE**

__X__ The Debtor(s) having failed to make plan payments

____ The Debtor(s) having failed to comply with the Trustee's reasonable requests for information

_____ The Debtor(s) having failed to appear

_____ The Trustee having filed a motion to dismiss

_____ The Court having determined that the debtor(s) is/are not eligible for Chapter 13

_____ The Court having determined that the debtor(s) is/are unable to propose a confirmable plan

_____ Other:

**IT IS ORDERED THAT the above captioned Chapter 13 case is dismissed.**

****END OF ORDER****

**COURT SERVICE LIST**

GLENDA M. SHELBY
2783 DARWIN STREET
HAYWARD, CA 94545

**PLEASE NOTIFY ALL OTHER PARTIES IN INTEREST.**

Form DOC

Entered on Docket
March 25, 2013
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**
**Northern District of California**

| In Re: Glenda M. Shelby<br>Debtor(s) | Case No.: 10-34264 HLB 13<br>Chapter: 13 |
|---|---|

**NOTICE OF DISMISSAL OF CASE**

**Notice is given** that an order was filed on 3/22/13 dismissing the above-captioned case.

Dated: 3/25/13

For the Court:

Gloria L. Franklin
Clerk of Court
United States Bankruptcy Court

Doc # 80

# Notice Recipients

| District/Off: 0971–3 | User: awong | Date Created: 3/25/2013 |
|---|---|---|
| Case: 10–34264 | Form ID: DOC | Total: 37 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**

cr Shenal Arimilli, Trustee for the Sharad S. Shah Living Trust
cr Ash Shah
cr Jyotsna Shah
cr Chandra Parekh
cr Pramod Parekh

TOTAL: 5

**Recipients of Notice of Electronic Filing:**

ust Office of the U.S. Trustee / SF USTPRegion17.SF.ECF@usdoj.gov
tr David Burchard TESTECF@burchardtrustee.com
aty Amanda Gonsalves ecf–bk@brewerfirm.com
aty Daniel I. Singer bankruptcy@zievelaw.com
aty Erin L. Laney ecfcanb@piteduncan.com
aty Gabriel Ozel ecfcanb@piteduncan.com
aty Gary R. Brenner mortolabrenner@fastmail.fm
aty Jennifer A. Bender bankruptcy@zievelaw.com
aty Julia M. Wei ecf–bk@brewerfirm.com
aty Les Zieve bankruptcy@zievelaw.com

TOTAL: 10

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

db Glenda M. Shelby 2783 Darwin St Hayward, CA 94545
cr Home Loan Service Corp. C/o Law Office Peter N. Brewer 350 Cambridge Ave. Ste. 200 Palo Alto, CA 94306
cr Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certific Pite Duncan, LLP c/o Erin L. Laney 4375 Jutland Drive, Suite 200 P.O. Box 17933 San Diego, CA 92177
cr Ocwen Loan Servicing, LLC c/o Law Offices of Les Zieve 18377 Beach Blvd., Suite 210 Huntington Beach, CA 92648
cr U.S. Bank National Association, as Trustee for the Certificate holders of the Mortgage Pass–Through Certificates 1997–R2 Law offices of Les Zieve 18377 Beach Blvd, Suite 210 Huntington Beach, CA 92648
aty Henry Chuang Law Office of Peter N. Brewer 2501 Park Blvd. 2nd Fl. Palo Alto, CA 94306
smg Chief Tax Collection Section Employment Development Section P.O. Box 826203 Sacrament, CA 94230
smg CA Employment Development Dept. Bankruptcy Group MIC 92E P.O. Box 826880 Sacramento, CA 94280–0001
smg CA Franchise Tax Board Special Procedures Bankruptcy Unit P.O. Box 2952 Sacramento, CA 95812–2952
11454142 Bank of America, National Association c/o Pite Duncan, LLP 4375 Jutland Drive, Suite 200 P.O. Box 17933 San Diego, CA 92177–0933
11549977 CANDICA L.L.C. C O WEINSTEIN AND RILEY, PS 2001 WESTERN AVENUE, STE 400 SEATTLE, WA 98121
11375527 Capital One P.O. Box 60599 City Of Industry, CA 91716–0599
11375528 David Finkelstein 1528 El Camino Real 306 San Mateo, CA 94402
11537249 Franchise Tax Board Bankruptcy Section MS A340 PO Box 2952 Sacramento, CA 95812 2952
11375529 H. Frank Wentholt 1528 South El Camino Real San Mateo, CA 94402
11427366 Home Loan Service Corporation c/o The Law Office of Peter N. Brewer 350 Cambridge Ave Ste 200 Palo Alto, CA 94306
11420182 Internal Revenue Service P.O. Box 21126 Philadelphia, PA 19114
11375530 Internal Revenue Services Insolvency, Mail Stop 1400S 1301 Clay Street Oakland, CA 94612–5217
11550034 OAK HARBOR CAPITAL LLC C O WEINSTEIN AND RILEY, PS 2001 WESTERN AVENUE, STE 400 SEATTLE, WA 98121
11375531 Ocwen Loan Service P.O. Box 785057 Orlando, FL 32878
11375532 Parekh Pramod and Chandra Shah Living Trust Shenal Trustee and Jyotsna Shah 123 Sunset Ave. Sunnyvale, CA 94086
11786428 U.S. Bank National Association Ocwen Loan Servicing, LLC Attn: Bankruptcy Department 1661 Worthington Rd. Suite 100 West Palm Beach, FL 33409

TOTAL: 22

# EXHIBIT "K"

**CLOSED**

# U.S. Bankruptcy Court
# Eastern District of California (Sacramento)
# Bankruptcy Petition #: 14-26073

*Assigned to:* Hon. Robert S. Bardwil
Chapter 13
Voluntary
Asset

*Date filed:* 06/06/2014
*Date terminated:* 09/03/2014
*Debtor dismissed:* 06/27/2014

*Debtor disposition:* Dismissed for Failure to File Information

***Debtor***
**Michael J Shelby**
1760 New Horizon Drive Unit C
Manteca, CA 95336
SAN JOAQUIN-CA
SSN / ITIN: xxx-xx-8837
***aka*** **Michael J Shelby**

represented by **Robert D. Rodriguez**
429 13th St
Modesto, CA 95354
209-596-4263

***Trustee***
**Russell D. Greer**
PO Box 3051
Modesto, CA 95353-3051
209-576-1954

***U.S. Trustee***
**Office of the U.S. Trustee**
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

| Filing Date | # | Docket Text |
|---|---|---|
| 06/06/2014 | | Case participants added via Case Upload. (Entered: 06/09/2014) |
| 06/06/2014 | 1 (5 pgs) | Chapter 13 Voluntary Petition. Missing Document(s): Statement of SSN - Form B21 due by 06/13/2014; Summary of Schedules; Statistical Summary; Schedule A - Real Property; Schedule B - Personal Property; Schedule C - Exempt Property; Schedule D - Secured Creditors; Schedule E - Unsecured Priority Creditor; Schedule F - Unsecured |

| | | |
|---|---|---|
| | | Nonpriority Creditor; Schedule G - Executory Contracts; Schedule H - Codebtors; Schedule I - Current Income; Schedule J - Current Expend.; Statement of Financial Affairs; Means Test - Form 22C; Attorney's Disclosure Stmt.; Chapter 13 Plan; Document(s) due by 06/20/2014. (Fee Paid $310.00) (eFilingID: 5231342) (Entered: 06/09/2014) |
| 06/06/2014 | 4 (2 pgs) | Master Address List (auto) (Entered: 06/09/2014) |
| 06/06/2014 | | Chapter 13 Voluntary Petition (Filing Fee Paid: $310.00, Receipt Number: 38475, eFilingID: 5231342) (auto) (Entered: 06/09/2014) |
| 06/06/2014 | 6 | Statement of Social Security Number(s) (tjof) (Entered: 06/09/2014) |
| 06/06/2014 | 7 (1 pg) | Certificate of Credit Counseling as to Debtor (tjof) (Entered: 06/09/2014) |
| 06/09/2014 | 2 (1 pg) | Designation of Trustee (auto) (Entered: 06/09/2014) |
| 06/09/2014 | 3 (3 pgs) | Notice of Incomplete Filing and Notice of Intent to Dismiss Case If Documents Are Not Timely Filed. (jtis) (Entered: 06/09/2014) |
| 06/09/2014 | 5 (1 pg) | Order Re: Chapter 13 Plan Payments, Adequate Protection Payments, and Employer Payment Advices (jtis) (Entered: 06/09/2014) |
| 06/11/2014 | 8 (3 pgs) | Copy of Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents Are Not Timely Filed as transmitted to BNC for service. (jdas) (Entered: 06/11/2014) |
| 06/11/2014 | 9 (4 pgs) | Certificate of Mailing of Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents Are Not Timely Filed as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 06/13/2014) |
| 06/16/2014 | 10 (4 pgs) | Request for Special Notice Filed by Creditor Ocwen Loan Servicing, LLC (jdas) (Entered: 06/16/2014) |
| 06/27/2014 | 11 (1 pg) | Bankruptcy Case dismissed. Order Dismissing Case for Failure to Timely File Documents as transmitted to BNC for Service. (jdas) (Entered: 06/27/2014) |

| | | |
|---|---|---|
| 06/27/2014 | 12 (2 pgs) | Certificate of Mailing of Order Dismissing Case for Failure to Timely File Documents as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 06/29/2014) |
| 07/24/2014 | 13 (2 pgs) | Trustee's Final Report and Account as transmitted to BNC for service. (Martins, Raelene) (Entered: 07/24/2014) |
| 07/24/2014 | 14 (1 pg) | Notice of Filing Chapter 13 Trustee's Final Report and Account and of Order Fixing Deadline for Objecting Thereto as Transmitted to BNC for Service. (Admin) (Entered: 07/24/2014) |
| 07/24/2014 | 15 (2 pgs) | Certificate of Mailing of Notice of Filing Chapter 13 Trustee's Final Report and Account and of Order Fixing Deadline for Objecting Thereto as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 07/26/2014) |
| 07/24/2014 | 16 (3 pgs) | Certificate of Mailing of Trustee's Final Report and Account as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 07/26/2014) |
| 09/02/2014 | 17 | The time for filing an Objection to the Trustees Final Report and Account in this case having expired, Russell D. Greer certifies that no objections to this Trustees report have been filed. (Martins, Raelene) (Entered: 09/02/2014) |
| 09/02/2014 | 18 (1 pg) | Order Approving Final Report and Discharging Trustee. (Admin) (Entered: 09/02/2014) |
| 09/03/2014 | 19 (1 pg) | Order Closing Case where Case has been Dismissed (jdas) (Entered: 09/03/2014) |

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/21/2015 10:47:31 | | | |
| **PACER Login:** | wf0265:2661496:0 | **Client Code:** | Shelby |
| **Description:** | Docket Report | **Search Criteria:** | 14-26073 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |

| **Billable Pages:** | 2 | **Cost:** | 0.20 |
|---|---|---|---|

# EXHIBIT "L"

Doc #: 2012-024466
02/29/2012 10:17:39 AM
Page 1 of 2 Fee: $20.00
Kenneth W. Blakemore
San Joaquin County Recorder
Paid By: LSI Title Company

A101948

RECORDING REQUESTED BY
LAW OFFICES OF LES ZIEVE
18377 Beach Blvd., Ste. 210
Huntington Beach, CA 92648

WHEN RECORDED MAIL TO
NAME BANKRUPTCY DEPARTMENT
LAW OFFICES OF LES ZIEVE
MAILING ADDRESS 18377 Beach Blvd., Ste. 210
CITY, STATE Huntington Beach, CA
ZIP CODE 92648

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

**TITLE(S)**

ASSIGNMENT OF DEED OF TRUST

Prepared by: Nadine Alvarez
When Recorded Mail To:
Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, Florida, 33409
Phone Number: 561-682-8835
64267805082
Attorney Code: 24043 BR

**ASSIGNMENT OF DEED OF TRUST**
**CALIFORNIA**

This **ASSIGNMENT OF DEED OF TRUST** from **LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE MORTGAGE PASS-THROUGH CERTIFICATES 1997-R2,** whose address is c/o Ocwen Loan Servicing, LLC. 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 ("Assignor") to **U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE MORTGAGE PASS-THROUGH CERTIFICATES 1997-R2,** whose address is c/o Ocwen Loan Servicing, LLC. 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 ("Assignee").

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Assignor does by these presents hereby grant, bargain, sell, transfer and set over unto the Assignee, its successors, transferees and assigns forever, in trust, all of the right, title and interest of said Assignor in and to the following deed of trust describing land therein, duly recorded in the Office of the County Recorder of **SAN JOAQUIN** County, State of **CALIFORNIA**, as follows;

Trustor: MICHAEL J. SHELBY AND GLENDA M. SHELBY
Trustee: CALIFORNIA RECONVEYANCE COMPANY
Beneficiary: GREAT WESTERN BANK
Document Date: AUGUST 12, 1991 Amount: $ 154,000.00
Date Recorded: AUGUST 23, 1991 Document/Instrument/Entry Number: 91081984
Property Address: 1760 NEW HORIZONS DRIVE, MANTECA, CA

*Property more particularly described in the above referenced recorded Deed of Trust*

This Assignment is made without recourse, representation or warranty.
DATED: FEBRUARY 13, 2012.

**LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE MORTGAGE PASS-THROUGH CERTIFICATES 1997-R2 BY ITS ATTORNEY IN FACT OCWEN LOAN SERVICING, LLC.**

"This instrument is being recorded as an ACCOMMODATION ONLY, with no Representation as to its effect upon title"

BY:
NAME: Noemi Morales
TITLE: Sr. Contract Manager
**Power of Attorney Recorded: AUGUST 01, 2005**
**Instrument No: 2005-188204**

State of FLORIDA
County of PALM BEACH

Cory Messer

On FEBRUARY 13, 2012, before me, ______ personally appeared Noemi Morales personally known to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of Florida that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Signature of Notary

**Cory Messer**

Notary Public State of Florida
Cory Messer
My Commission EE097259
Expires 05/25/2015

# EXHIBIT "M"

Doc #: 2013-139098
11/06/2013 07:47:07 AM
Page 1 of 2 Fee: $25.00
Kenneth W. Blakemore
San Joaquin County Recorder
Paid By: PREMIUM TITLE TSG

RECORDING REQUESTED BY:
Premium Title of California

AND WHEN RECORDED MAIL TO:
Western Progressive, LLC
2002 Summit Blvd, Suite 600
Atlanta, GA 30319

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TS No.: 2013-00308-CA **55267805044**

## SUBSTITUTION OF TRUSTEE

**WHEREAS, Michael J. Shelby and Glenda M. Shelby, Husband and Wife** was the original Trustor, **California Reconveyance Company, a California corporation.** was the original Trustee, and Great Western Bank, A Federal Savings Bank was the original Beneficiary under that certain Deed of Trust dated **08/12/1991** and recorded on 08/23/1991 as Instrument No. **91081984**, in book ---, page --- of Official Records of **San Joaquin** County, California, and

**WHEREAS,** the undersigned is the present Beneficiary under said Deed of Trust, and

**WHEREAS,** the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, there under, in the manner in said Deed of Trust provided,

**NOW, THEREFORE,** the undersigned hereby substitutes **Western Progressive, LLC, 2002 Summit Blvd, Suite 600, Atlanta, GA 30319** as Trustee under said Deed of Trust.

2013-139098 Page 2 of 2
11/06/2013 07:47:07 AM

TS No.: 2013-00308-CA **55267805044**

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated: 10-24-13

**U.S. Bank National Association, as Trustee for the Certificateholders of the Mortgage Pass-Through Certificates 1997-R2, By Ocwen Loan Servicing, LLC its attorney in fact**

Allyson Rivera Contract Management Coordinator

STATE OF FLORIDA

COUNTY OF PALM BEACH

The foregoing instrument was acknowledged and sworn before me Lorna Labidou this 24th day of October, 2013, by Allyson Rivera as a Contract Management Coordinator of Ocwen Loan Servicing, LLC, who is personally known to me or who has produced ______ as identification.

Notary Public - State of Florida

My Commission Expires: 09-17-17

LORNA LABIDOU
MY COMMISSION #FF055022
EXPIRES September 17, 2017
(407) 398-0153 FloridaNotaryService.com

# EXHIBIT "N"

Doc #: 2013-147980
12/02/2013 07:49:00 AM
Page 1 of 3 Fee: $28.00
Kenneth W. Blakemore
San Joaquin County Recorder
Paid By: PREMIUM TITLE TSG

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Western Progressive, LLC

2002 Summit Blvd, Suite 600

Atlanta, GA 30319

Loan No.: 2678050 TS No. 2013-00308-CA

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACION DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **56,000.05** as of **11/12/2013** ,and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Loan No.: 2678050 TS No. 2013-00308-CA

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing

prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

**To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:**

**Ocwen Loan Servicing, LLC U.S. Bank National Association, as Trustee for the Certificateholders of the Mortgage Pass-Through Certificates 1997-R2 By Ocwen Loan Servicing, LLC, its attorney in-fact**
**C/O** Western Progressive, LLC

18377 Beach Blvd., Suite 210

Huntington Beach, California 92648

Beneficiary Phone: 877-596-8580

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure. **Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

NOTICE IS HEREBY GIVEN: That Western Progressive, LLC is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 08/12/1991, executed by, **MICHAEL J. SHELBY AND GLENDA M. SHELBY, HUSBAND AND WIFE** , as Trustor, to secure certain obligations in favor of GREAT WESTERN BANK, A FEDERAL SAVINGS BANK., recorded 08/23/1991 , as Instrument No. **91081984** , in Book ---, Page --- , of Official Records in the Office of the Recorder of **San Joaquin** County, **California** describing land therein as: **As more particularly described on said Deed of Trust.**

Loan No.: 2678050 TS No. 2013-00308-CA

The subject obligation includes **ONE NOTE(S) FOR THE ORIGINAL** sum of 154,000.00. A breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of the following:

**Installment of Principal and Interest plus impounds and/or advances which became due on 10/15/2009 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.**
**You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to, foreclosure trustee fees and costs, advances and late charges.**
**Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance.**
**Nothing in this notice of default should be construed as a waiver of any fees owing to the beneficiary under the deed of trust, pursuant to the terms and provisions of the loan documents.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

WE ARE ASSISTING THE BENEFICIARY TO COLLECT A DEBT AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THE PURPOSE BY EITHER OURSELVES OR THE BENEFICIARY, WHETHER RECEIVED ORALLY OR IN WRITING. YOU MAY DISPUTE THE DEBT OR A PORTION THEREOF WITHIN THIRTY (30) DAYS. THEREAFTER WE WILL OBTAIN AND FORWARD TO YOU WRITTEN VERIFICATION THEREOF. SHOULD YOU NOT DO
SO, THE DEBT WILL BE CONSIDERED VALID. IN ADDITION, YOU MAY REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT ONE.

**2.The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.**

**Dated: November 12, 2013**

Western Progressive, LLC, as agent for beneficiary

**Porshe Smiley (Trustee Sale Assistant)**

**PROOF OF SERVICE**

I, Margaret Augustyniak, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On February 12, 2015, I served the within **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** on all interested parties in this action as follows:

[ ] by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Robert D. Rodriquez
Law Offices of Robert D. Rodriquez
429 13th Street
Modesto, CA 95354
(209) 569-4263
**Attorney for Plaintiffs**
**Michael J. Shelby and Glenda M. Shelby**

[ ] (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ] (BY CERTIFIED MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices, via Certified Mail, Return Receipt Requested.

[ ] (BY PERSONAL SERVICE) I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached service list.

[ ] (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[X] (BY GSO - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by GSO Overnite with the delivery fees provided for.

[X] (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X] (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 12, 2015, at Newport Beach, California.

Margaret Augustyniak