UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SHELBY, GLENDA M. SHELBY,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC; WESTERN PROGRESSIVE, LLC; GREAT WESTERN BANK;<br>and Does 1 through 100, inclusive,<br><br>Defendants. | No. 2:14-cv-02844-TLN-DAD<br><br>**ORDER** |

This matter is before the Court pursuant to Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Western Progressive, LLC ("Western Progressive"), and Great Western Bank's ("Great Western") Motion to Dismiss (ECF No. 4) Plaintiffs Michael and Glenda Shelby's Complaint (ECF No. 1-1, Ex. 1). For the reasons set forth below Defendants' Motion to Dismiss is GRANTED.[1]

**I.    FACTUAL BACKGROUND**

As alleged in the complaint, on or about August 14, 1991, Plaintiffs Michael and Glenda Shelby entered into an agreement to purchase the property in question, located at 1760 New

---

[1] In the concluding section of this Order, the Court also DENIES Plaintiffs' Motion for a Preliminary Injunction (ECF No. 22) and DENIES Defendants' Motion for Sanctions (ECF No. 35).

1   Horizons Drive, Manteca, CA, 95336 for $154,000.  Plaintiffs financed the loan on the property

2   through Great Western, in whose favor Plaintiffs executed a promissory note (said loan

3   agreement hereinafter referred to as the "1991 agreement").  (ECF No. 1, Ex. 1 at ¶¶ 9–12.)  The

4   note was secured with a deed of trust, with Cal-Western Reconveyance Corp. as trustee and Great

5   Western as beneficiary.  (ECF No. 1, Ex. 1 at ¶ 12.)

6        On or about November 12, 2000, Plaintiffs entered into a "forbearance agreement" with

7   Defendants concerning an alleged default on the mortgage.[2]  (ECF No. 1, Ex. 1 at ¶ 14.)

8   Plaintiffs allege that they have performed as required under the forbearance agreement, with the

9   exception of "those acts that have been prevented, delayed, or excused by acts or omissions of

10  Defendants."  (ECF No. 1, Ex. 1 at ¶ 15.)

11       On or about February 19, 2002, Plaintiffs retained Certified Public Accountant John Cline

12  to review Defendants' records.  Cline later "reported that Defendants had provided inadequate

13  and incomplete records of the activity to Plaintiffs' mortgage account and stated that

14  Defendant[s'] allegations of nonpayment on the [promissory] [n]ote could not be supported."

15  (ECF No. 1, Ex. 1 at ¶ 15.)

16       On or about September 12, 2006, Defendants recorded a Notice of Default and Election to

17  Sell Under Deed of Trust.  (ECF No. 1, Ex. 1 at ¶ 19.)  On or about November 1, 2006,

18  Defendants recorded a Notice of Rescission, withdrawing the aforementioned Notice of Default.

19  (ECF No. 1, Ex. 1 at ¶ 20.)  On or about May 20, 2014, Defendants sent Plaintiffs a "Notice RE:

20  Delinquency Information", alleging that Plaintiffs were in default and owed $67,013.46 to bring

21  the loan current.  (ECF No. 1, Ex. 1 at ¶ 22; ECF No. 1, Ex. 1, Ex. D).  Subsequently, in or about

22  May 2014, Plaintiffs received a Notice of Trustee's Sale Under Deed of Trust, which had been

23  recorded on the property.  (ECF No. 1, Ex. 1 at ¶ 23.)  The sale was to have taken place on or

24  about June 7, 2014, but it was canceled.  (ECF No. 1, Ex. 1 at ¶ 23.)  On or about November 5,

25  2014, Plaintiffs received a Notice of Trustee's Sale Under Deed of Trust that had been recorded

26  on the property, which stated that they owed $163,453.17 as the "[e]stimated amount of unpaid

27

28  [2] Plaintiffs do not specify which defendants were party to the forbearance agreement, or the terms of said agreement.

balance and other charges." (ECF No. 1, Ex. 1 at ¶ 24; ECF No. 1, Ex. 1, Ex. E.)  A trustee's sale was set to take place on December 1, 2014.  (ECF No. 1, Ex. 1 at ¶ 24.)  That sale did not occur and the case was removed to this Court from San Joaquin County Superior Court on December 5, 2014.  (ECF No. 1.)  A trustee's sale was set to take place on December 22, 2014.  Plaintiffs filed for a temporary restraining order preventing the sale, which this Court granted on December 19, 2014.  (ECF No. 19.)

Plaintiffs allege that at "all relevant times … Defendants … set forth an outstanding principle balance created by deceptive and fraudulent accounting."  (ECF No. 1, Ex. 1 at ¶ 17.)  Plaintiffs further allege that Defendants "continue to engage in … the practice of concealing money of Plaintiff's mortgage payments, falsely allege non-timely payments or non-receipt of payments, filed fraudulent court documents, engaged in fundamental breach of both the mortgage contract and forbearance agreements, placed payments in unauthorized accounts while concurrently alleging arrearages, recorded defaults and executed foreclosures followed by unwarranted demand for fees and costs, repeated collections through false and misleading documents, payment reconciliations where conflicts can be found within each major accounting differences, and has at all relevant times herein fail[ed] to provide a credible accounting ledger, all with the intent to wrongfully foreclose on the Property."  (ECF No. 1, Ex. 1 at  ¶ 18.).

Plaintiffs further allege that "the foreclosure sale of Property due to the failed notices and unauthorized parties is wrongful and was fraudulently executed, and … that all notice, declarations, recordings, and notarizations were fraudulent, irregular, and perjured in order to defraud them of ownership rights in the Property."  (ECF No. 1, Ex. 1 at ¶ 25.)

Plaintiffs state claims for damages and injunctive relief under eleven causes of action, which the Court addresses below.

**II.    PROCEDURAL HISTORY**

Plaintiffs initially filed the Complaint in San Joaquin County Superior Court on November 26, 2014. (ECF No. 1 at ¶ 1.)  The case was removed to this Court on December 5, 2014, based on diversity of citizenship.  (ECF No. 1.)  Defendants filed the instant Motion to Dismiss on December 11, 2014.  (ECF No. 4.)  Plaintiffs filed an Opposition on January 14,

1  2015.  (ECF No. 20.)  Defendants filed a Reply on January 21, 2015.  (ECF No. 27.)

2  Plaintiffs also filed a Motion for a Preliminary Injunction (ECF No. 22) on January 18,
3  2015, to which Defendants filed an opposition and a supporting request for judicial notice.  (ECF
4  Nos. 31 & 32.)[3]  Defendants also filed a Motion for Sanctions on July 24, 2015.  (ECF No. 35.)
5  The Court briefly addresses the Motion for a Preliminary Injunction and the Motion for Sanctions
6  in the concluding section of this Order.

7  **III.    STANDARD OF LAW**

8  Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain
9  statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556
10 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Under notice pleading in federal
11 court, the complaint must "give the defendant fair notice of what the claim ... is and the grounds
12 upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d
13 929 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on
14 liberal discovery rules and summary judgment motions to define disputed facts and issues and to
15 dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct.
16 992, 152 L.Ed.2d 1 (2002).

17 On a motion to dismiss, the factual allegations of the complaint must be accepted as true.
18 *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).  A court is bound to give
19 plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations
20 of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n. 6, 83 S.Ct.
21 1461, 10 L.Ed.2d 678 (1963).  A plaintiff need not allege " 'specific facts' beyond those necessary
22 to state his claim and the grounds showing entitlement to relief."  *Twombly*, 550 U.S. at 570.  "A
23 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
24 the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S.
25 at 678 (citing *Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

---

[3] The request for judicial notice includes several bankruptcy petitions filed by Plaintiffs in the Northern District of California; decisions of the bankruptcy court; and an Assignment of Deed of Trust, Substitution of Trustee, and Notice of Default associated with the instant property, which were recorded during 2012 and 2013.  Plaintiffs do not oppose Defendants request; accordingly, the request for judicial notice is GRANTED.

4

1    Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of
2    factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n. 2 (9th
3    Cir.1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than
4    an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A
5    pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
6    elements of a cause of action." *Twombly*, 550 U.S. at 555; see also *Iqbal*, 556 U.S. at 678
7    ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
8    statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove
9    facts that it has not alleged or that the defendants have violated the ... laws in ways that have not
10   been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
11   459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

12   Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
13   facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting
14   *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[ ] [his or her] claims ... across
15   the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id*. at 680. While
16   the plausibility requirement is not akin to a probability requirement, it demands more than "a
17   sheer possibility that a defendant has acted unlawfully." *Id*. at 678.  This plausibility inquiry is "a
18   context-specific task that requires the reviewing court to draw on its judicial experience and
19   common sense."  *Id*. at 679.

20   In ruling upon a motion to dismiss, the court may consider only the complaint, any
21   exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of
22   Evidence 201.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.1988); *Isuzu
23   Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F.Supp.2d 1035, 1042 (C.D.Cal.1998).

24   If a complaint fails to state a plausible claim, " '[a] district court should grant leave to
25   amend even if no request to amend the pleading was made, unless it determines that the pleading
26   could not possibly be cured by the allegation of other facts.' " *Lopez v. Smith*, 203 F.3d 1122,
27   1130 (9th Cir.2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir.1995));
28   *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir.2009) (finding no abuse of discretion in

denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint [.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir.2004)).

## IV.  ANALYSIS

### A. Trustee Privilege

Defendants argue that Plaintiffs cannot state a claim against Defendant Western Progressive because as trustee, Western Progressive's actions in pursuit of non-judicial foreclosure are privileged.[4] (ECF No. 4 at 12.) *See* Cal. Civ. Code § 2924(b) ("In performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage"); *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 335 (2008) (internal citations omitted) ("The trustee in nonjudicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary. The scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes. No other common law duties exist.") *See also* Cal. Civ. Code § 2924(d) (providing that "[p]erformance of the procedures set forth in [Article 1 of the California Mortgage Code, Cal. Civ. Code § 2920, et seq.]" … "shall constitute privileged communications pursuant to [Cal. Civ. Code § 47]").

While Plaintiffs agree that Western Progressive's actions as trustee are entitled to immunity, Plaintiff argues that Western Progressive is entitled to "qualified immunity" as opposed to "absolute immunity." (ECF No. 20 at 4.) Plaintiffs do not elaborate on this argument. It is possible, for example, for a trustee to be liable if the trustee maliciously carries out its duties to provide for liability on the part of the trustee. *See Kachlon*, 168 Cal App. 4th at 340 ("The qualified common interest privilege, on the other hand, would provide a significant level of

---

[4] *See* Def. Requ. for Jud. Not., ECF No. 32, Ex. M, substituting Western Progressive, LLC as trustee, recorded November 6, 2013.

protection to trustees, leaving them open to liability only if they act with malice. At the same time, it preserves the ability of trustors to protect against the wrongful loss of property caused by a trustee's malicious acts."). However, as discussed more fully below, Plaintiffs do not substantiate their allegations of malice. Otherwise, Plaintiffs do not identify an exception to the immunity afforded to Western Progressive, per Cal. Civ. Code §§ 47 and 2924, for carrying out its routine duties as trustee. Therefore, claims against Western Progressive are DISMISSED.

### B. Causes of Action

#### 1. Quiet Title

Plaintiffs seek to quiet Great Western's title to the disputed property. (ECF No. 1, Ex. 1 at ¶¶ 27–36.) Plaintiffs acknowledge signing a promissory note in favor of Great Western, secured by a Deed of Trust. (ECF No. 1, Ex. 1 at ¶ 12.) However, they claim Defendants have no right to title or interest in the property, due to conduct that includes: "the practice of concealing money of Plaintiff's mortgage payments, falsely alleging non-timely payments or non-receipt of payments, filing fraudulent court documents, engaging in fundamental breach of both the mortgage contract and forbearance agreements, placing payments in unauthorized accounts while concurrently alleging arrearages, recording defaults and executed foreclosures followed by unwarranted demand for fees and costs, repeated collections through false and misleading documents, payment reconciliations where conflicts can be found within each major accounting differences, and [] at all relevant times herein failing to provide a credible accounting ledger." (ECF No. 1, Ex. 1 at ¶ 33.)

Plaintiffs suggest that by virtue of these acts, Great Western has forfeited any rights to the property. However, these conclusory allegations do not meet the plausibility standard required under *Twombly*/*Iqbal*. There are other allegations in the Complaint that could be relevant for which Plaintiff provides not support. For example, Plaintiffs reference a "forbearance agreement" allegedly reached with Defendants in 2000, and assert that they fulfilled the terms of that agreement. (ECF No. 1, Ex. 1 at ¶ 14–15.) However, they offer no evidence of, or elaboration on such an agreement. Plaintiffs also state that in 2002, a certified public accountant reviewed Defendants' records and concluded that Defendants' allegations of Plaintiffs' non-

payment could not be supported.  (ECF No. 1, Ex. 1 at ¶ 16.)  Plaintiffs provide no further evidence of said accountant's analysis or conclusions.

The Court does note the five exhibits attached to Plaintiffs' Complaint which were filed with the Complaint upon removal to this Court.  Exhibit A is the original Deed of Trust, recorded August 14, 1991.  (ECF No. 1, Ex. 1, Ex. A.)  Exhibit B is a copy of a Notice of Default sent to Plaintiffs by trustee Cal-Western Reconveyance Corp. dated September 19, 2006.  (ECF No. 1, Ex. 1, Ex. B.)  Exhibit C is a Notice of Rescission from Cal-Western Conveyance Corp. dated October 27, 2006, in which it withdraws the previous Notice of Default.  (ECF No. 1, Ex. 1, Ex. C.)  Exhibit D is a Delinquency Notice sent to Plaintiffs by Defendant Ocwen, which stated that as of May 20, 2014, Plaintiffs were 1678 days delinquent on their loan and that they owed $67,013.46 in order to bring their loan current.  (ECF No. 1, Ex. 1, Ex. D.)  Exhibit E is a Notice of Trustee's Sale sent to Plaintiffs by Western Progressive, informing Plaintiffs that they were in default and that the property would be sold on December 1, 2014; that Notice is dated October 29, 2014 and lists the estimated amount of "unpaid balance and other charges" as $163,453.17.  (ECF No. 1, Ex. 1, Ex. E.)  Plaintiffs do not allege adequate facts or identify other evidence to support the contention that the amounts owing as stated in these documents are the result of Defendants' tortious conduct.

The Court notes that in Plaintiff Glenda Shelby's Declaration in Support of Motion for Preliminary Injunction, she alleges "that the Note may be paid in full … I have been paying on the Note for 23 years, and Defendants allege I owe $163,453.17, which is more than the original amount of $154,000.00."  (ECF No. 29 ¶ 5.)  She further alleges: "At one point, in or about 2005, Defendants terminated the impound account on our mortgage, however, continued to deduct payments for the impound account but never paid property taxes on the subject property and kept secreted [sic] the funds.  This kept our account in perpetual default, and should not have been."  (ECF No. 29 ¶ 6.)  Without more, including more contextual facts, the Court is not able to understand how these allegations constitute either a plausible claim of injury or otherwise states a ground for relief.  As a threshold matter, Plaintiffs nowhere explain what they believe their monthly payments were under the original loan agreement or subsequent agreements, and what

8

1 portion of the loan they believe they have paid under these agreements. Further, Plaintiffs do not
2 clearly state what they believe they owe so that they can pay their obligations in full as they state
3 they can, versus what Defendants state is owed. Each of these unknown facts are highly relevant
4 and would provide support for Plaintiff's allegations.

5 On the other hand, Defendants contend that Plaintiffs cannot move to quiet title because
6 they have not tendered the amount owed. Tender is not necessarily required if the borrower
7 attacks the validity of the underlying debt, as appears to be the case here. *Farah v. Wells Fargo*
8 *Home Mortgage*, No. 5:13-CV-01127-PSG, 2014 WL 261562, at *3 (N.D. Cal. Jan. 23, 2014);
9 *see also In re Cedano*, 470 B.R. 522, 529 (B.A.P. 9th Cir. 2012). In sum, since Plaintiff's claim
10 lacks supporting facts, the first claim is DISMISSED.

11                 2. <u>Breach of Contract</u>

12 Plaintiffs allege breach of contract by Defendants Ocwen Loan Servicing, LLC and Great
13 Western Bank. (ECF No. 1, Ex. 1 at ¶¶ 38–47.) A party bringing a claim for breach of contract
14 must show "(1) [existence of] the contract, (2) plaintiff's performance or excuse for
15 nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Careau &*
16 *Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990).

17 Plaintiffs base this cause of action on Defendants' alleged breach of the 1991 loan
18 agreement. (ECF No. 1, Ex. 1 at ¶¶ 38–47.) Though the existence of a loan agreement is
19 undisputed, Plaintiffs have failed to identify specific terms within the relevant agreements which
20 would assist the Court in finding a plausible claim for breach. For example, as noted, *supra*, the
21 Complaint does not state what Plaintiffs' monthly payments were under the original loan
22 agreement and subsequent agreements, and what portion of the loan they have paid under these
23 agreements; nor does it give an estimate of the difference between what they believe they owe
24 versus what Defendants state is owed. Plaintiffs also plead conclusory allegations of tortious
25 conduct on the part of Defendants which do not support a viable breach of contract claim. (*See*
26 ECF No. 1, Ex. 1 ¶ 45, containing said allegations of tortious conduct). Therefore, the second
27 claim is DISMISSED.
28 / / /

### 3. Wrongful Foreclosure

Plaintiffs make a claim of wrongful foreclosure against all Defendants.  (ECF No. 1, Ex. 1 at ¶¶ 48–54.)  "California law requires that, in order to bring a valid claim for tortious wrongful foreclosure, the plaintiff must allege that (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *In re Mortgage Elec. Registration Sys., Inc.*, 754 F.3d 772, 784 (9th Cir. 2014) (emphasis omitted) (*quoting Lona v. Citibank, N.A.*, 202 Cal.App.4th 89, 134 Cal.Rptr.3d 622, 633 (2011)).  In support of the instant claim, Plaintiffs allege that Defendants fraudulently handled Plaintiffs' payments, as well as alleged violations of the California Homeowner's Bill of Rights ("HBOR").  However, Plaintiffs fail to allege enough facts to support the Court's finding of an "illegal, fraudulent, or willfully oppressive sale," the first element of a wrongful foreclosure claim.  As previously stated in relation to other claims herein, Plaintiffs' allegations are conclusory and without factual support.

Defendants argue that regardless of its merits, Plaintiffs' wrongful foreclosure claim is premature because such a claim cannot be made before the foreclosure sale occurs.  (ECF No. 4 at 15–16.)  "[A] purported wrongful foreclosure claim is premature [when] there has been no foreclosure of the property." *Vega v. JPMorgan Chase Bank, N.A.*, 654 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009); *see also Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 961 (N.D. Cal. 2010) (quoting *Munger v. Moore,* 11 Cal. App. 3d 1, 7 (1970) (The "rule is that a trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust.")  Since, neither side disputes that a foreclosure sale has not occurred, the instant cause of action is dismissed on the additional grounds that Plaintiff's foreclosure claim is premature.

Plaintiffs argue that there are many provisions within the California mortgage code

providing for a remedy even though a foreclosure sale has not taken place.  Specific to this cause of action, the Complaint identifies Cal. Civ. Code §§ 2923.55 ("Notice of default; recording; sending of written information to borrower by mortgage servicer") and 2923.6 ("Legislative findings and declarations; pooling and servicing agreements; loan modification or workout plan; first lien loan modification applications"), but the Complaint does not make any specific allegations pursuant to these sections.  As such, the third claim is DISMISSED.

### 4. Fraud and Deceit

In summary, Plaintiffs allege that all Defendants entered into various loan agreements with "the intent to assess Plaintiff with excess and fraudulent amounts of money owed to cure the alleged default with the intent that Plaintiff would be unable to pay these amounts," thus intentionally bringing about foreclosure.  (*See* ECF No. 1, Ex. 1 at ¶¶ 55–69.)

Per Federal Rule of Civil Procedure 9(b), parties "must state with particularity the circumstances constituting fraud or mistake."  Claims of fraud "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).  Upon review of the allegations made in support of the instant claim (Complaint, ¶¶ 55–69), Plaintiffs make solely conclusory claims about the alleged fraud.  For example, Plaintiffs allege that Defendants engaged in "the practice of concealing money of Plaintiff's mortgage payments, falsely allege non-timely payments or non-receipt of payments, filed fraudulent court documents, engaged in fundamental breach of both the mortgage contract and forbearance agreements, placed payments in unauthorized accounts while concurrently alleging arrearages, recorded defaults and executed foreclosures followed by unwarranted demand for fees and costs, repeated collections through false and misleading documents, payment reconciliations where conflicts can be found within each major accounting differences, and has at all relevant times herein fail[ed] to provide a credible accounting ledger, all with the intent to wrongfully foreclose on the Property."  (ECF No. 1, Ex. 1 at ¶ 60.)  Plaintiffs direct most of the allegations for this cause of action at all Defendants collectively, rather than specifying which acts of fraud each Defendant committed.  Accordingly, the fourth claim is DISMISSED.

11

5. <u>Violation of Business and Professions Code § 17200</u>

Plaintiffs claim that Defendants are guilty of a violation of Cal. Bus. & Prof. Code § 17200, i.e. California Unfair Competition Law ("UCL"). (ECF No. 1, Ex. 1 at ¶¶ 70–82.) Section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising[.]" Cal. Bus. & Prof. Code § 17200. Plaintiffs' claim relies on essentially the same allegations of tortious conduct as their previous causes of action, which include: "(a) Assessing improper or excessive late fees; (b) Improperly characterizing property owner's accounts as being in default or delinquent status to generate unwarranted fees; (c) Instituting improper or premature foreclosure proceedings to generate unwarranted fees; (d) Misapplying or failing to apply property owner's payments; (e) Seeking to collect, and collecting, various improper fees, costs and charges, that are either not legally due under Promissory Notes, mortgage contracts or California law, or that are in excess of amounts legally due; (f) Mishandling payments and failing to timely or properly credit payments received, resulting in late charges, delinquencies or default; (h) Treating property owners as in default on their loans even though the borrowers have tendered timely and sufficient payments or have otherwise complied with requirements or California law; (i) Failing to properly disclose the fees, costs and charges allowable under the mortgage contract; (j) Ignoring grace periods; and (k) Executing and recording a false and misleading Notice of Defaults and Notices of Trustee's Sales in violation of the California Civil Code Homeowner's Bill of Rights, §2923.55, §2923.6, §2924.9, §2924.10, §2024.11, §2924.17, related to the Property." (ECF No. 1, Ex. 1 at ¶ 75.)

These types of allegations, which are representative of the full set of allegations contained in the Complaint, do not form an adequate claim for unlawful, unfair, fraudulent activity. Plaintiffs are correct that the scope of § 17200 is "intentionally broad" in that the statute "prohibits wrongful business conduct in whatever context such activity might occur." *In re First Alliance Mortgage Co.*, 471 F.3d 977, 995 (9th Cir. 2006). However, "a plaintiff alleging unfair business practices under these statutes [i.e. section 17200] must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993). In the instant case, Plaintiff's allegations of unlawful, unfair,

or fraudulent acts under section 17200 are conclusory, and this claim is DISMISSED.

### 6. Constructive Trust

Plaintiffs sixth cause of action is a claim for constructive trust. (ECF No. 1, Ex. 1 at ¶ 83–84.) However, a constructive trust "is not an independent cause of action but merely a type of remedy for some categories of underlying wrong." *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (2000) (quoting 5 Witkin, Cal. Procedure (4th ed. 1997)). Accordingly, the sixth claim is DISMISSED.

### 7. Conspiracy to Commit Fraud and Deceit

Plaintiffs allege a conspiracy to commit the fraud and deceit outlined in their fourth cause of action. (ECF No. 1, Ex. 1 at ¶¶ 85–90.) Since the Court holds that Plaintiffs have not stated a plausible claim for fraud and deceit, their claim for conspiracy likewise cannot stand. "Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994). "A civil conspiracy, however atrocious, does not per se give rise to a cause of action unless a civil wrong has been committed resulting in damage." *Id.* (citing *Doctors' Co. v. Superior Court*, 49 Cal. 3d 39, 44 (1989)). Thus, the seventh claim is DISMISSED.

### 8. Intentional Infliction of Emotional Distress

"An IIED plaintiff must show, among other things, '[e]xtreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress[.]' " *Anderson v. AMR*, 348 F. App'x 322, 324 (9th Cir. 2009) (quoting *KOVR-TV, Inc. v. Superior Court*, 37 Cal. Rptr. 2d 431, 433 (1995)). To be considered outrageous, a defendant's conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010) (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1001 (1993)). Plaintiffs' conclusory allegations regarding Defendants' conduct, involving the loan agreements and Defendants' attempts to foreclose on the property, do not meet the aforementioned standard. Accordingly, the eighth claim is DISMISSED.

///

### 9. Negligent Failure to Train and Supervise

Plaintiffs allege Defendants negligently failed to train and supervise their employees. (ECF No. 1, Ex. 1 at ¶ 98–107.) Specifically, they claim that Defendants failed to "ensure that their employees perform their duties to their customers in a legal and ethical manner." (ECF No. 1, Ex. 1 at ¶ 101.) However, as discussed throughout this Order, Plaintiffs provide only vague allegations about the alleged conduct of Defendants, and do not identify any specific wrongs by employees.

Plaintiffs cite *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 872 (2012), providing that a plaintiff is not necessarily required to identify the employees who committed the actionable conduct in order to state a claim involving negligent supervision. Nevertheless, Plaintiffs are still required to allege facts sufficient to state a plausible cause of action, which they have failed to do. Therefore, the ninth claim is DISMISSED.

### 10. Violation of Homeowner's Bill of Rights

Plaintiffs allege violations of numerous sections of the California HBOR, including Cal. Civ. Code §§ 2923.55, 2923.4, 2924.9, 2924.10, 2924.11,[5] 2924.17, 2924.12(b), and 2924.19(b). (ECF No. 1, Ex. 1 at ¶¶ 108–121.) Plaintiffs allege violations based essentially on the same conduct alleged in the previous nine claims. However, Plaintiffs merely list the California statutes of which they claim Defendants are in violation, without specifically describing how they violated these statutes. (ECF No. 1, Ex. 1 at ¶ 116–117.) Therefore, there are insufficient facts pled leading to a plausible claim for a violation of the HBOR.

The Court also notes that as to several of the above cited sections of the HBOR[6] which Defendants allegedly violate, § 2924.15(a) dictates that these sections apply only to "mortgages and deeds of trust that are secured by owner-occupied residential property," meaning that the property must be "the principal residence of the borrower". Cal. Civ. Code § 2924.15(a). As Defendants point out, Plaintiffs in their Complaint list Stanislaus County as the county in which

---

[5] Plaintiffs list § 2024.11 in the Complaint; the Court presumes Plaintiffs intend to make a claim under § 2924.11.

[6] Including §§ 2923.55, 2923.6, 2924.9, 2924.10, and 2924.11.

1  they reside.  (ECF No. 1, Ex. 1 at ¶ 1–2.)  However, the property at issue in this case is located in
2  San Joaquin County.  (ECF No. 1, Ex. 1 at ¶ 9.)  Defendants also identify the fact that in
3  bankruptcy petitions involving the property, Plaintiffs listed the property as a rental property and
4  listed a home address that was not the property's address.  (Def. Opp.'n to Pl. M. for Prelim.
5  Injunc., ECF No. 31 at 13–15.)  In their opposition, Plaintiffs reiterate that the property in
6  question is their primary residence, but do not otherwise explain this discrepancy.  (ECF No. 20 at
7  10.)
8        In any event, based on the foregoing reasons, this claim is DISMISSED.
9        11.  Aiding and Abetting
10  Plaintiffs allege that Defendants aided and abetted one another in the commission of the
11  tortious acts previously described.  (ECF No. 1, Ex. 1 at ¶ 122-127.)  However, while aiding and
12  abetting is a recognizable cause of action under California law, such a claim "is dependent upon
13  the commission of an underlying tort."  *Harrison v. Downey Sav. & Loan Ass'n, F.A.*, No. 09-CV-
14  1391 H (BLM), 2009 WL 2524526, at *4 (S.D. Cal. Aug. 14, 2009) (quoting *Richard B. LeVine,*
15  *Inc. v. Higashi*, 131 Cal. App. 4th 566 (2005)).  Plaintiffs have not adequately alleged an
16  underlying tort and, as a result, their eleventh claim is DISMISSED.
17      **V.**    **CONCLUSION**
18  Plaintiffs' claims 1 through 5, and 7 through 11, are DISMISSED WITH LEAVE TO
19  AMEND.  To the extent Plaintiffs' claims are stated against Defendant Western Progressive, LLC
20  as trustee, these claims are also DISMISSED WITH LEAVE TO AMEND.  Plaintiffs' claim 6,
21  "Constructive Trust", is DISMISSED WITH PREJUDICE.
22  Plaintiffs shall file and serve an Amended Complaint within 14 days of entry of this order.
23  Defendants shall file a responsive pleading within 21 days of service of the Amended Complaint.
24  The Court has reviewed Plaintiffs' Motion for a Preliminary Injunction (ECF Nos. 22 &
25  23) and supporting Declarations (ECF Nos. 29 & 30), and Defendants' Opposition (ECF No. 31).
26  In consideration of the four-factor test under *Winter v. Natural Res. Def Council, Inc.*, 555 U.S. 7,
27  9 (2008), and noting in particular that Plaintiffs have not identified adequate facts to support a
28  finding that they are likely to succeed on the merits of their claims, the Court DENIES the Motion

for a Preliminary Injunction.[7]

The Court has reviewed Defendants' Motion for Sanctions under Fed. R. Civ. P. 11. (ECF No. 35.)  The motion is DENIED without prejudice.  Going forward, Defendants may renew their motion for sanctions should Plaintiffs litigate in a manner that is "frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994).

IT IS SO ORDERED.

Dated:  August 21, 2015

Troy L. Nunley
United States District Judge

---

[7] The only argument made in Plaintiffs' Memorandum in support of their Motion for Preliminary Injunction (ECF No. 23) is that Defendants have violated Cal. Civ. Code § 2923.55.  The Declarations in support (ECF Nos. 29 & 30) list several provisions of § 2923.55 and state Defendants have not complied with said provisions, such as the requirement that Defendants contact Plaintiffs prior to filing a notice of default, or that Defendants provide Plaintiffs with a toll-free telephone number made available by the Department of Housing and Urban Development.  Defendants state they have complied with § 2923.55.  Further, within the voluminous filings, the Court does not locate an allegation that Plaintiffs submitted a loan modification application, and Defendants assert that Plaintiffs have not submitted any application within the relevant time frame, i.e. 2013–14.  (ECF No. 31 at 20–21.)  On balance, Plaintiffs' claims as stated in their Complaint and their Memorandum in Support of Motion for Preliminary Injunction do not show a likelihood of success on the merits.